IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>   For himself and<br>   All others similarly situated<br><br>   **Plaintiffs**<br><br>          v.<br><br>**DAVID M. WALKER,**<br>   Comptroller General of the<br>   United States Government<br>   Accountability Office (GAO)<br>   and<br><br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>     **(PAB)**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.  1:06 CV 01712  (JGP) |

**MOTION TO CONSOLIDATE THIS CASE PURSUANT TO RULE 42(a)
FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff herein, joined by all plaintiffs in related cases by similar accompanying motions, requests, for himself and all others similarly situated that this case be consolidated into the three other related cases now before this court[1] pursuant to Federal Rule of Civil Procedure 42(a). Consolidation is in the interests of judicial economy, and justice. Plaintiff asserts that the facts, causes of action and the determinative issues in all of the related cases before this court are essentially the same. The only real difference is the time sequence of each occurrence of alleged discrimination. The central issues are as follows:

---

[1] These cases are: Venkareddy Chennareddy et al v. Walker, 87 CV-3538; Venkareddy Chennareddy v. Walker, 01 CV-0517; and Davis et al v. Walker, 06 CV 01002.

1

I. Whether the GAO has a policy of discrimination using age as an adverse determinative factor in lowered ratings of its older protected professional employees?

II. Whether that discriminatory policy is reflected in performance ratings based upon illusory, or false or irrelevant factors designed to carry out its intentional policy of age discrimination against its older professional employees?

III. Whether the administrative complaint process for GAO employees is meaningless and defective?

It is unquestioned that all indicia of earnings, advancements, status and retention at GAO is based upon the purported merit ratings system in place. That same ratings system, slightly modified, has been in place for the entire term of the employment of this plaintiff, and all plaintiffs in the related cases. Therefore, the same class of parties, the same factual issues, and the same legal issues are present in each of the four cases that seek to be consolidated.

As previously noted, the other three cases into which this action should be consolidated are **87 CV-3538 (JGP)**, **01 CV-0517 (JGP)** and **06 CV 01002 (JGP)**. Each of those cases complains about the same policy and the implementing discriminatory practices. Those suits are further described in plaintiff's statement of points and authorities in support of this motion.

**This Complaint Stands Alone**:

The complaint in this case was initially filed to preserve the plaintiff's and all similarly situated federal employees (about 340 persons) rights which were allegedly violated by discriminatory ratings and demotions during the fall of 2005. That claimed improper reduction in pay was first effective in the paychecks issued on or about February 16, 2006. Those paychecks, and all that followed, have denied this plaintiff and each of the similarly situated persons their cost of living increases to which they were otherwise entitled. Each of these

similarly situated persons have also has been permanently delegated to an inferior position from which they cannot be promoted as part of defendant's (GAO's) policies.

**Reasons Supporting Consolidation:**

The factual issues of all four cases are the same, and subject to the same order of proof. It is in the interests of economy for the Court, for plaintiff and for the defendants to process this case in the most efficient manner. For this reason Plaintiff here, for himself and the other about 339 similarly situated (Band II A) demoted persons, who are all rated (or should be rated) as satisfactory request that this case be merged into a consolidated commencing with case number 87-3538 (JGP).

The filing of the instant case was necessary as a measure to preserve the inherent rights of this plaintiff, should the Court determine that the other three cases are unrelated to the discriminatory actions alleged herein. Nonetheless, plaintiff(s) maintain that the essence of the facts and issues in all four cases are sufficiently similar to be processed as one case.

For all of the foregoing reasons and circumstances, this matter should be consolidated with the three cases enumerated herein.

Plaintiff's points and authorities in support of this Motion, and draft order, follow.

                Respectfully submitted,

                Signed, *charltonw2428*

                Walter T. Charlton, Attorney for Plaintiffs
                D.C. Bar # 186940
                Walter T. Charlton & Associates
                1156 15th, Street N.W. LL 10
                Washington D.C., 20005-1704
                Phone 410 571 8764, Fax 410 897 0471
                charltonwt@comcast.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>    **Plaintiffs**<br><br>            v.<br><br>**DAVID M. WALKER,**<br>    Comptroller General of the<br>    United States Government<br>    Accountability Office (GAO)<br><br><br>    and<br><br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>        **(PAB)**<br><br>**Defendants.** | Case No.  1:06 CV 01712  (JGP) |

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE THIS CASE PURSUANT TO RULE 42(a) FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff, for himself and all others similarly situated, requests that this action be consolidated with ongoing case number 87-3538 for all purposes.

