```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
JAMES D. MOSES,                     )
                                    )
            Plaintiff,              )
              v.                    )     Case No: 06-01712 (JGP)
                                    )
DAVID M. WALKER,                    )
Comptroller General of the          )
U.S. Government Accountability      )
Office, et al.                      )
                                    )
            Defendants.             )
_____)

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE
PURSUANT TO RULE 42(a) FEDERAL RULES OF CIVIL PROCEDURE

PRELIMINARY STATEMENT

Plaintiffs have filed a motion entitled "Motion to Consolidate this Case Pursuant to Rule 42(a) Federal Rules of Civil Procedure" ("Motion to Consolidate"), in which they seek to consolidate this case ("Moses") with three other actions: Arthur L. Davis et al. v. Walker, Civil No. 06-01002 (D.D.C.) ("Davis"); Chennareddy v. Walker, Civil No. 87-3538 (D.D.C.) ("Chennareddy 1987"); and Chennareddy v. Walker, Civil No. 01-0517 (D.D.C.) ("Chennareddy 2001"). In their Motion to Consolidate, Plaintiffs have provided little justification in support of consolidating the three more recent actions with Chennareddy 1987 -- a case that has been pending before this Court for approximately 20

years and is at a very different procedural posture from the other cases. Indeed, Plaintiffs simply assert that the actions they seek to consolidate all involve employees of the U.S. Government Accountability Office ("GAO") who are alleging claims of discrimination under some of the same civil rights statutes. As discussed in detail below, the four actions at issue are factually and procedurally distinct from one another, and thus the Court should deny Plaintiffs' motion.[1]

## BACKGROUND FACTS

A.   **The Chennareddy 1987 Action.**

The Chennareddy 1987 action alleges discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. The current operative pleading in the Chennareddy 1987 action is the Second Amended Complaint, which was filed on August 20, 1992. [Docket #92]. According to the Second Amended Complaint, Plaintiffs are seeking to represent a class of employees who worked at GAO from September 15, 1983, "to date." Thus, the Plaintiffs in the Chennareddy 1987 action are attempting to advance claims of age discrimination that purportedly occurred between 1987 and 1992.

---

[1] The Defendants intend to file oppositions to the motion to consolidate in all of the four cases that Plaintiff seeks to consolidate. These oppositions are substantially identical.

Plaintiffs in the Chennareddy 1987 action have engaged in voluminous discovery with respect to class certification. They moved for class certification pursuant to Fed. R. Civ. P. 23, and this Court denied their motion on March 20, 1995, on the grounds that Plaintiffs had failed to satisfy the commonality and typicality requirements of Rule 23 because they had failed to show that the alleged "discrimination manifested itself in a particular employment practice leveled against all members of the proposed class." Mem. Op. at 4 (emphasis in original). Plaintiffs moved for reconsideration of the Court's Order, and that motion was denied by Order dated March 31, 1999.

Since then, the Chennareddy 1987 plaintiffs have periodically filed new motions seeking, inter alia, for leave to file amended complaints adding the GAO Personnel Appeals Board ("PAB") as a party, to reopen discovery on class certification, and to certify a class. Plaintiffs have not prevailed on any of these motions.

Arthur L. Davis, Jimmie Gilbert, and James D. Moses -- Plaintiffs in the Davis and Moses cases -- have attempted to intervene in the Chennareddy 1987 action on several occasions. This Court has not granted any of these requests for intervention.

    **B.    The <u>Chennareddy 2001</u> Action.**

Plaintiff Venkareddy Chennareddy commenced an individual action in 2001 against David M. Walker, the Comptroller General and head of the GAO, under the ADEA and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (2000).  The <u>Chennareddy 2001</u> action alleges age, race, gender, and/or national origin discrimination in numerous promotion decisions arising from seventeen promotion announcements dating from 1982 to 2002.

