IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**  )  <br>     For himself and  )  <br>     All others similarly situated  )  <br> )  <br> **Plaintiffs**  )  <br> )  <br>           v.  )  <br> )  <br> **DAVID M. WALKER,**  )  <br>     Comptroller General of the  )  <br>     United States Government  )  <br>     Accountability Office (GAO)  )  <br>     and  )  <br> )  <br> **Michael Doheny, Chair**  )  <br> **The Personnel Appeals Board of the GAO,**  )  <br>     **(PAB)**  )  <br> )  <br> **Defendants.**  )  <br> ) | Case No.  1:06 CV 01712  (JGP) |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Contrary to defendant's assertion in its Motion for Protective Order, a stay of discovery in the instant case is particularly inappropriate. Plaintiff has demonstrated in his memorandum in opposition to defendant's motion to dismiss that there are many factual disputes between the parties regarding the administrative process, alleged un-timeliness, and alleged failure to state a claim.

Defendant's own filings illustrate the veracity of the factual disputes because its allegations in its motion had to be supported by the attachment of two affidavits setting forth defendant's version of the chronology of events which led to this lawsuit, even though defendant is well aware that a Rule 12(b)(6) motion must be decided on the

pleadings alone[1].

The cases cited by the defendant in its attempt to persuade this court to stay discovery are cases where the moving party's challenge to *subject matter jurisdiction* was meritorious and the court found that the *plaintiff would not be prejudiced by the delay*.

For example, in *O'Brien v. Arco Corp*. 309 F. Supp. 703, 705 (S.D.N.Y. 1969) cited by defendant, the Court stayed discovery pending the determination of defendant's

---

[1] In *Reynolds v. Condon*, 908 F.Supp. 1494, 1502-3 (N.D. Iowa, 1995) the court stated:

A motion to dismiss may be made, *inter alia,* for "failure to state a claim upon which relief can be granted." *Fed.R.Civ.P.* 12(b)(6). A motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. *Fed.R.Civ.P.* 12(b).[3] Such motions "can serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interested parties." Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). The issue is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of the plaintiff's claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974; *United States v. Aceto Agricultural Chemical Corp*., 872 F. 2d 1373, 1376 (8th Cir. 1989).

In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations. *Conley v. Gibson*, 355 U.S. 41-46, 78 S. Ct. 99, 101-02, 2 Law Ed. 2d 80 (1957).

The court further concluded:

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S.Ct. at 101-02. Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).Thus, it is only in the "unusual case" where the complaint on its face reveals some insuperable bar to relief that a dismissal under Rule 12(b)(6) is warranted. *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982).

Section 1292 (b) interlocutory appeal certified by the district judge where subject matter jurisdiction was challenged (diversity obtained by fraud) and the court found that plaintiff would not be prejudiced by delaying discovery.

In this case, defendant's motion to dismiss must be summarily denied based upon the pleadings alone; and if the court, in its discretion elects to consider extraneous matters, converting the motion into one for summary judgment, plaintiff is entitled to discovery of matters relevant to ascertaining whether there are genuine issues of material facts. Although plaintiff believes that he has already made such a showing of disputes of material facts, the point is that there is no basis for denying discovery. As the Court stated in *Sanchez v. U.S. Airways, Inc.*, Civil Action No. 99-6586 (E.D. Pa. 7/13/2001) (E.D. Pa., 2001):

> In order to obtain summary judgment, Defendant must prove that, in considering the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, . . . there is no genuine issue as to any material fact and that the [Defendant] is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). Summary judgment should be granted, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (Underscoring added.) See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding this motion, I must draw all reasonable inferences in favor of the party against whom judgment is sought. See American Flint Glass Workers, AFL-CIO v. Beaumont Glass Company, 62 F.3d 574, 578 (3d Cir. 1995).

### Conclusion

On the present state of the pleadings, defendant's motion to dismiss cannot be granted unless the Court, based upon the complaint alone and liberally construing all facts alleged in plaintiff's favor, concludes beyond doubt that this is the "unusual" case where there are no set of facts Plaintiff can prove which would entitle him to relief. Any fair reading of the complaint compels denial of the motion as one to dismiss, hence the

motion for protective order must be denied. If the court decides to consider the motion as one for summary judgment, and decides to consider extraneous matters, then Plaintiff is entitled to discovery prior to the court ruling on summary judgment and the motion for protective order must be denied.

    Respectfully considered

    /s/ charltonw 2428

    Walter T. Charlton, D.C. Bar # 186940
    Counsel for the Plaintiffs and the Class
    They Seek to Represent
    230 Kirkley Road,
    Annapolis, Maryland 21401
    Telephone 410 571 8764
    Email, charltonwt@comcast.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses** ) | |
|     For himself and ) | |
|     All others similarly situated ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
|        v. ) | Case No. 1:06 CV 01712 (JGP) |
| ) | |
| **DAVID M. WALKER,** ) | |
|     Comptroller General of the ) | |
|     United States Government ) | |
|     Accountability Office (GAO) ) | |
|     and ) | |
| ) | |
| **Michael Doheny, Chair** ) | |
| **The Personnel Appeals Board of the GAO,** ) | |
|     (PAB) ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Upon consideration of Defendants' Motion for a Protective Order as to Discovery, and it appearing that whatever the Court decides as to the Motion to Dismiss, a protective order is not warranted, now therefore, the Motion for a Protective Order is denied.

                                                      _____
                                                      John G. Penn, United States District Judge

**Certificate of Service**

I hereby certify that I emailed, a copy of this Plaintiff's Opposition to Defendants' Motion to Dismiss on this 26th, day of January, 2007 to counsel for the Defendants who will also be served by automatic service through the ECF system.

Andrea McBarnette, AUSA
Judiciary Center Building
555 4th, Street, N.W.
Washington, D.C. 2001.

/S/ Charltonw 2428
_____
Walter T. Charlton