UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES D. MOSES,<br><br>        Plaintiff,<br>   v.<br><br>DAVID M. WALKER,<br>Comptroller General of the<br>U.S. Government Accountability Office,<br>et al.<br><br>        Defendants. | )<br>)<br>)<br>)   Case No: 06-01712 (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

    The Defendants, David M. Walker, Comptroller General of the United States, Government Accountability Office ("GAO") and GAO's Personnel Appeals Board ("PAB"), through counsel, submit this reply to Plaintiff's Opposition to Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. In his Opposition Plaintiff attempts to remedy the untimeliness of his 2006 Notice of Intent to Sue by incorrectly describing the Band II restructuring process. Plaintiff also argues that the denial of his Cost of Living Adjustment (COLA) was part of the Band II restructuring, and therefore the filing of a Notice of Intent to Sue or exhaustion of administrative remedies was not necessary. In addition, Plaintiff provides data from a purported expert which he mistakenly contends constitutes evidence of age discrimination in the Band II restructuring. Plaintiff's arguments are without merit and fail to remedy the deficiencies in his case.

**ARGUMENT**

I.  <u>Plaintiff's 2006 Notice of Intent to Sue Was Untimely</u>

Plaintiff states that Defendants have misled the Court through misrepresentations of the Band II restructuring process and that his August 9, 2006 Notice of Intent to Sue was timely because it was filed within 180 days of the agency's final decision on his Band IIA placement. Plaintiff has mistakenly construed a discussion he had with the Comptroller General (CG) on February 16, 2006 to be the agency's final decision. However, this is incorrect. The operative date of the final decision was February 7, 2006, the date Plaintiff received the CG's final reconsideration decision.

As Plaintiff notes, the Band II restructuring process is governed by GAO Order 2900.3, "Band II Restructuring" (Nov. 4, 2005). Opp'n. Ex. 1, Attach.1. Under the Order, the Chief Administrative Officer and Chief Operating Officer first issued a determination on Plaintiff's Band II placement. Order 2900.3, Ch. 2, ¶ 11(e). After receiving the placement decision, employees had the opportunity to request reconsideration by the Comptroller General. Order 2900.3, Ch. 2, ¶ 13(b). The CG considered the requests and notified employees in writing of his final decisions on reconsideration. <u>Id</u>. On February 2, 2006, the Comptroller General issued his decision on reconsideration to Mr. Moses. Opp'n. Ex. 1, Attach. 2. The letter stated that the CG had considered Moses' request for reconsideration, but that he was unable to grant Moses' request for placement into Band IIB. The letter also stated, "I realize that you still may have questions about the process and am willing to meet with you personally if you would like to discuss this matter." Opp'n. Ex. 1, Attach. 2. Moses admits that he received this letter on February 7, 2006. Moses Jan. 2007 Aff. ¶ 3; Compl. at 16. This February 2, 2006 letter was the agency's final decision regarding Mr. Moses' Band II placement.

In a letter to the CG dated February 7, 2006, Moses acknowledged receipt of the CG's February 2 reconsideration decision and asked to meet with the CG because Moses "had more questions about the process." Moses Jan. 2007 Aff. Attach 3. The CG agreed to talk with Moses to discuss the process, as he had offered to do in his February 2 letter. Thus, Mr. Moses and the CG had a telephone conversation on February 16, 2006. Moses Jan. 2007 Aff. at 2. While Plaintiff's Opposition describes this February 16 telephone conversation as the final decision, this is inaccurate. As is clear in the February 2 letter from the CG, the CG's offer was only to answer questions about the restructuring process. It did not constitute a second opportunity for a reconsideration decision.

The February 2 letter was the final decision and Moses received the agency's final Band II placement decision on February 7, 2006. Plaintiff's Notice of Intent to Sue was dated August 9, 2006, and received by GAO on August 14, 2006, 188 days after he received the CG's final reconsideration decision regarding placement in Band IIB.[1] Therefore, Plaintiff's 2006 Notice of Intent to Sue was untimely with regard to the Band II restructuring decision.

II.     Plaintiff Has Failed to either Exhaust His Administrative Remedies or File a Notice of Intent to Sue regarding his Cost of Living Adjustment claims.

Plaintiff's claims regarding the denial of a COLA are not properly before this Court because Plaintiff failed to either exhaust his administrative remedies or file a timely Notice of Intent to Sue, as required by the ADEA, 29 U.S.C. § 633a.

