**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **James D. Moses** | ) |
|     **For himself and** | ) |
|     **All others similarly situated** | ) |
| | ) |
|     **Plaintiffs** | ) |
| | ) |
|       **v.** | )     **Case No.  1:06 CV 01712  (JGP)** |
| | ) |
| **DAVID M. WALKER** | ) |
| **Comptroller General of the United States,** | ) |
| **Government Accountability Office (GAO)** |     ) |
|     **and** | ) |
| **Michael Doheny, Chair** | ) |
| **The Personnel Appeals Board of the GAO,** | ) |
|     **Defendants.** | ) |

_____)

**SUPPLEMENT STATING GROUNDS FOR EQUITABLE TOLLING**
**RELEVANT TO PLAINTIFF'S SUR-REPLY MEMORANDUM**

      Plaintiff hereby submits supplemental legal authority for his position that his filings were timely in contesting his placement as a Band IIA professional at GAO.  The evidence submitted by Plaintiff in the Opposition to the Motion to Dismiss, and in the Surreply is incorporated by this reference.  A summary of the factual predicate for those equitable grounds and case law supporting that position follow:

**UNDISPUTED FACTS:**

      **1.**  The regulations relevant to the right of an employee, like Mr. Moses, to invoke the reconsideration process is unquestioned as is the fact that Mr. Moses did invoke that process.

      **2.**  Also undisputed is the fact that the letter (Plaintiff's Surreply Ex.5) of the Comptroller General dated February 2, 2006, in the final line invited "an appointment with me regarding my

1

reconsideration decision". (Surreply Ex. 5, final line).

    **3.** That appointment meeting did occur, on February 16th, 2006.

    **4.** GAO contends that this meeting does not count as part of the reconsideration process.


**LEGAL AUTHORITY SUPPORTING APPLICABLE OF EQUITABLE TOLLING; THERE HAS BEEN NO WAIVER OF THIS ARGUMENT:**

    In order that no party may argue that there has been a waiver of equitable principles by Mr. Moses in his reliance upon the actions of the Comptroller General on this issue, that is, whether or not Moses was misled by the actions of the Comptroller General in holding that meeting and the wording of his letter leading up to it,  the following cases and arguments dealing with equitable tolling under the circumstances of this case are submitted.  Moses contends that if indeed, his filing is deemed untimely because he relied upon those actions in counting his days to file his notice of intent to sue, which result is not expected, then nevertheless, the principles and cases cited following would be applicable.

    Moses hereby respectfully requests that this supplemental argument be considered as part of the Surreply Memorandum for all purposes.


**RELEVANT CASE LAW SUPPORT APPLICATION OF EQUITABLE TOLLING:**

    The principle of equitable tolling applies to a Federal Agency, and particularly where civil rights claims are involved, ***Kirkendall v. Dep't of the Army***, No. 05-3077 United States Court of Appeals for the Federal Circuit, (2005), citing ***Irwin v. Department of Veterans Affairs***, 498 U.S. 89 (1990); ***Zipes v. TransWorld Airlines, Inc***., 455 U.S. 385, 393 (1982), an employment discrimination case, which held that "filing a timely charge of discrimination with

the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

statute of limitations , is subject to waiver, estoppel, and equitable tolling."


**THE FILING DEADLINE IS SUBJECT TO EQUITABLE RELIEF:**

Courts have consistently held that filing deadlines in statutes requiring exhaustion of

administrative remedies are not jurisdictional, but rather are subject to equitable relief.  There

follows a direct quote from *Kirkendall*, *supra*, beginning at page 5, which is equally applicable

to this case, under the circumstances of the (incorrect) allegations of GAO that Mr. Moses was

late in his filing.

> "Other courts have likewise held that filing deadlines contained in statutes requiring exhaustion of administrative remedies are not jurisdictional, but rather are subject to equitable relief. For example, in Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2002), another Title VII case, the Fourth Circuit held that the exhaustion requirement, like a statute of limitations, can be tolled. See also Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The exhaustion requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling."). Similarly, Harms v. Internal Revenue Service, 321 F.3d 1001, 1009 (10th Cir. 2003), held that "the failure to timely exhaust administrative remedies [with the MSPB] is not a jurisdictional deficiency but rather is in the nature of a violation of a statute of limitations." In the context of the Occupational Safety and Health Act, the Tenth Circuit held that the requirement that an employee must file a complaint with the Secretary of Labor within 30 days of a violation could be tolled. Donovan v. Hahner, Foreman & Harness, Inc., 736 F.2d 1421, 1424 (10th Cir. 1984) (analyzing 29 U.S.C. § 660(c)(2)). And, the Second Circuit held that the failure to timely exhaust administrative remedies prescribed in the Financial Institution Reform, Recovery, and Enforcement Act can be excused when required by equity. Carlyle Towers Condo. Ass'n v. Fed. Deposit Ins. Corp., 170 F.3d 301, 307 (2d Cir. 1999). We therefore hold that the exhaustion requirement contained in subsection 3330a(a)(2)(A) that a veteran file a complaint with DoL within 60 days of the alleged violation is akin to a statute of limitations. As such, we apply the same analysis to subsection 3330a(a)(2)(A) as we apply to subsection 3330a(d)(1)(B) in determining whether equitable tolling is allowed."

Therefore, in the unexpected event that this Court finds that as a factual matter Mr.

Moses was late in his filing of his notice of intent to sue, the Court should find equitable tolling

applicable because the direct cause of that lateness was:

(1) that the procedure followed by the Comptroller General was misleading and faulty in

actually holding a reconsideration discussion after the final notice had been delivered, and

(2) that the Office of Inclusiveness was derelict in its duty to correctly inform Mr. Moes

of the applicable deadline under these unusual circumstances, and

(3) that the doctrine of equitable tolling should be applied to Mr. Moses filing under

these circumstances.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiff
D.C. Bar # 186940
Walter T. Charlton & Associates
1156 15th, Street N.W. LL 10
Washington D.C., 20005-1704
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net

Counsel for Plaintiff and the Putative Class

Certificate of Service

I hereby Certify that I filed with the ECF system of the Courts, on March 9th, 2006 a copy of the above Supplement to Plaintiffs Surreply Memorandum, with the expectation that a copy thereof would be automatically forwarded to the Counsel for the Defendants,

Andrea McBarnette, AUSA
555 Fourth Street, N.W
Washington, D.C.20530

   Charltonw 2428
Walter T. Charlton

4