UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JAMES D. MOSES,                                    )
                                                   )
                    Plaintiff,                     )
        v.                                         )        Case No: 06-01712 (JGP)
                                                   )
DAVID M. WALKER,                                   )
Comptroller General of the                         )
U.S. Government Accountability Office,             )
et al.                                             )
                                                   )
                    Defendants.                    )

---

CONSENT MOTION FOR LEAVE TO
FILE RESPONSE TO PLAINTIFF'S SURREPLY

On March 9, 2007, Plaintiff requested leave to file a surreply addressing the "timeliness of his filings in the administrative process at GAO." Mt for Leave at 1. As Plaintiff recognized, "the correct timing of filings is essential to the Court's determination." Id. On March 12, 2007, Plaintiff filed his surreply. Because the surreply not only confuses the issue regarding the timing of the filings but also adds the issue of hostile work environment claims[1], Defendants seek to clarify the issue of timing and the inappropriateness of hostile work environment claims under the Age Discrimination in Employment Act ("ADEA"). Plaintiff's counsel has consented to Defendants' request to file a response. Therefore, Defendants request that the Court grant leave for the Defendants to file the herein response to Plaintiff's surreply.

---

[1]    The Counts in the Complaint did not specify hostile work environment claims.

March 15, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES D. MOSES,                              )
                                             )
                    Plaintiff,               )
            v.                               )        Case No: 06-01712 (JGP)
                                             )
DAVID M. WALKER,                             )
Comptroller General of the                   )
U.S. Government Accountability Office,        )
et al.                                       )
                                             )
                    Defendants.              )
_____)

**RESPONSE TO PLAINTIFF'S SUR-REPLY
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

The Defendants, David M. Walker, Comptroller General of the United States

Government Accountability Office ("GAO"), and GAO's Personnel Appeals Board ("PAB"),

through counsel, submit this response to Plaintiff's Sur-reply in Opposition to Defendants'

Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which

relief may be granted.  In his Sur-reply, Plaintiff again mischaracterizes the Band II restructuring

process in an attempt to remedy the untimeliness of his 2006 Notice of Intent to Sue.  Plaintiff

also tries to cure his untimeliness by arguing that his claims constitute a hostile work

environment under the Age Discrimination in Employment Act ("ADEA"), and therefore are not

subject to the timeliness requirements set forth by the Supreme Court.  Finally, Plaintiff

reiterates his theory about a "secret database" at GAO.   Plaintiff's arguments are meritless and

fail to remedy the deficiencies in his case.

**ARGUMENT**

I.    Plaintiff's 2006 Notice of Intent to Sue is Untimely

Plaintiff's August 9, 2006 Notice of Intent to Sue was untimely because it was filed more than 180 days after the agency's final decision on his Band IIA placement.  Plaintiff has mistakenly construed a discussion he had with the Comptroller General ("CG") on February 16, 2006 to be the agency's final decision.  See 29 U.S.C. § 633a(c).  In his Sur-reply, Plaintiff desperately attempts to argue that on February 16, 2006 and over the telephone, there was a subsequent second reconsideration decision by the CG.  Plaintiff argues that the filing time requirement for his lawsuit began on that day.  In spite of the fact that the CG's final decision was conveyed in a written letter dated February 2, 2006, Plaintiff bases his argument on the fact that the CG had a telephone conversation with Plaintiff on February 16, 2006.

In his Sur-reply, Plaintiff characterizes the CG's February 2 letter to Plaintiff denying him Band IIB placement as an "initial reconsideration determination."  However, the February 2 letter was in fact the final (and only) reconsideration decision.  As set forth in Order 2900.3, "Band II Restructuring" (Nov. 4, 2005), employees were to be "notified in writing of the final placement decision resulting from the placement reconsideration."  Id. at Ch. 2, ¶13(b).

As part of the February 2 letter, the CG offered to meet with employees personally, stating "I realize you still may have questions about the process and I am willing to meet with you personally if you would like to discuss this matter."  Exhibit 1.  Ms. Barbara Simball, an Assistant General Counsel, assisted the CG during the reconsideration process and was also present during the CG's February 16, 2006 telephone conversation with Plaintiff.  In her affidavit, Ms. Simball affirms that there was only one reconsideration decision, which was issued to Plaintiff on February 2, and verifies that the purpose of the telephone conversation was

2

to give Plaintiff the opportunity to ask questions about the reconsideration process.  Simball Aff.

¶¶2 , 4.  Simball states, "[a]t no time did Mr. Walker state or imply that the purpose of that

telephone discussion was to further consider Mr. Moses' Band II placement."  *Id*. ¶4.  In

addition, Order 2900.3 clearly does not provide for further reconsideration of the CG's written

decision.

GAO's regulation, the CG's letter, and the affidavit of Ms. Simball demonstrate that the

agency's final decision regarding reconsideration was made on February 2, 2006 via the CG

letter, which Plaintiff received on February 7, 2006.  Thus, Plaintiff's Notice of Intent to Sue

needed to have been filed by August 6, 2006.  Instead, he did not file it until August 9, 2006, and

GAO did not receive it until August 14, 2006.  Therefore, Plaintiff's 2006 Notice of Intent to Sue

was untimely with regard to the Band II restructuring decision.

