# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses** ) | |
|     **For himself and** ) | |
|     **All others similarly situated** ) | |
|     **Plaintiffs** ) | |
| ) | |
|     **v.** ) | **Case No.    1:06 CV 01712  (JGP)** |
| ) | |
| **DAVID M. WALKER** ) | |
| **Comptroller General of the United States,** ) | |
| **Government Accountability Office (GAO)** ) | |
|     **and** ) | |
| **Michael Doheny, Chair** ) | |
| **The Personnel Appeals Board of the GAO,** ) | |
|     **Defendants.** ) | |

## MOTION FOR AN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO DISMISS; AND ADDITIONAL AND SUPPLEMENTAL REBUTTAL AUTHORITY

Mr. James D. Moses, through counsel, hereby respectfully requests a hearing on Defendant's Motion to Dismiss the Complaint. Counsel for the Defendant, Andrea McBarnette, has been contacted. She does not consent to the Motion and reserves the right to oppose this motion.

The hearing requested is to be limited to the (1) presentation of evidence on four material disputed facts, (2) rebuttal and impeachment evidence and (3) very recent case authority (March 2007) to the effect that the Court may, and should invoke equitable tolling and equitable estoppel doctrines[1] where, as here, Defendant has failed in its duty to follow its own regulations requiring

---

[1] See *Kirkendall v. Department of the Army*, No 05-3077, page 8, ¶ 2, (Federal Circuit, March 7, 2007)(deadlines for filing against the Federal Government are subject to equitable tolling); See also , *Toyama v. Merit Systems Protection Board*, No 2006-3281, Federal Circuit, March 13, 2007 ("Because the petitioner never received notice of her appeal rights as required by the EEOC regulations, she had good cause for filing an appeal late

notice in writing of administrative and court time frames[2] (4) the admission by GAO of substantive error in its adverse actions against the Plaintiff by rescission of Mr. Moses demotion effective in his paycheck on April 7th, 2007.

That later point has the effect of a "show stopper" by vindication of plaintiff's position that his ratings were defective in the original evaluation for the demotion process for discriminatory reasons.

GAO relies upon an erroneous fact in its motion, one that this proffered evidence refutes. That erroneous fact is a purported missing by Moses of unnoticed deadlines as its defense in this motion to dismiss. If no hearing is allowed, those facts, under the recent authorities (cited above and detailed following) prevent the application of deadlines not conveyed to the plaintiff pursuant to GAO regulations, in writing, at the time of his initial contact with the GAO Office of Opportunity and Inclusiveness (OOI) on February 17, 2006.

GAO does not dispute the lack of ANY written notice on the date required, February 17, 2006. Thus, no hearing is necessary if each of these disputed facts are taken as true, and to most favor the Plaintiff and the class he seeks to represent as required in this circuit in a 12(b)(6) motion to dismiss.

---

with the MSPB. Accordingly, the MSPB erred in dismissing her appeal as untimely, and we reverse and remand for further proceedings").

And finally, See, the March 14th, 2007 Sixth Circuit ruling in, Case No. 05-2216, *James Dixon, Jr. Appellant v. Alberto Gonzales, United States Attorney General and Robert S. Mueller, III, FBI Director Defendants-Appellees,* No 05-2216, (finding that equitable tolling is warranted and applied, but dismissal affirmed for other reasons).

[2] GAO Order # 2713.2, Chapter 3, 1(b)(3); this Order, with the effect of law governing conduct of the Agency with respect to its employees civil rights complaint process, tracks virtually identical Federal Regulations contained in 29 CFR part 1614.105(b)1(3). (See Exhibit 1 for full text of Order 2713.2, Chapter 3, Precomplaint Processing.

Those disputed facts are:

1.  Did the Comptroller General make his "final reconsideration determination" on Moses demotion, on February 2, 2006, or February 16th , 2006 or some other date[3]?

2.  Did Mr. Moses Begin the GAO Internal Administrative Process with his Initial Complaint and Counseling Initiated On February 17, 2006?

3.  Did GAO Fail to Follow Its Own Regulations on Notification; Does that Failure Prevent GAO's reliance upon an Untimeliness Defense as barred by equitable tolling?

4.  Whether Equitable Estoppel for Obstruction of Justice and evasion of discovery responsibilities should be one subject for the Evidentiary Hearing because of GAO's Failure to Be Candid with the Court as to Existing Determinative Evidence In This Case and Related Cases?

Plaintiffs request that the hearing be limited to five witnesses per side and an unlimited number of exhibits be allowed.  Plaintiffs also request the right to present evidence of GAO's failures to follow its own administrative procedural rules, and a continuance of its policy not to inform this Court of information relevant to class certification and existence of employee performance and ratings data hitherto denied to exist in this entire series of related cases.

Plaintiffs counsel estimates that three days will be required to present all of the evidence described above.  It is submitted by plaintiffs that the requested hearing will expedite final resolution of all pending matters in these related cases.

---

[3]  Moses's demotion, with its by-product, a cost of living increase (COLA) denial was rescinded effective with Moses's paycheck on April 7th, 2007.  On information and belief that rescission, presented by GAO as a brand new promotion, affected Mr. Moses and about 18 other employees who were essentially admitted to have been erroneously evaluated in the demotion process complained of by Moses on behalf of himself and all other similarly situated in this lawsuit.  About 340 employees were demoted and denied COLAs according to the best information available to plaintiff on the numerosity of the persons affected.

The Court's attention is respectfully directed to the accompanying statement of points and authorities, exhibits attached hereto, and requests that the evidentiary record of this case be supplemented by these materials while considering the defendant's motion to dismiss this case.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
1156 15th, Street N.W. LL 10
Washington D.C., 20005-1704
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net
Counsel for Plaintiff and the Putative Class

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **James D. Moses** | ) |
| **For himself and** | ) |
| **All others similarly situated** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | )     **Case No.     1:06 CV 01712  (JGP)** |
| | ) |
| **DAVID M. WALKER** | ) |
| **Comptroller General of the United States,** | ) |
| **Government Accountability Office (GAO)** | ) |
| **and** | ) |
| **Michael Doheny, Chair** | ) |
| **The Personnel Appeals Board of the GAO,** | ) |
| **Defendants.** | ) |

_____)

**PLAINTIFF'S POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR AN EVIDENTIARY HEARING ON DEFENDANT'S**
**MOTION TO DISMISS; AND SUPPLEMENTAL REBUTTAL AUTHORITY**

James D. Moses, Plaintiff for himself and all other similarly situated, files this Motion for

an Evidentiary Hearing on his rights to maintain a Civil Action in this Court, alleging that he has

timely filed his notice of intent to sue, has completely exhausted Administrative Remedies, and

that his employer, the United States Government Office of Accountability (GAO), has failed in

its duties to timely conform to its duties to administratively process his claims, and misinformed

the Court of actual events as well as the failures of the GAO in its administrative processing of

his claims.