**Consolidation is Favored By the Law**

1.      This consolidation is authorized by Federal Rule of Civil Procedure 42(a)[2]

---

[2] **Federal Rule of Civil Procedure 42(a)**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

1

2.  **Consolidation is Favored and Particularly Appropriate Where Multiple Class Actions are Represented by the Same Counsel, Involve the Same Factual, and Same Legal Issues.**

Case law in this Court favors consolidation. The same counsel for the same stating the same legal issues represents three putative class actions. All that is different is the time of the discriminatory events which follow the same pattern.

As stated by the Honorable Judge Emmet G. Sullivan of this Court in ***Chang, et al., Plaintiffs v. United States, et al Defendants, Banham, et al., Plaintiffs, v Ramsey, et al., Jones, et al.*, Plaintiffs, v. District of Columbia, et al., Defendants. Abbate. Et al., Plaintiffs v. Ramsey, et al Defendants*** Civ. Action No. 02-2010 (EGS), Civ. Action No. 02-2283 (EGS), Civ. Action No. 02-2310 (EGS), Civ. Action No. 03-767), 217 F.R.D. 262, 265; 2003 U.S.Dist. Lexis 16645 (2003)(Granting consolidation and certifying a class of complainants):

> ....[HN2][**at page 265**] "The decision whether to consolidate cases under *Rule 42(a)* is within the broad discretion of the trial court." *Stewart v. O'Neill, 225 F. Supp. 2d 16, 20 (D.D.C. 2002)*. Generally speaking, when exercising their discretion with respect to consolidation of actions, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. *Id*. Consolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial, eliminating [**6] the need for more than one judge to familiarize themselves with the issues presented, and reducing excess costs to all parties and the government. *Id*. **Consolidation is particularly appropriate where, as here, "two cases each involve review of the same underlying decision.**" *See Biochem Pharma, Inc. v. Emory University, 148 F. Supp. 2d 11, 12 (D.D.C. 2001)*.[emphasis added].

3.  The instant action should be consolidated with the following suits all of whom are represented by the same plaintiffs' counsel. The issues, both factual and legal are the same. The only differences are the times of the continuing occurrences of instances of the same discriminatory policies and practices implementing those same policies covering a span of many years.

4.  The issues in all four cases are:

I. Whether the GAO has a policy of discrimination using age as an adverse determinative factor in lowered ratings of its older protected professional employees?

II. Whether that discriminatory policy is reflected in performance ratings based upon illusory, or false or irrelevant factors designed to carry out its intentional policy of age discrimination against its older professional employees?

III. Whether the administrative complaint process for GAO employees is meaningless and defective?

5. The cases requested to be consolidated are:

(1)  **Case No 87 CV-3538 (JGP)**, Dr. V. Chennareddy and 11 other named plaintiffs, for themselves and all others similarly situated v. David M. Walker (GAO).

Plaintiff herein is a member of the putative class in this case and applicant intervenor in a pending motion for reconsideration and to amend the complaint to add the PAB as a necessary party.

(2)  **Case No 01 CV-0517 (JGP)**.  Dr. V. Chennareddy v. David M. Walker (GAO).

Dr. Chennareddy had two other administrative complaints which were not processed in a timely fashion.  One finally was completed after many years.  These lapses demonstrate GAO's defective administrative process and regulations.

(3).  **Case No 06 CV 01002 (JGP)**.  A. Davis, J. Moses and J. Gilbert, for themselves and all others similarly situated, v. David M. Walker (GAO and the PAB).  Davis, Moses and Gilbert also allege unprocessed administrative claims constituting part of the overall pattern and practice of age discrimination.

(4).  **Case No 06 CV 01712 (JGP)**,  The instant case.  James D. Moses for himself and all others similarly situated v. David M. Walker.  Here, a new and separate case was

3

filed to challenge yet another action by GAO discriminating against older employees. It is alleged that about 340 employees were demoted and denied cost of living increases approved by congress. The de-facto result was that this class of employees were barred from further advancement.

6. The Discrimination Alleged, and Relief Requested:

The issues involving bias in ratings and attributes of employment flowing from allegedly false and illusory ratings for each member of the class, legal issues and defendants are, or should be, the same for all cases. The only fact that is different as between all four cases is the date of each of the alleged continuing discriminatory processes and the label GAO placed upon each of such processes. The discriminatory policy and the effect of that policy on employee ratings and all other indicia of wrongdoing has been uniform throughout the nearly 20 year term of these related cases.