On August 29, 2003, Defendant in that case filed a Partial Motion to Dismiss or, in the Alternative, for Partial Summary Judgment.  [Docket #59].  In that motion, Defendant argued that certain of Plaintiff's claims are untimely, and that many other of plaintiff's claims are barred by laches, <u>res judicata</u>, or failure to exhaust administrative remedies.  Defendant's motion has been fully briefed but has not yet been ruled upon by this Court.  If that motion is granted, most of the <u>Chennareddy 2001</u> action will be disposed of and there will be only a few limited issues left in the case.

    **C.    The <u>Davis</u> Action.**

After unsuccessfully attempting to intervene in the <u>Chennareddy 1987</u> action, Plaintiffs Davis, Gilbert, and Moses filed their own putative class action on May 31, 2006.  The <u>Davis</u>

Plaintiffs allege that GAO discriminated against them on the basis of age with regard to performance appraisals, advancements, pay, and terminations, and that these actions constitute continuing violations.  Plaintiffs allege that Plaintiffs Davis and Gilbert were constructively discharged and that GAO's Band II restructuring, which took place in late 2005 and 2006, was discriminatory.  Plaintiffs further claim that GAO's oversight body, the PAB, has failed to investigate or correct allegations of age discrimination.

Defendants filed a Motion to Dismiss the Davis action because:  (1) Plaintiffs' claims are untimely; (2) Plaintiffs failed to exhaust administrative remedies; and (3) Plaintiffs' allegations against the PAB fail to state a claim.  Defendants' motion has been fully briefed but has not yet been ruled upon by this Court.  If that motion is granted, the Davis action will be dismissed in its entirety and with prejudice.

**D.   The Moses Action.**

On October 4, 2006, Plaintiff Moses filed an additional putative class action against Defendants David M. Walker and against Michael Doheny, Chair of the PAB.  According to the Complaint (Moses Docket #1), the Moses action "is somewhat duplicative" of the Davis action and was filed because "exhaustion of the administrative process" occurred since the

filing of the Davis case.  Moses Docket #1, p. 7.  Plaintiff Moses commenced the action under the ADEA, the Constitution, and other federal laws and regulations, alleging age discrimination in connection with GAO's Band II restructuring, which took place in late 2005 and 2006.  Plaintiff Moses also alleges that the PAB has failed to perform its statutory oversight function of the GAO.

Defendants filed a Motion to Dismiss the Moses action for reasons similar to those advanced with respect to the Davis action.  Specifically, Defendants argued for dismissal because: (1) Plaintiff's claims are untimely; (2) Plaintiff failed to exhaust administrative remedies; and (3) Plaintiff's allegations against the PAB fail to state a claim.  Defendants' motion has not yet been ruled upon by this Court.  However, if Defendants' motion is granted, the Moses action will be dismissed in its entirety and with prejudice.

## ARGUMENT

Pursuant to Rule 42, a district court may consolidate cases that involve "a common question of law or fact."  Fed. R. Civ. P. 42(a).  The decision whether to consolidate cases under Rule 42 is within the broad discretion of the trial court.  See, e.g., Biochem Pharma, Inc. v. Emory Univ., 148 F. Supp.2d 11, 13 (D.D.C. 2001).  When determining whether to exercise such

discretion, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. See Am. Postal Workers Union v. U.S. Postal Serv., 422 F. Supp.2s 240, 245 (D.D.C. 2006). Here, Plaintiffs have failed to establish that consolidating the Chennareddy 1987 action with three other cases -- all of which are at very different phases in litigation -- is appropriate.

**I.   Plaintiffs' Consolidation Request Is Premature Given The Pending Dispositive Motions In The Chennareddy 2001 Action, The Davis Action, And The Moses Action.**

As described above, the Defendant(s) in the Chennareddy 2001 action, the Davis action, and the Moses action have all filed dispositive motions seeking a dismissal with prejudice of all (or, in the case of the Chennareddy 2001 action, substantially all) of the respective Plaintiffs' claims. These motions have not yet been ruled upon by this Court, but if they are successful, then the issues to be litigated in these three actions will be eliminated entirely or substantially limited. Moreover, in the Chennareddy 1987 action, there is a pending motion to amend the Plaintiffs' complaint which, if granted, would result in the addition of new claims. Defendant has opposed that motion, but until it is ruled upon the parties will not know what claims are at issue in this case.