To try to save his COLA claim from dismissal, Plaintiff has attempted to tie his

---

[1] As Defendants noted in their Motion to Dismiss, Moses filed an administrative complaint regarding the Band II restructuring process. If that complaint is found to have been timely filed, Plaintiff will have properly administratively exhausted his Band II restructuring claim because 180 days have passed since the filing of the complaint without the agency's issuance of a final agency decision.

allegations of the COLA denial to his claims regarding Band II restructuring. However, contrary to Plaintiff's arguments, the COLA determination was a separate and discrete action from the Band II restructuring decision. The COLA decision and the Band II restructuring decision occurred at different times and involved separate personnel actions. See Anderson Aff. The effective date of the COLA determination was January 22, 2006. Anderson Aff. at ¶ 6. The date of the agency's final decision regarding Moses' Band II placement was February 2, 2006. The COLA decision pertained to pay. The Band II restructuring was, in contrast, a placement decision regarding Plaintiff's roles and responsibilities as an analyst.

Moses failed to file a complaint with GAO's Office of Opportunity and Inclusiveness regarding the COLA determination, and thus failed to exhaust his administrative remedies regarding this issue. In addition, Plaintiff can not rely on his August 2006 Notice of Intent to Sue, as that Notice was untimely – it was received 204 days after the January 22, 2006 COLA determination. Because Moses failed to file a timely Notice of Intent to Sue or to exhaust his administrative remedies his COLA claims must be dismissed.

III     Plaintiff's "Expert" Opinion is Unpersuasive

Plaintiff attempts to argue that an affidavit submitted by his "expert," Dr. Venkareddy Chennareddy, proves that age was a determinative factor in GAO's Band II restructuring. Plaintiff's Opposition included a statement by Plaintiff's "expert" analyzing data that purportedly came from GAO's official files. Opp'n at 7. However, GAO has never provided such data to Plaintiff, Plaintiff's attorney, or Dr. Chennareddy. Therefore, GAO vigorously disputes the source and validity of this data.[2]     Plaintiff has provided no details regarding the

---

[2] GAO strictly safeguards employee information in accordance with its privacy regulations at 4 C.F.R. part 81.

4

source of this data, other than his broad and unsupported allegation that the data comes from GAO's database.  Given the questionable origins of this data, the calculations and Chennareddy's conclusions should be given little or no weight.

In contrast to Dr. Chennareddy's data, GAO has released to its employees statistical demographic data on Band IIB selection rates.  Def. Ex. 1.  Exhibit 1, available to employees via GAO's intranet, shows that employees age 40 or over constituted 73% of the applicants for placement into Band IIB, and 74% of the actual placements.  Def. Ex. 1.  This statistical data, while cursory, calls into further doubt the validity of Plaintiff's "expert" opinion.

In addition to the questionable origin and validity of Plaintiff's data, the objectivity of Plaintiff's "expert" is also to be doubted.  Plaintiff's "expert" is himself a plaintiff in two other ADEA cases against GAO.   Plaintiff Moses and Dr. Chennareddy recently sought to consolidate their cases claiming that their cases were essentially the same.[3]  Pl. Mtn for Consolidation at 1, 2.  Thus, Plaintiff's "expert" can hardly be thought to be objective in his opinion or analysis regarding the presence of age discrimination at GAO.

---

[3]  Those motions are currently pending before the Court in the instant case and in <u>Chennareddy v. GAO</u>, 87-3538 (JGP).  Defendants have vigorously opposed consolidation.

## **CONCLUSION**

For the reasons set forth above and in Defendants' Motion to Dismiss, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

February 21, 2007                              Respectfully submitted,

                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney.

                              _____/s/_____
                              ANDREA McBARNETTE, D.C. Bar  # 483789
                              Assistant United States Attorney
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 514-7153

Government Accountability Office
Staff Attorney
Cherie Owen

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Reply was mailed first class postage prepaid, on February 21, 2007 to:

Walter T. Charlton & Associates
Attorney at Law, Washington, D.C.
230 Kirkley Road
Annapolis, Md 21401

ANDREA McBARNETTE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153



# Demographic Data on Band IIB Selection Rate:
## Band II Applicants as Compared with Band IIB Placements



By Age

[a]Initial and total applicants relative percentages are the same.