II.    Plaintiff's Claims Regarding Hostile Work Environment Under the ADEA Are
       Not Cognizable

In his Surreply, Plaintiff attempts to characterize many of his claims – even those that

date back as far as 20 years – as allegations of "hostile work environment" under the ADEA.[2]

Plaintiff asserts that "no part of Defendant's untimeliness argument would be applicable to

Moses' hostile work environment ... claims."  Compl. at 7.  Sur-reply at 7.

First, this Circuit has never recognized a cause of action for hostile work environment under

the ADEA.  See Easton v. Snow, No. 04-02038, 2006 WL 1774552, at *5 (D.D.C. June 26,

2006) ("the D.C. Circuit has yet to recognize that the ADEA provides a cause of action for

claims of a hostile work environment").  Other circuits have split on this issue.  See, e.g., Burns

v. AAF-McQuay, Inc., 980 F. Supp. 175 (W.D. Va 1997) ("Fourth Circuit law does not

_____

[2]  The Counts in the Complaint did not specify hostile work environment claims.

recognize . . . hostile work environment doctrine in age discrimination actions under the
ADEA"); but see Crawford v. Medina Gen. Hosp., 96 F.3d 830 (6th Cir. 1996) (recognizing
hostile work environment claims under the ADEA in the 6th Circuit).

Further, even if the D.C. Circuit were now to determine that a hostile work environment
allegation is a cognizable claim under the ADEA, Plaintiff has not stated a prima facie case of
hostile work environment.  His complaint alleges failure to promote, and discrimination in pay,
performance appraisals, and advancements, not intimidation, discriminatory insults, or other
indicia of a hostile work environment.  See Morgan, 536 U.S. at 116 ("discriminatory
intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of
the victim's employment" constitutes hostile work environment); Lester v. Natsios, 290
F.Supp.2d 11, 33 (D.D.C. 2003) (hostile work environment claim "must be based on severe and
pervasive discriminatory intimidation or insult"); see also Gustave-Schmidt v. Chao, 360
F.Supp.2d 105, 122 (D.D.C. 2004) (hostile work environment existed where worker was
subjected to verbal and physical abuse such as supervisor screaming and swearing at the
employee and calling him names such as "stupid," "cripple," and "jerk," striking him in the head
with a ruler, pulling his ears, and throwing items at him; or where employee was subjected to a
relentless campaign of insults, name-calling, and vulgarities).

In addition, Plaintiff's claims of hostile work environment are untimely.  In Morgan, the
Supreme Court stated that in order to timely file a hostile work environment claim, a plaintiff
must show that "an act contributing to the claim occur[red] within the filing period."  Morgan,
101 U.S. at 116.  Plaintiff has failed to allege acts of insult or intimidation such as those that
would constitute a hostile work environment claim that occurred within the filing period.
Rather, he has made general allegations of age discrimination in pay, performance ratings,

4

advancement, and terminations tied to no specific time period.  *See* Compl. at 8; Reply at 3-4. Thus, even if this Circuit were to recognize hostile work environment claims under the ADEA, Plaintiff's claims would fail.

III.     Plaintiff's Claims Regarding a "Secret Database" are Meritless

In his Sur-reply, Plaintiff argues that Exhibit 1 of GAO's Reply should be stricken from the record, and alleges that his "expert's" opinion is more persuasive on the matter of age discrimination at GAO than is Defendant's Exihibit 1.  Sur-reply at 11.  Ultimately, however, Plaintiff states that neither GAO's Exhibit 1 nor Plaintiff's "expert's" opinion should be used by the Court in resolving the Defendant's Motion to Dismiss.  Sur-reply at 14.  Defendants agree that neither set of data are necessary for the Court's decision regarding Defendant's Motion to Dismiss.  The deficiencies in Plaintiff's case -- untimeliness, statute of limitations, and failure to state a claim upon which relief may be granted – exist regardless of reliance upon statistical data. The statistics presented by the parties are not necessary in order for the Court to find in Defendants' favor on their motion.[3]

---

[3]  In addition, Plaintiff argues that Exhibit 1 to Defendants' Reply proves his allegations of a "secret GAO database."  Sur-reply at 11.  However, Plaintiff's allegations are meritless. The basis for Plaintiff's allegations regarding a secret database appears to be his attorney's characterization of a discovery dispute in a separate case pending in this Court, Chennareddy v. GAO, Case No. 87-3538JGP.  The parties have extensively briefed the alleged secret database claims pursuant to Chennareddy's Motion for Additonal Discovery, and GAO has vigorously contested the plaintiff's claims with regard to that issue.

## CONCLUSION

For the reasons set forth above and in Defendants' Motion to Dismiss, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

March 15, 2007                          Respectfully submitted,


                    _____/s/_____
                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                    United States Attorney


                    _____/s/_____
                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                    Assistant United States Attorney.


                    _____/s/_____
                    ANDREA McBARNETTE, D.C. Bar  # 483789
                    Assistant United States Attorney
                    555 Fourth Street, N.W.
                    Washington, D.C. 20530
                    (202) 514-7153

Government Accountability Office
Staff Attorney
Cherie Owen