**ARGUMENT**

**I.  Facts are Disputed; Both Parties have Submitted Evidence.  Unless the Facts Pled are
Taken to Most Favor the Plaintiff, and the Extraneous Evidence Excluded, an Evidentiary
Hearing Is Required by the Law in this Circuit:**

1

The law in this circuit is that in a 12(b)(6) motion to dismiss, no affidavits or facts may be considered by the Court, or else the court upon considering those extraneous facts must consider the motion before the court as a motion for summary judgment[4]. If viewed as a motion for summary judgment, summary judgment may not be entered if any determinative facts are in dispute.

Here facts are in dispute. And those facts determine, not the jurisdiction of this Court, which is undisputed, but rather whether administrative exhaustion had occurred in this case thereby allowing access to this Court for federal employment issues under the Age Discrimination in Employment Act, as amended (ADEA).

Under these facts, either the Defendant's Motion to Dismiss must be denied, or an evidentiary hearing is required as to every determinative fact relevant to that issue. Lawyer's argument is clearly insufficient to grant a dismissal on grounds of untimeliness, as claimed by GAO. This is because the credibility of the evidence determines the outcome. A hearing is required to do that.

## II. ADMINISTRATIVE EXHAUSTION HAS OCCURRED:

Under the Age Discrimination in Employment Act (ADEA) administrative exhaustion allowing access to the Court civil process may occur upon the happening of *either: (1)* properly exhausted administrative remedies under statutory requirements, or *(2)* timely filed a "notice of intent to sue" as required by ADEA *Stevens v. United States Department of the Treasury*, 500 U.S. 1 (1991). The purpose of that notice is to give GAO adequate notice of plaintiff's claims.

---

[4] See opening paragraph, plaintiffs opposition to motion to dismiss, with authorities cited.

2

Plaintiff submits that the facts elicited at the hearing will demonstrate that he has properly and timely filed under <u>both</u> of the two prerequisite paths to this Court, ***Stevens, supra***, only one of which is required to be entitled to exercise his rights to file and maintain an action in a United States District Court.

### III.  THE FOUR MATERIAL DISPUTED FACTS:

Plaintiff has set out below four simple determinative facts necessary to resolve this factual issue.  The *evidence by whatever standard applied*, when weighed against the unsupported *bare lawyer's argument* submitted by GAO, refutes GAO's position that Moses has failed in his statutory path to the Court.  GAO's position relies entirely upon false assertions of untimeliness, based upon one misleading and incorrect document, which must be strictly construed with the exclusion of all other evidence and equitable considerations, for GAO to prevail.  This position is untenable and founded in bad faith.  The factual issues refuting this position are:

**1.  Did the Comptroller General make his "final reconsideration determination" on Moses demotion, on February 2, 2006, or February 16, 2006 or some other date[5]?**

The Court is requested to note that the present state of the record is that GAO has

---

[5]  Moses's demotion, with its by-product, a cost of living increase (COLA) denial was rescinded effective with Moses's paycheck on April 7, 2007.  On information and belief that rescission, presented by GAO as a brand new promotion, affected Mr. Moses and about 18 other employees who were essentially admitted to have been erroneously evaluated in the demotion process complained of by Moses on behalf of himself and all other similarly situated in this lawsuit.

submitted a document dated February 2, 2006 purporting to be a "final" determination[6], while Mr. Moses has submitted sworn testimony to the contrary. Moses testimony describes in detail a conference occurring four days later (on February 16th, 2006).

That conference consisted of a personal 45 minute telephone conference between the Comptroller General and himself. The only subject discussed was further reconsideration of the Moses demotion decision. The Comptroller General (CG), and indeed GAO as a whole, have failed to submit evidence refuting Mr. Moses evidence which clearly disputes the finality of GAO's initial reconsideration decision contained in the February 2nd, 2006 document. Thus, this disputed fact, the date of the CG's final decision on reconsideration, which is determinative of the issue of timeliness under the GAO's theory, must either be refuted by GAO at hearing or Moses wins this Motion on the basis of the evidence of record. This outcome of GAO's position on this point (although it is not the only basis of Moses position) is fixed by this fact regardless of the standard of viewing that evidence.

Therefore, in order for the Court to make a definitive determination, a hearing on credibility is required. Credibility of the (in this case the Comptroller General, as a witness is of the essence of the determination. Either GAO's document is false and/or incorrect, or Mr. Moses is lying in his affidavit. There is no room for compromise. To strengthen Moses position, the Comptroller General, the other party to the conference, has not submitted a sworn statement or any corroborative evidence which *either* rebuts or verifies Moses Sworn Statement.

---

[6] The word "final" does not appear in that document. No could it be inferred, since as a matter of power and authority the Comptroller General could always change his mind. In fact he did change his mind when several weeks ago, Moses demotion and COLA denials were rescinded by a belated "promotion". But the hurt and damage was done by that time and is unabated. It is also unabated for the other 340 persons similarly situated.

4

Moreover, the Comptroller General "gave up" and rescind Moses's demotion, effective April 7th, 2007.  It is unlikely that the CG would rescind the demotion, and grant a correcting promotion to an employee, if the evidence demonstrated that Moses was a liar or if the CG's decision was otherwise sound!  That initial decision was not sound, and cannot be justified as anything but a pretext for age discrimination.  And this position taken by the GAO, apparently without the CG's support, is just more of the same dissembling.

## 2.  Did Mr. Moses Begin the GAO Internal Administrative Process with His Initial Complaint and Counseling Initiation on February 17, 2006?

The next factual issue is whether or not Mr. Moses, in his call to the counselor at the GAO Office of Opportunity and Inclusiveness (OOI), and conference with the OOI counselor thereby did all that was necessary to (1) invoke the GAO administrative complaint process and "initiate counseling" by his complaint and discussions with the GAO counseling person at OOI. Moses claims he did everything that is required by GAO regulations contained in Order # 2713.2. This question is also determinative, in that if that process was invoked, then whether or not point # 1 is decided in Moses favor is moot.  He prevails in doing all that was required to invoke this administrative process, and thereafter, when GAO failed to process his claim at all, after 180 days he may proceed to Court, which is what he did.  Thus this issue, also, is determinative of the result of this Motion to Dismiss.