7. Those facts as to ratings, promotions, age, race, sex and all other relevant attributes of each employees profile are contained in GAO's own comprehensive employee profile data base (Bob Mowbray's data base) and thus, subject to discovery and presentation as trial evidence. This is a major undertaking, even though there is evidence that the data is readily available (Testimony of William (Bob) Mowbray).

8. In all four cases, GAO has discriminated against it older complainants/putative class representatives, all over 40, and most now over 50. A ratings process which is the foundation for all bonuses, promotions and retention for the entire period of time here involved, was uniformly discriminatory. The defective process was and is based upon illusory and non-relevant criteria which are entirely subjective in nature. GAO's well hidden but determinative motive, consistent throughout the 20 year discriminatory period of time, is the age factor of plaintiffs.

4

That policy is subject to challenge under applicable ADEA law[3].

9. For each of the demotions and COLA denials about which this particular case complains, the essential facts are the same. The GAO performance ratings herein for plaintiff Moses and the class he seeks to represent caused his demotion in status and rank, and his and their denial of a Congressionally mandated cost of living increase. (Or to about 340 other persons over the age of 40).

10. This discriminatory adverse action is a continuation of GAO policy of discrimination (beginning in 1985) against older and more experienced employees.

11. The Fourth Amended Complaint, Version III, as filed in case number 87-3538, which has been requested to be substituted for the "live" complaint in all four cases by contemporaneous motion by the parties plaintiff in all four cases, is hereby adopted as the complaint in this case in the event that this motion for consolidation is granted.

## CONCLUSION

Accordingly, this Motion should be granted in all respects.

A draft Order accomplishing this objective is Attached.

Respectfully submitted,

---

[3] See the recent landmark case of *Equal Employment Opportunity Commission, Plaintiff(s), vs. Allstate Insurance Company, Defendants(s)*, Case No. 4:04CV01359 ERW, USDC, ED Missouri, 2006 U.S. Dist. LEXIS 76096, *October 19, 2006*, citing Supreme Court rulings, and holding that a Plaintiff must articulate specific policies causing an adverse impact measured for the plaintiffs and the class. This is the first large age case wherein an adverse impact theory was approved by a court (to the knowledge of undersigned counsel).
  Here, Moses and each other plaintiff in their respective case, has articulated specific policies and practices which violate ADEA and/or Title VII and cause the adverse impact measured. GAO has yet to articulate any legitimate reason for the discrepancies in ratings and promotions observed. GAO also has failed (in every related case) to articulate reasons why the discriminatory conduct is "reasonable" or has a legitimate business or other valid non-discriminatory reason for degrading older employees as distinguished from the younger employees. In other words GAO has failed to articulate a "meritorious defense" to these charges as required by federal case law

Signed, ***charltonw2428***

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
1156 15th, Street N.W. LL 10
Washington D.C., 20005-1704
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net
Counsel for Plaintiffs and the Putative Class

6

## CERTIFICATE OF SERVICE

 I hereby certify that I mailed, first class postage prepaid, a copy of the accompanying

Motion to consolidate this case to:

Andrea McBarnette, AUSA
555 Fourth Street, N.W
Washington, D.C.
20530

on this 24th day of November 2006

<u>Charltonw 2428</u>

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**   For himself and   All others similarly situated   **Plaintiffs**   v.   **DAVID M. WALKER,**   Comptroller General of the   United States Government   Accountability Office (GAO)   and   **Michael Doheny, Chair**   The Personnel Appeals Board of the GAO,   (PAB)   **Defendants.** | Case No.  1:06 CV 01712  (JGP) |

### ORDER

Upon consideration of plaintiff James D. Moses's Motion to Consolidate this case with the other cases now before this Court against the Defendant's herein, and it appearing that the issues, facts and the parties are substantially the same in all cases, and it further appearing that the interests of simplicity and judicial economy predominate over arguments to the contrary, and it further appearing that a consolidation will avoid inconsistent findings, will be in the interests of justice and will provide for a single, coherent consistent judgment, and if further appearing that no prejudice to any party will result from this consolidation, now therefore the Motion to Consolidate is GRANTED.

1

2

Cases numbered 87 CV-3538; 01 CV-0517; 06 CV 01002 and this case, 1:06 CV 01712 are hereby Consolidated and henceforth shall be considered as one case under the Caption, **Venkareddy Chennareddy, et al v. Walker** for all purposes.

Messrs. Davis, Moses and Gilbert shall be added as named party plaintiffs and putative class representatives to the full form caption of case number 87-3538. The effect of their representations as additional putative class representatives shall accrue and attach to their status in that case as of the date they first moved to intervene as a class representative.

_____
John Garrett Penn, Judge
United States District Court