Given the foregoing procedural posture of these four cases,

it is premature to seek consolidation of these cases. Accordingly, the Court should deny the request for consolidation until it is known which claims, if any, will be litigated.

**II.  Consolidation Will Only Cause Confusion, Inefficiency, And Further Delay Of The <u>Chennareddy 1987</u> Action.**

Even if Plaintiffs' request for consolidation were not premature, the Court should still deny the motion.  The tortured history of the <u>Chennareddy 1987</u> action is well-known to this Court.  In the almost 20-year period that this case has been pending, Plaintiffs have failed to prosecute the case past the opening pleading stage.  Indeed, the "live" complaint in this matter was filed in 1992 (Docket # 92).  Since that time, Plaintiffs have engaged in voluminous discovery with respect to class certification issues and have repeatedly failed in their attempts to certify a class.  Rather than moving forward with the prosecution of the merits of their claims, Plaintiffs have filed a series of repetitive and unsuccessful motions and have utterly failed to advance their claims from where they were almost fourteen years ago when they filed the "live" complaint.

For example, Plaintiffs have repeatedly sought leave to amend their complaint and, before allowing this Court to rule on such a request, they have filed new motions to amend or alter

their complaint. They have filed repetitive motions and recycled arguments with respect to intervention and regarding re-opening discovery on class certification issues, and the Court has yet to find merit to any of these motions. In short, it is impossible to imagine how the handling of the Chennareddy 1987 action will become more efficient if it is lumped together with three other distinct cases. Far from advancing judicial economy, such an action will only serve to cause confusion, inefficiency, and further delay.

For instance, as discussed above, each of the four cases Plaintiffs seek to consolidate are procedurally at very different stages. Discovery with respect to class certification issues in the Chennareddy 1987 action has been conducted and closed, and the Chennareddy 2001 action is an individual case that does not require class discovery. The Davis and Moses actions, on the other hand, are both putative class actions and no class discovery has occurred in either of them. Thus, if the Court does not dismiss the Davis and Moses actions, those actions will be focused on class-related discovery and class certification issues, whereas the Chennareddy 2001 and Chennareddy 1987 actions would need to move forward on their own distinct individual claims. Because the class issues in the Davis and Moses actions would need to be addressed prior to merits discovery, the

Chennareddy 2001 and 1987 actions would likely languish until all four cases were in the same procedural posture. There is no efficiency to be gained by consolidating cases in such procedurally different postures. See Stewart v. O'Neill, 225 F. Supp.2d 16, 21 (D.D.C. 2002) (denying motion to consolidate because "cases are in vastly different procedural postures.").

Moreover, the actions Plaintiffs seek to consolidate do not present common questions of law and fact, as required by Fed. R. Civ. P. 42(a). That the Chennareddy 1987 Plaintiffs' claims are dissimilar from those of Plaintiffs Moses, Gilbert, and Davis is a point that Defendant has previously made in connection with earlier unsuccessful attempts by those individuals to intervene in the Chennareddy 1987 action. Specifically, Defendant has argued that permissive intervention under Fed. R. Civ. P. 24 may not be granted because Messrs. Moses, Gilbert, and Davis have wholly failed to explain how their claims raise a common question of law or fact in common with Plaintiff Chennareddy, as is required by that rule. See Docket #346.

In the present consolidation motion, Plaintiffs have again made little effort to demonstrate that the four actions at issue here present common legal and factual issues, beyond the fact that they all involve general allegations of age discrimination against the same agency. Plaintiffs ignore the fact that the

decisions they are attempting to challenge as discriminatory were made by different GAO managers at different times.

For example, Plaintiff Moses, who is the only current GAO employee among all of the Plaintiffs in the four actions, is an employee in GAO's Los Angeles Field Office and is attempting to challenge agency decisions occurring as late as 2006. Moses Complaint, Docket # 1, at p. 14. Plaintiff Gilbert, on the other hand, was employed in GAO's Chicago Field Office before leaving in 1999. Davis Complaint, Docket # 1, at p. 7. Conversely, Plaintiffs Chennareddy and Davis were employed in GAO's headquarters office in Washington, D.C. until they retired in 2006 and 2004, respectively. The Chennareddy 1987 action covers decisions only from 1983 to 1992. The Chennareddy 2001 action challenges decisions only through 2002.