Moses Exhibit # 2, Attached (a letter from the GAO Office of "Opportunity and Inclusiveness" dated September 6th, 2006, demonstrates that (1) Moses did timely invoke the administrative process.  It was first invoked by his informal complaint and counseling on February 17, 2006.  Moses's formal written complaint was sent to GAO by Moses on March 30th,

2006.  GAO acknowledged receipt of Moses's formal written complaint in Exhibit 2, by its OOI department "on April 4, 2006". (Exh. 2, ¶ 1, line 2).  Moses filed his complaint with the Court on October 4, 2006, (Court Docket).  On that date more than 180 days had expired from both his informal counseling (On February 17, 2006) and his formal complaint On April 4, 2006), with no action by GAO on his complaint.  More than 30 days had elapsed from his filing on August 9th, of his 30 day notice of intent to sue.

Thus, as of the date of the Court filing, Moses had met all prerequisites for that Court filing as detailed to him in the belated notice to him dated September 6th, 2006.  That notice should have occurred (to be timely made by GAO) on February 17th, 2006 (See Order # 2713.2, Chapter 3, (1)(b) and (b)(3)(Exhibit 1).  Moreover, there STILL has not been any administrative action on Moses 's administrative complaints.

Thus, this date and evidence is also determinative of Moses right to sue and determinative of administrative exhaustion under the rules and ***Stevens v. Department of the Treasury***, 500 U.S. 1, (1991).


### 3.  Did GAO Fail to Follow Its Own Regulations on Notification; Does that Failure Prevent GAO's Use of an Untimeliness Defense By an Equitable Tolling Bar?

Plaintiffs contends that he was never informed, *in writing* as required by GAO Order # 2713.2 (EX. # 1, Chapter 3, 1, (b)(3)) of his proper administrative and court time frames.  In fact, Moses claims he was never ever informed *in any way* by GAO of most of his substantive ADEA and procedural rights and duties, nor class action procedures.  GAO regulations clearly require[7]

---

[7]  Notices of duties and obligations of the employee, as well as administrative and court deadlines are required to be noticed in writing by federal regulations contained in 29 CFR part 1614.105(b)(1).  Those duties of

GAO's Office of Opportunity and Inclusiveness (OOI) to fully inform the aggrieved employee, at

the first contact session, in writing of all applicable administrative and court time frames.

Presumably this includes the most important, deadlines for filing.  It did not do that..  Moreover,

it is GAO's standard practice to ignore its own statutory duties to its aggrieved employees.

However, assuming Moses for whatever reason, loses on those preceding points, there

remains one central factual issue.  That issue is, do equitable considerations bar any use by GAO

of an untimeliness defense.

Is Moses's untimeliness excused by GAO's failure to follow federal regulations, and its

own orders in failing to "notify the aggrieved person in writing" of all relevant administrative

and court time frames and class action procedures as clearly required by Order # 2713.2.  Very

recent case law in this circuit says in this factual circumstance, the principle of equitable tolling

applies and his untimeliness is excused.  This final factual issue remains to be decided.  A

hearing is the only way to determine the correct result of the conflicting factual positions of the

parties.

### 4.  Whether Equitable Estoppel for Overall Bad Faith Conduct Including Obstruction of Justice Prevents Consideration by the Court of GAO Defenses?

The final factual issue is– are GAO's failures to be candid with this court in informing the

court of GAO's violations of its own rules coupled with GAO's lack of candor in preceding

discovery of underlying and preceding discovery sufficiently egregious to invoke equitable

estoppel against GAO in all of these related cases?  Should GAO be held in contempt of Court?

---

the employer are contained in GAO's regulations in Order # 2713.2 (See excerpts, Chapter 3, Exhibit 1, attached).

The formal evidentiary hearing requested is justified by the evidence of record herein.  It appears from the evidence now of record in this case and in related cases that obstruction of justice has occurred, and not just inadvertently or once, but at multiple times by multiple representatives of the GAO.  Overriding all of the detailed factual issues in this case is a stark fact which needs to be formally heard.

That fact is whether or not, in this case in the matters listed in 1-3 above, and in the 20 + years the related putative class actions have been pending, has GAO intentionally misled the Court as to material evidentiary facts.  Plaintiff alleges that GAO has filed false pleadings and false discovery responses, and generally conducted itself contrary to the duty of a federal agency to be candid with the federal courts.

The facts alleged by Plaintiff herein, which indeed are alleged by all plaintiffs in the related cases for which consolidation is requested are quite simple.  GAO has falsely denied centrally maintained systems whereby the universal age discrimination alleged, and the related racial discrimination alleged, can be monitored, measured and implemented.  Those systems have been denied to exist by GAO.  The time has come for an evidentiary hearing on plaintiffs allegations, now supported by both documentary and irrefutable testimonial evidence from the persons at GAO who maintain those systems.

**5.  GAO's Inequitable Conduct In These Matters Has Impact Upon the Public Interest and Has Received Recent Attention; Negative Review by Congress:**

Plaintiffs complaint is clear that he alleges that his demotion, and the demotion of about 340 similarly situated persons is the result of intentional age discrimination.  A corollary of that position is that the Comptroller General's stated reasons for the promotion are nothing but a

pretext for the age discrimination which appears clear and indefensible from the statistics

obtained by plaintiff's counsel.  It simply cannot reasonably be a coincidence that of the 340

persons selected for demotion, all are age protected persons, and most are over 50.

But far more serious are the implications as to the credibility of GAO in the eyes of the

Congress and the American Public.  Recent correspondence and displeasure evidenced by

Congress in GAO's conduct of this matter is now public information.  This Honorable Court is

requested to take judicial notice of the evidence contained in Exhibit 3 hereto, before making its

decision on whether or not to grant or deny this Motion accepting the now questionable

credibility of GAO management as a whole.  This is another reason for granting this motion for a

hearing under the rules of evidence in this Court.

Exhibit 3 hereto, is a letter dated March 16th, 2007 to the Comptroller General signed by

eight Congresspersons.  That document questions the commitments made to the Congress by the

Comptroller General to reward satisfactorily performing GAO employees and expressing

displeasure at penalizing employees who "met expectations" (pg 2, ¶ 1) as did Mr. Moses before

he was demoted and denied his cost of living increase.