Furthermore, Plaintiffs Davis, Moses, and Gilbert have raised claims challenging GAO's restructuring of its Band II workforce into Band IIA and Band IIB, which Plaintiff Chennareddy lacks standing to challenge. Davis Complaint, Docket # 1, at p. 10; Moses Complaint, Docket # 1, at p. 15. As described in detail in Defendant's Opposition to Plaintiffs' Motion to Substitute Later Amended Complaint (Version III) for Complaint as Filed September 11, 2006 (Chennareddy 1987 Docket # 356) and summarized for the Court's convenience here, GAO began the

11

restructuring effort in November 2005, upon the issuance of GAO Order 2900.3, Band II Restructuring, November 4, 2005. Docket #356, at p. 8. Final placement decisions into Band IIB became effective on January 8, 2006. Id. While Plaintiff Chennareddy was employed by GAO in 2005 when the decision to restructure was announced,[2] he submitted his retirement papers on October 24, 2005, which was prior to the issuance of the restructuring Order and well in advance of the Band IIB placement decisions. Id. at pp. 8-9. Indeed, Dr. Chennareddy did not request to be considered for placement into Band IIB, and he ultimately retired on January 3, 2006, prior to the date Band IIB placement decisions became effective. Id. at p. 9. When he retired, Dr. Chennareddy did so as a Band II--not a Band IIA or a Band IIB--and thus was never affected by the restructuring process. Id. Because Dr. Chennareddy retired as a Band II prior to the effective date of the restructuring decisions, he is incapable of alleging that he suffered any injury as a result of the restructuring process.

    A mere claim of discrimination by employees of the same agency does not involve a common question of law or fact that

---

[2] The remaining Plaintiffs in Chennareddy 1987 -- Roger Carroll, A. Eugene Ramey, Sandra Thibault, Jagdish C. Narang, Hector Rojas, Henry Q. Jeong, William A. Mullen, James B. Dowd, Vincent De Santi, and James Cantwell – separated from GAO long before 2005, the year the decision to restructure was announced.

12

would warrant consolidation.  Otherwise, all discrimination suits for a particular agency would be consolidated before the same judge, regardless of their procedural posture or whether they involved common facts or issues of law.  This concept was rejected by the Supreme Court in Gen'l Tel. Co. v. Falcon, 457 U.S. 147 (1992) in the context of addressing the commonality requirement of Fed. R. Civ. P. 23.  The Supreme Court in Falcon stated that a finding of commonality among legal or factual issues requires that every member of the proposed class must have suffered from the same discriminatory employment practice.  Id. at 159 n.15 (1992).  Under Falcon, discriminatory intent alone is insufficient; rather, the commonality inquiry has to extend beyond discriminatory animus and instead focus on the use of a common employment practice to implement that discriminatory animus.  Id. at 159 n.15.  Plaintiffs have failed to establish such a common employment practice here, among the cases sought to be consolidated.  See Stewart, 225 F. Supp.2d at 21 (denying motion to consolidate because the allegations of discrimination differed among the plaintiffs in each case notwithstanding the fact that all three plaintiffs fell within the Department of the Treasury).  Under such circumstances, their Motion to Consolidate should be denied.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' motion for consolidation.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorney
U.S. Attorney=s Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Opposition to Consolidation was filed via the Court's electronic filing system on this January 18, 2007 and is expected to be served by the Court's electronic transmission facilities to:


Walter T. Charlton
Walter T. Charlton & Assoc.
1156 15th Street, N.W.
LL 10
Washington, D.C.  20005
(410) 571-8764 (phone)
(410) 897-0471 (Fax)

                                      /S/
                        ANDREA McBARNETTE, D.C. Bar  #483789
                        Assistant United States Attorney
                        Judiciary Center Building
                        555 Fourth Street, N.W.,
                        Washington, D.C. 20530
                        (202) 514-7153