**IV.  Equitable Tolling Applies Under These Facts:**

**A.  Applicable Law:**

Applicable law includes equitable considerations, including GAO's own duty to

completely and fairly notify each aggrieved persons of their duties and time frames must be

considered.  If GAO fails in that duty, as it did here, it cannot hold aggrieved persons to duties

which were never noticed in accordance with its own regulations[8].  That principle also applies here, even if Moses did not act in accord with the regulations, which he did.

Equitable Tolling and/or waiver and Equitable Estoppel apply against the federal government in employment discrimination cases.  Here, GAO has not, and cannot present evidence of written notification of Moses of his time limitations, because it never occurred.

Where an agency violates its own regulations, and fails to notify a grievant of their rights and duties, a waiver or equitable tolling occurs where the facts warrant.  These facts, which are in dispute so warrant  See ***Kirkendall v. Department of the Army***, No 05-3077, page 8, ¶ 2, (Federal Circuit, March 7, 2007)(deadlines for filing against the Federal Government are subject to equitable tolling); See also , ***Toyama v. Merit Systems Protection Board***, No 2006-3281, Federal Circuit, March 13, 2007 (Because the petitioner never received notice of her appeal rights as required by the EEOC regulations, she had good cause for filing an appeal late with the MSPB. Accordingly, the MSPB erred in dismissing her appeal as untimely, and we reverse and remand for further proceedings).

And finally, See, ***James Dixon, Jr. Appellant v. Alberto Gonzales, United States Attorney General and Robert S. Mueller, III, FBI Director Defendants-Appellees,*** No 05-2216, (Sixth Circuit, March 14th, 2007)(finding that equitable tolling is warranted and applied, but dismissal affirmed for other reasons).

In ***Dixon***, at page 4, equitable tolling was considered and found applicable against the Government (the FBI) because of the Agency's failure to inform the plaintiff of the information to which he was entitled (as here his deadlines).

---

[8]

10

The Sixth Circuit ruled:

> **"Equitable Tolling is Warranted"**
>
> > "We agree with the district court that equitable tolling should apply in this case... we conclude that Dixon's delay in seeking EEO counseling was due to circumstances beyond his control, namely, the lack of a prompt response to his FOIA request.  Accordingly, equitable tolling is warranted here".

## B.  The Facts Of This Case Require Consideration of Equitable Tolling:

Here, in the Moses case, there is are determinative factual issues as to whether the Plaintiff was informed of his rights and duties.  If, as is the fact, that he was never so informed, as Plaintiff contends and the written evidence demonstrates, then there is no need for a hearing, but the Motion to Dismiss for untimeliness must be denied.

If, on the other hand, as expected, the government does not concede that point, then a hearing and a determination of the disputed facts is indeed required.  That hearing must consider both Plaintiffs contention that he was in fact timely, and if the answer to this question is "no", which would be unexpected, then the government's failures to inform him in accordance with its own regulations would be necessary to determine if equitable tolling or equitable estoppel or waiver did occur.

Any other result deprives the plaintiff of his rights to present his evidence of administrative exhaustion and/or tolling caused by the failure of the government to follow its own regulations.

Overriding all of these considerations is the question as to whether or not the agency has submitted evidence in support of its motion.  It undoubtedly has per the affidavit submitted.  Therefore, this motion is one for summary judgment.  In that event a hearing is required to

consider the evidence from both sides in the light most favorable to the plaintiff.

The applicable standard is that all evidence must be taken to most favor the plaintiff. Moses has testified via his declaration that he was never notified at all of his deadlines, and never notified of his class action procedures. And this must be done in writing. Defendant has submitted no "writing" nor demonstrated that the Agency *ever* informed Mr. Moses of his rights, duties and deadlines at the first counseling session as is a requirement of the applicable regulations.

The agency cannot demonstrate that fact, notification of his rights and duties, because it did not happen. Moreover, it is not a part of GAO's standard practices, which are intentionally designed to mislead any grievant in order to miss purportedly required but never notified deadlines. That is precisely what happened here.

## C. GAO Continues to Mislead the Court:

Further, a part of the substantive evidence in this case, and in all related cases, is founded upon hidden statistical evidence which corroborates the already existing evidence of record that GAO has misled this Court to believe such determinative evidence of age discrimination does not exist. This Court has previously relied upon those false representations when ruling against this Plaintiff in attempting to intervene in the related case, 87-3538 ***Chennareddy et al v. Walker***, and also when denying class certification based upon GAO's false representations to the Court that no personnel data base records existed for allegedly similarly situated persons. Those representations are now under consideration by the Court as refuted, false and discredited.

Plaintiff submits that determination is also sorely needed as a determinative factual matter

in this case as well as in all related cases.

Under these circumstances, on such a important matter, the existence of evidence which has been obstructed, equitable estoppel should be applicable until such time as the GAO has purged itself of the obvious misconduct in this case and in related cases.

**CONCLUSION:**

For all of the above reasons, an evidentiary hearing on the Motion to Dismiss should be Granted. Plaintiffs request a full day for the hearing of plaintiffs evidence to the effect that he did exhaust administrative remedies, the GAO withheld exculpatory evidence, and obstructed production of evidence determinative of the substance of plaintiffs claims.

In the event that no hearing in granted, the Motion to Dismiss must be denied. All factual issues, when viewed to most favor the plaintiff as they must be in a Motion for Summary Judgment support plaintiffs contentions that he both exhausted administrative remedies, and filed a timely notice of intent to sue.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
1156 15th, Street N.W. LL 10
Washington D.C., 20005-1704
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net
Counsel for Plaintiff and the Putative Class

13

## CERTIFICATE OF SERVICE

I hereby certify that I filed on the ____th, day of March, 2007 a copy of this Motion for a

Hearing in the ECF system of the United States District Court in this case, with the expectation

that a copy of this Motion will be delivered automatically to:


Andrea McBarnette, AUSA
555 Fourth Street, N.W
Washington, D.C.
D.C. 20530


_____/S/_____
Charltonw2428

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **James D. Moses**<br>    **For himself and**<br>    **All others similarly situated**<br>    **Plaintiffs**<br><br>          **v.**<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    **and**<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)     **Case No.    1:06 CV 01712  (JGP)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

**ORDER**

Upon consideration of Plaintiff's Motion for an evidentiary hearing on Plaintiffs Motion to Dismiss, and it appearing that the facts are disputed as to determinative issues, now therefore the Motion is Granted.

An evidentiary hearing shall be held on the ___ day of _____ and continue until completed.  Factual issues shall include whether or not Plaintiff in fact was timely in his filing of this complaint, whether or not he was properly informed of his rights and the deadlines for filings as per the standards applicable in this case, whether or not the letter from GAO's Office of Opportunity and Inclusiveness admits that Mr. Moses has timely filed his complaint and was counseled on February 17th, 2006 as he claims, thereby beginning the administrative process which GAO now admits was never completed.

Also, the plaintiff may present evidence as to whether or not the GAO has conceded his

1

claims of substantive error in the selection process by rescinded his demotion, and the application of his COLA denial in his recent change in status effective in his paycheck on April 7, 2007.

Further, whether GAO has interposed or obstructed the processing of this Plaintiff's claims by the filing of this Motion to Dismiss on frivolous grounds, and whether or not the Agency has misled this Court as to the existence or non-existence of data and systems containing computerized personnel data pertaining to this plaintiff and members of the class he seeks to represent.

The parties may issue subpoenas for testimony and documents for presentation at the hearing.  There shall be no more than five witnesses per side.  The parties shall mark and agree upon all documents to be presented one week ahead of the hearing and enter objections at that time in accordance with the normal pre-trial procedure.

_____

John Garrett Penn, United States District Judge

2

## CHAPTER 3. INDIVIDUAL COMPLAINTS

**1. <u>Precomplaint Processing.</u>**

     a. An applicant or employee who believes she or he has been discriminated against on the

basis of race, color, religion, sex, national origin, age, disability, or sexual orientation, or retaliated against for activities protected by the antidiscrimination statutes, must consult an O&I counselor before filing a complaint in order to try to informally resolve the matter.

     (1) An aggrieved person must contact an O&I counselor within 45 days of the date of

the matter alleged to be discriminatory, except that in the case of a personnel action, an O&I counselor must be contacted within 45 days of the effective date of the action.

     (2) The Managing Director, O&I, shall extend the 45-day time limit in subparagraph

1.a.(l) above, to permit timely contact with a counselor when the aggrieved person shows that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred or for other good cause shown.

  b. At the initial counseling session, the counselor must advise an aggrieved person, in writing,

     (1) of the right to file a notice of intent to sue and a lawsuit under the ADEA

instead of an administrative complaint of age discrimination under this order;

     (2) of the duty to mitigate damages;

     (3) of administrative and court time frames;

     (4) of the limitation that like or related issues raised in precomplaint counseling

or
mediation are the only matters that may be alleged in a subsequent complaint files with GAO;
2713.2 Discrimination and Complaint Resolution Process Page 8 July 10, 2006

     (5) of the requirement to keep GAO informed of his or her current address.

  c. The counselor shall also

     (1) discuss the mediation program set forth in chapter 2 of this order with the

aggrieved person, explaining that an agreement to mediate would extend the counseling phase for up to 60 days and that a mediator serves as a neutral third party to facilitate resolving differences between the parties, to enhance future communication, and to help the parties reach a final agreement; and

(2) facilitate the informal resolution of the complaint through informal inquiry with

the involved unit or managers.

d. Unless the aggrieved person agrees to a longer counseling period under subparagraph 1.f. below, or agrees to mediation under chapter 2 of this order and paragraph l.g., below, the O&I counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person brought the matter to the counselor's attention. If the matter has not been resolved to the satisfaction of the aggrieved person, that person shall be informed in writing by the counselor, not later than the 30th day after contacting the counselor, of the right to file a discrimination complaint. The notice shall inform the person of

(1) the right to file a discrimination complaint within 15 days of receipt of the

notice;

(2) the appropriate official with whom to file a complaint;

(3) the complainant's duty to ensure that O&I is informed immediately if the complainant retains counsel or a representative;

(4) the right to file a class complaint. If the aggrieved person informs the O&I

counselor that he or she wishes to file a class complaint, the counselor shall explain the class complaint procedures and the responsibilities of a class agent required by chapter 4 of this order.

e. Before the end of the 30-day period, the aggrieved person may agree in writing with the O&I counselor to postpone the final interview and extend the counseling period for an additional period of no more than 30 days. If the matter has not been resolved to the satisfaction of the aggrieved person by the conclusion of the agreed extension, the notice described in paragraph 1.d., above, shall be issued.

f. When the aggrieved person and the unit have agreed to mediate the matter, the discrimination complaint process shall be extended for up to 60 days. If the matter has not been resolved to the satisfaction of the aggrieved person by the 60th day, the notice described in subparagraph 1.d., above, shall be issued.

g. The O&I counselor shall not try in any way to restrain the aggrieved person from filing a complaint. During the initial consultation and before a counselor attempts to resolve the matter, the counselor shall not reveal to anyone the identity of the aggrieved person without his or her permission.

h. Within 15 days of the filing of a complaint, the O&I counselor shall submit a written

2

report to the Managing Director, O&I, concerning the issues discussed and actions taken during counseling.

**2713.2 Discrimination and Complaint Resolution Process Page 9 July 10, 2006**

**2. Special Rules for Adverse and Performance-Based Actions.**
When an employee is affected by a removal, suspension for more than 14 days, reduction in grade or pay, or furlough of not more than 30 days (whether due to disciplinary action, performance-based action, or other reasons), and the employee wishes to allege that such action was due, in whole or in part, to prohibited discrimination, the employee may elect to do either (but not both) of the following:

a. file a charge directly with the General Counsel of the Personnel Appeals Board (PAB) under 4 C.F.R. within 30 days of the effective date of the personnel action and raise the issue of discrimination in the course of the proceedings before the Board; or

b. file a complaint of discrimination with O&I under this order. Consultation with a counselor, without filing a written complaint of discrimination, does not constitute an election of the O&I complaint process.

**3. Complaints against O&I Staff.**

a. An employee or applicant alleging discrimination against a member of the O&I staff shall follow the counseling procedures in paragraph 1 of this chapter. The aggrieved person has the right to request a counselor from outside the O&I office.

b. If the aggrieved person wishes to file a formal complaint against an O&I staff member, she or he shall follow the process in chapters 2, 3 or 4 of this order, except that the complaint shall be filed with the Chief Administrative Officer who will appoint an employee to assume the duties of the Managing Director, O&I, for the purpose of processing the complaint.

**4. Filing Individual Complaints.**

a. A complaint must be filed with O&I within 15 days of receipt of the notice required by paragraphs 1.d., 1.e., or 1.f. of this chapter and paragraph 2.d. of chapter 2.

b. A complaint must contain a signed statement from the person claiming to be aggrieved or that person's representative. This statement must be sufficiently precise to identify the aggrieved person and to describe generally the action(s) or practice(s) that form the basis of the complaint. The complaint must also contain a telephone number and address where the complainant or the representative can be contacted.

3

c. O&I shall acknowledge receipt of a complaint in writing and shall inform the complainant of the date on which the complaint was filed. The acknowledgment shall set forth the appeal rights of the parties and time limits for the appeal as set forth in chapter 6 of this order. O&I shall advise that no appeal rights exist with respect to any allegations in a complaint of discrimination based on sexual orientation.

**5. <u>Dismissals of Complaints.</u>**

a. O&I shall dismiss a complaint or a portion of a complaint for the following reasons:
(1) It fails to state a claim under chapter 1, paragraph 7, or states the same claim that is 2713.2 Discrimination and Complaint Resolution Process Page 10 July 10, 2006 pending before or has been decided by O&I.
(2) It fails to comply with the applicable time limits in chapter 3, paragraphs l.a.(l), 2.a.,

and 4.a., and chapter 4, paragraph 3.b. unless O&I extends the time limit in accordance with chapter 3 paragraphs l.a.(2) and 1.f.
(3) It alleges a matter that has not been raised in precomplaint counseling or mediation and

is not like or related to a matter that has been raised in pre-complaint counseling or mediation.
(4) It is the basis of a charge filed by the complainant with the PAB general counsel

under chapter 6, paragraph 4, of this order.
(5) It is the basis of a petition filed by the complainant before the PAB; or it alleges a

matter that is the same as or like and related to a prohibited personnel practice or other nondiscrimination issue raised by the complainant in a petition before the PAB.
(6) It is the basis of a pending civil action in a U.S. district court in which the complainant

is a party, provided that at least 180 days have passed since the filing of the administrative complaint; or was the basis of a civil action decided by a U.S. district court in which the complainant was a party.
(7) It is moot or alleges that a proposal to take a personnel action or a preliminary step to

taking a personnel action is discriminatory.

(8) The complainant cannot be located, provided that reasonable efforts have been made to locate the complainant and the complainant has not responded within 15 days of the mailing of a notice of proposed dismissal sent to his or her last known address.

(9) O&I has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within IS days of mailing the request or the complainant's response does not address the O&I request, provided that the request included a notice of the

4

proposed dismissal of the complaint. Instead of dismissing for failure to cooperate, the complaint may be decided if sufficient information for that purpose is available.

(10) If, prior to the issuance of the final agency decision at paragraph 8 of this chapter, the complainant refuses within 30 days of receipt of an offer of settlement to accept an agency offer of full relief containing a certification from the Managing Director, O&I, that the offer constitutes full relief, provided that the offer gave notice that failure to accept would result in dismissal of the complaint. An offer of full relief under this chapter is all the applicable relief in paragraph 1 of chapter 7.

b. In addition to the provisions of paragraph 5.a.(4), above, at the Managing Director's discretion, O&I may dismiss a complaint or a portion of a complaint that is the basis of a charge pending before the General Counsel of the PAB in which the complainant is a party.

c. O&I shall notify the complainant if a complaint or a portion of a complaint is dismissed and shall set forth the reason(s) for the dismissal and the appeal rights under chapter 6.
2713.2 Discrimination and Complaint Resolution Process Page 11 July 10, 2006

............

9. <u>**Age Discrimination in Employment Act.**</u>

a. As an alternative to filing a complaint under this order, an aggrieved person alleging discrimination based on age may file a civil action against the Comptroller General in an appropriate U.S. district court under the ADEA, after giving GAO at least 30 days' notice of the intent to file such an action. This notice must be filed in writing with the Managing Director, O&I, 441 G Street, NW, Washington, DC 20548, within 180 days of the occurrence of the alleged unlawful practice.

b. A complainant who has filed an individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief pursuant to a class complaint under the ADEA, may elect either:

**(1) to file a civil action in an appropriate U.S. district court under paragraph 2 of chapter 6, or**
**(2) to seek relief from the PAB under paragraph 4 or 6 of chapter 6.**

c. Administrative remedies shall be considered to be exhausted for purposes of filing a civil action in U.S. district court:

**(1) when more than 180 days have elapsed since the complaint was filed, provided that GAO has not issued a final decision and a charge or appeal has not been filed with the PAB, or**

5

**(2) when GAO has issued a final decision on an individual or class complaint and**

**no appeal has been filed with the PAB. The civil action must be filed within 90 days of receipt of the final agency decision.**

**10**. **Equal Pay Act. A complainant is authorized under section 16(b) of the Fair Labor Standards Act to file a civil action in a court of competent jurisdiction within 2 years or, if the violation is willful, within 3 years of the date of the alleged violation of the EPA, regardless of whether the employee pursued any administrative complaint processing. Recovery of back wages is limited to 2 years before the date of filing suit or to 3 years if the violation is deemed willful. Liquidated damages in an equal amount may also be awarded. The filing of a complaint or an appeal under this order shall not stop the clock for filing a civil action.**

**CHAPTER 4. CLASS COMPLAINTS**

**1**. **Definitions.**

a. A "class" is a group of employees, former employees, and/or applicants for employment

**2713.2 Discrimination and Complaint Resolution Process Page 13 July 10, 2006**

who, allegedly, have been or are being adversely affected by an agency personnel management policy or practice that discriminates against the group on the basis of race, color, religion, sex, national origin, age, disability, sexual orientation, or in retaliation for protected activities.

b. A "class complaint" is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that

(1) the class is so numerous that a consolidated complaint of the members of the class is impractical;

(2) there are questions of fact common to the class;

(3) the claims of the class agent are typical of the class claims; and

(4) the representative will fairly and adequately protect the class interests.

c. A "class agent" is a class member who acts on behalf of the class while the class complaint is processed.

**2. Precomplaint Processing.** An employee or an applicant who wishes to file a class complaint must seek counseling and be counseled in accordance with chapter 3, paragraph 1.a.

**3. Filing and Presentation of a Class Complaint.**

a. A class complaint must be signed by the class agent and by the representative and must identify the policy or the practice adversely affecting the class, as well as the specific action or matter affecting the class agent.

b. The complaint must be filed with O&I not later than 15 days after the agent's receipt of the notice of right to file a class complaint.

c. The class representative must be an attorney. Upon filing the complaint, the class representative must register and certify that he or she will fairly and adequately protect the class interests. The Managing Director, O&I, shall reject, without prejudice, a class complaint that does not contain this registration and certification of legal counsel. The class agent shall have 15 days from the mailing of the initial rejection to submit the registration and certificate from counsel. If the class agent fails to submit a registration and certification from counsel within this time frame, the Managing Director shall dismiss the class complaint under chapter 3, paragraph 5.a.(9), but shall accept for filing any individual complaint(s) to be processed under chapter 3. A final dismissal may be appealed under chapter 6 of this order.

d. The complaint shall be processed promptly; the parties shall cooperate and shall proceed at all times without undue delay.

**2713.2 Discrimination and Complaint Resolution Process Page 14 July 10, 2006**

**4. <u>Acceptance or Dismissal.</u>**

a. Following notification that a class complaint has been received, GAO's Office of the General Counsel shall designate an agency representative.

b. After receipt of a class complaint, O&I will forward the complaint, along with a copy of the counselor's report and any other information pertaining to timeliness or other relevant circumstances related to the complaint, to an outside administrative judge or hearing examiner.

c. The administrative judge may recommend dismissal of the complaint or any portion for any of the reasons listed in chapter 3, paragraph 5, or because it does not meet the prerequisites of a class complaint under paragraph lb of this chapter or the additional prerequisite for a class action in Federal Rule of Civil Procedures 23(b).

d. If an allegation is not included in the counselor's report, or was not included in mediation under chapter 2 of this order, the administrative judge shall give the class agent 15 days to state whether the matter was discussed with the counselor or the mediator and, if not, explain why it was not discussed. If this explanation is unsatisfactory, the administrative judge shall recommend that the allegation be dismissed. If the allegation was not discussed with the counselor, and the explanation is satisfactory, the administrative judge shall refer the allegation to O&I for further counseling of the class agent. After counseling, the allegation shall be consolidated with the class complaint.

e. If an allegation lacks specificity and detail, the administrative judge shall afford the class agent 15 days from the receipt of the request to provide specific and detailed information. If the class agent fails to provide this information within the specified time period, the administrative judge shall recommend that the allegation be dismissed. If the information provided contains new allegations outside the scope of the complaint, the administrative judge shall advise the class agent what, if any, action should be taken to proceed on an individual or a class basis concerning these allegations.

f. The administrative judge shall allow the class agent and the agency representative to file a brief on the certification of the class.

g. The administrative judge may recommend that a class be divided into subclasses and that each subclass be treated as a class, and the provisions of this section would be construed and applied accordingly.

h. The administrative judge shall prepare a written recommendation on whether to accept or dismiss a complaint; shall forward this recommendation, together with the complaint file, to O&I; and shall send notification of this action to the class agent and to the GAO representative.

The Comptroller General, or designee, shall accept, reject, or modify the recommendation. By certified mail, return receipt requested, the Comptroller General or designee shall notify the agent, the GAO representative, and the administrative judge of the decision to accept or dismiss a complaint. At the same time, O&I shall forward to the class agent and the GAO representative, copies of the administrative judge's recommendation and the complaint file. The dismissal of a class complaint shall inform the parties either that the complaint is being filed on that date as an individual complaint of discrimination under chapter 3, paragraph 1, or that the complaint is dismissed as an individual complaint in accordance with chapter 3, paragraph 5. In addition, O&I shall inform the class agent of the right to file a charge with the General Counsel of the PAB or

**2713.2 Discrimination and Complaint Resolution Process Page 15 July 10, 2006**

a civil action in a U.S. district court.

**5. <u>Notification.</u>**
a. Within 15 days of a decision accepting a class complaint, O&I shall use reasonable means (mailing to the last known addresses or posting at a place reasonably accessible to members of the class) to notify all class members of the acceptance of the class complaint.

b. Such notice shall contain

(1) the name of the organizational unit the complaint is filed against, its location, and the date of acceptance of the complaint;

(2) a description of the issues accepted as part of the class complaint;

(3) an explanation of the binding nature of the final decision or resolution of the complaint on class members; and

(4) the name, the address, and the telephone number of the class representative.

**6. Obtaining Evidence Concerning the Complaint.**
a. The administrative judge shall notify the class agent and the GAO representative of the allowable time period for both parties to prepare their cases. This period will include at least 60 days from the date of notification and may be extended by the administrative judge upon the request of either party for good cause. Both parties are entitled to reasonable development of evidence on matters relevant to the issues raised in the complaint. Evidence may be developed through interrogatories, depositions, requests for admissions, stipulations, and/or production of documents. A request for information that is irrelevant, burdensome, repetitious, or privileged shall be grounds for objection to production.

b. If mutual cooperation fails, either party may request the administrative judge to rule on a request to develop evidence. If a party fails to respond to an order by the administrative judge to

provide or permit discovery without good cause, the administrative judge may
      (1) draw an adverse inference that the requested information would have reflected

unfavorably on the party refusing to provide the requested information,
      (2) consider the matters to which the requested information pertains to be established in

favor of the opposing party,

      (3) recommend that a decision be entered in favor of the opposing party, and/or

      (4) take other appropriate actions.

**7. <u>Opportunity for Complaint Resolution.</u>**
      a. The administrative judge shall furnish the class agent and the GAO representative a copy of all materials obtained concerning the complaint and provide an opportunity for the agent to discuss materials with GAO's representative to try to resolve the complaint. 2713.2 Discrimination and Complaint Resolution Process Page 16 July 10, 2006
      b. The complaint may be resolved by agreement of the GAO representative and the class agent at any time as long as the agreement is fair and reasonable.
      c. If the complaint is resolved, the resolution terms shall be written and signed by the class agent and GAO's representative.
      d. O&I shall notify all class members about the resolution in the same manner as notification of the acceptance of the class complaint and shall state the relief, if any, GAO will grant. A resolution shall bind all class members. Within 30 days of the date of the resolution notice, any member of the class may petition the Managing Director, O&I, to vacate (annul) the resolution because it benefits only the class agent or is otherwise not fair and reasonable. O&I shall process such a petition in accordance with chapter 4, paragraph 4. If the administrative judge finds that the resolution is not fair and reasonable, the judge shall recommend to the Comptroller General or designee that the resolution be vacated and that the original class agent be replaced by the petitioner or some other class member who is eligible to be the class agent during further processing of the class complaint. A GAO decision that the resolution is not fair and reasonable vacates any agreement between the former class agent and GAO's representative.

~~. - - .

United States Government Accountability Office Opportunity & Inclusiveness Washington, DC 20548

September 6, 2006

Mr. Jim Moses 1662 Cyrene Drive Carson, CA 90746

Dear Mr. Moses:

This is to amend your complaint of discrimination that you filed with this office on April 4, 2006 based on our review of your allegations and related information, we have accepted the following claim for investigation.

- Whether you were discriminated against based on your race (African American) and age (64) and retaliated against for prior EEO activity, when you were not placed in the Band lIB pay range during the Band ]] restJuct1lring in June 2006, because of discriminatory selection criteria.

If you believe that w~ have not correctly identified the issues in your complaint, please provide us your specific reasons, in writing, within 10 calendar days of receiving jJ1is letter.

Agency Investigation of Accepted Allegations

An independent firm under contract with GAO will investigate the accepted allegations in your complaint and will be in touch with you shortly. When the investigation is completed, we will provide you an opportunity to comment on the report. GAO's Chief Operating Officer, or his designee, will send you a final agency decision, with notice of your appeal rights and the applicable time limits for appeal actions. As outlined in the enclosure, under certain circumstances, prior to receiving the final agency decision, you may file either (1) a civil action in an appropriate U.S. district court or (2) a charge with the General Counsel of the GAD Personnel Appeals Board (PAB). Either filing terminates this Office's administrative proceedings under GAG Order 2713.2.

If you have any questions regarding the administrative complaint procedures, please contact Dolores H. Crawford or me at (202) 512-6388

Sincerely,

*tA  li.* C:~~::::~~ J

Ronald A Stroman Managing Director


Enclosure - Appeal Rights


Page 2

HENRY A. WAXMAN, CALIFORNIA
  CHAIRMAN

TOM LANTOS, CALIFORNIA
EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
  DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY   (202) 225–5051
FACSIMILE  (202) 225–4784
MINORITY   (202) 225–5074
TTY        (202) 225–6852

http://oversight.house.gov

TOM DAVIS, VIRGINIA,
  RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, TENNESSEE

DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
— —

March 16, 2007

The Honorable David M. Walker
Comptroller General
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Dear Mr. Walker:

In a March 12, 2007, *Federal Times* article entitled, "Comptroller General Pans CRS Study of GAO Pay," you imply that the GAO Human Capital Reform Act of 2004 (GAO Reform Act) required you to pay employee salaries that would be comparable to what they would make in the labor market, and to pay employees performing work of equal value the same amount. You made similar comments during a GAO Town Mall Meeting on February 27, 2007. In the *Federal Times* article, you also expressed disappointment that the Congressional Research Service (CRS) did not permit you to review their study on GAO's personnel system, and said that you could not provide details of the Watson Wyatt compensation study that you commissioned because it was "proprietary."

As you are aware, the GAO Reform Act was submitted to Congress in 2003 for consideration by GAO. You referred to it in your July 16, 2003, testimony before the predecessor to this Subcommittee on Federal Workforce, Postal Service, and the District of Columbia as the "GAO proposal." The Senate report on the legislation states that it is "based on the Comptroller General's recommendations." You, and your special assistant at the time, Helen Hsing, actively advocated for passage of the Act. The legislation was not forced upon you and it did not *require* you to conduct a market-based compensation study on which to base employees' pay. Neither does the law require you to match local pay rates. Specifically, Sec. 3(a) of the Act states that in making annual pay adjustment determinations, the "Comptroller General shall *consider*" various principles, including the principle that "equal pay should be provided for work of equal value within each local pay area."

Furthermore, as Members of Congress, we take very seriously commitments that are made to us on the record. Such commitments would be meaningless if the individual making the commitment can change their mind without first consulting with, and seeking the approval of, Congress. Therefore, it is very disturbing that you did not keep your 2003 commitment to Congress to guarantee GAO employees who "met expectations" the 2006 and 2007 annual across the board increases, and you did so without Congressional knowledge or consent.

CRS provides legislative research analysis, at the request of Members of Congress. Unlike GAO, CRS works for us on a confidential basis when requested to do so, and does not provide an opportunity for agency comments. This is a longstanding CRS policy and an exception was not made for GAO, nor should it have been. Additionally, in the course of researching GAO's personnel restructuring, CRS requested that GAO provide specific information on the Watson Wyatt study. For example, CRS asked for an October 29, 2004, Watson Wyatt document that reportedly describes the study's design objectives and methodology. GAO refused to provide this document, saying it was "deliberative in nature." CRS also asked whether any outside organizations to which GAO had lost employees in the past were excluded from the pay study, but GAO did not answer this question. CRS also asked a series of questions regarding GAO's use of its pay authority, including (1) whether GAO considered the placement of Band II into Band IIA a "reduction in grade or band" under Section 4 of the GAO Reform Act; (2) how GAO could freeze the pay of Band I and Band III employees who were clearly not "reduced in grade or b a n d ; and (3) how GAO could use factors other than the maximum rate for the grade or band to determine that Band IIB and Band III employees were overpaid (e.g., "speed bumps" and performance requirements above "meets expectations"). GAO refused to answer any of these questions, saying they "raised legal issues pending before the Personnel Appeals Board." In the Federal Times article, you were quoted as saying that you could not divulge the details of the Watson Wyatt compensation study because "the report is proprietary."

Congress's authority and power to obtain information, including but not limited to propriety information, is extremely broad. Such power is essential to the legislative function as to be implied from the general vesting of legislative powers in Congress. Therefore, we are requesting that you provide all information and communications relating to the Watson Wyatt compensation study that you relied upon to make pay determinations. The data should include, but not be limited to the outside organizations GAO compared itself to (how the companies were selected, specifically, did GAO state which companies should or should not be included in the study), and which occupations within those organizations were compared to GAO analysts and specialists. You should also answer all questions that CRS posed to GAO last November regarding the implementation of your authority under the GAO Reform Act that you did not answer at that time.

Please provide this information within 14 days of the receipt of this letter. If you would like to discuss this matter further, please contact Tania Shand on (202) 225-5147.

Sincerely,

Danny K. Davis
Chairman
Subcommittee on Federal Workforce,
 Postal Service, and the District of Columbia

Eleanor Holmes Norton
Member of Congress

Elijah Cummings
Member of Congress

Stephen Lynch
Member of Congress

John Sarbanes
Member of Congress

Dennis Kucinich
Member of Congress

Wm. Lacy Clay
Member of Congress

Chris Van Hollen
Chris Van Hollen
Member of Congress