IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>    **Plaintiffs**<br><br>        v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    **and**<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   1:06 CV 01712  (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOTICE OF SERVING SUBPOENAS
AND
CONSENT MOTION FOR AN EMERGENCY HEARING

Plaintiff herein hereby notices to this Court of the service of three Subpoenas duces tecum, identical in content, upon three potential witnesses holding documents relevant to this case. Those witness are known to be holding what is believed to be documentary evidence, highly relevant, if not determinative, of pending motions now before this Court, including the defendant's Motion to Dismiss. The evidence sought consists of depositions and exhibits in a related administrative proceeding, recently settled by the GAO with 12 Complainants. That evidence is believed to be determinative of the Motion to dismiss and possibly the merits of this case because the factual background and claims of both sets of parties are identical. It is very much in the interest of judicial economy and justice to enforce these subpoenas.

Time is of the essence in that it is in the interests of justice for this Court to have access

to these documents to avoid a miscarriage of justice with respect to the pending motions  The case itself is an important case, a putative class action for more than 300 injured employees at the defendant federal agency.  Andrea McBarnette, counsel for the defendants, has been contacted by telephone and she consents to the emergency hearing requested, but opposes the enforcement of these subpoenas.

New facts have surfaced relevant to these subpoenas.  The GAO has settled one case, for 12 employees identically situated with Mr. Moses, and also has granted Mr. Moses unilaterally, restoration of his status from which he was demoted, along with substantial financial relief to him.

Each of the three identical subpoenas are attached as Attachments 1-3.  Attachment 4 is the proof of service made today.  Ms. McBarnette has not to date filed a motion to quash these subpoenas and therefore they should be enforced.

Wherefore, Plaintiff requests an emergency hearing of 30 minutes at the earliest convenience of the Honorable Court.  Undersigned counsel will need about 2 hours notice to appear before the Court.

Respectfully submitted,

*Charltonw2428*

Walter T. Charlton,
D.C. Bar # 186940
Telephone 410-571 8764
1156 15th, Street N.W.. LL 10
Attorney for Plaintiff and the putative class
of about 309 persons he seeks to represent

Certificate of Service

      I hereby certify that I filed via the ECF system a copy of this Notice and Consent Motion for an Emergency Hearing with the expectation that a copy thereof will be delivered to:

Andrea McBarnette, AUSA  
555 Fourth Street, N.W  
Washington, D.C.  
20530

      _____CharltonW 2428_____

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses, et. al.,<br>    Plaintiff,<br>V.<br>David M. Walker<br>Comptroller General of the<br>United States Government Accountability<br>Office,<br>    Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No: 1:06-01712  JGP |

TO: UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE , **Personnel Appeals Board**, 820 first Street, N.E. Washington, D.C., 20002, Attn. Beth Don, Executive Director, Personnel Appeals Board

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

■ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| | |
|---|---|
| ENTER DOCUMENT DESCRIPTION(S) HERE (10 pt)<br>See Attachment I , at the GAO Personnel Appeals Board | |
| PLACE: Please send the requested documents to Mr. Charlton's office, 1156 15th, Street N.W. Washington, D.C. LL10, 20005. | DATE AND TIME<br>**On or Before May 10th, 2007, or as otherwise arranged by counsel** |

■ **YOU ARE COMMANDED** to permit inspection of the following documents and materials at the date and time specified below.

| PLACE:<br>See Attachment 1, at The United States General Accounting Office Personnel Appeals Board | DATE AND TIME<br>**Between May 3rd and 10th, 2007, or as otherwise arranged by counsel** |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| _____/s/ CharltonW 2428_____ ____ Attorney for Plaintiff, and the Class he seeks to represent<br>Walter T. Charlton, D.C Bar # 186940 | April 30th, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Walter T. Charlton, Esq.; 1156 15th Street, N.W. LL 10, Washington, D.C. 20005. Telephone 410 571 8764, Email charltonwt@comcast.net |
| |
| **SEE ATTACHMENT # 1 FOR DOCUMENTS TO BE INSPECTED AND FURNISHED** |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] **If action is pending in district other than district of issuance, state district under case number**

AO 88 (Rev 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | Date | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____  _____
            DATE                                                            SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (I) fails to allow reasonable time for compliance;
        (Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,
subject to the provisions of clause (c) (3) B (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

        (Iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (Iv) subjects a person to undue burden.

    (B) If a subpoena

        (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (Ii) requires disclosure of an unrestrained expert's opinion or information not describing specific events or occurrences in dispute and resulting in the expert's study made not at the request of any party, or
        (Iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued sows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim

**ATTACHMENT I**                                                                                                          **ATTACHMENT I**

### LIST OF DOCUMENTS TO BE FURNISHED IN RESPONSE TO THIS SUBPOENA

Plaintiff subpoenas the following materials and information for inspection and copying.

(1)  The Original and Amended Complaints or Petitions filed in the case of 12 employees who recently settled the case against GAP captioned as follows:

    BEFORE THE PERSONNEL APPEALS BOARD
U.S. GOVERNMENT ACCOUNTABILITY OFFICE (The PAB)

Williams, et al.,
Petitioners,
    V.
U.S. Government Accountability Office, )
Respondent.

PAB, Docket Nos. **06-02,06-03,06-04,06-05,06-06, 06-07,06-08,06-09,06-lO,O6-1 l,O6-12,06-13**.
GAO Personnel Appeals Board
Office of the General Counsel
Union Center Plaza TI, Suite 580
820 First Street, NE
Washington, D.C. 20548
(202) 5 12-751 2

(2)  All of the Depositions and Exhibits to those depositions taken by the Plaintiffs in PAB cases described above for the persons deposed in the above case, including but not limited to:

1—Comptroller General David Walker,

2—Chief Operating Officer Gene Dodaro,

3—Chief Administrative Officer Sallyanne Harper,

4—Former Special Assistant to the CG Susan Kladiva

5—Former Managing Director of the Human Capital Office Jesse Hoskins

and a number of Managing Directors who led the teams where the 12 Band IIs worked.

6.  Any person at the GAO office of inclusiveness who was deposed, believed to be Ron Stroman. Director and one other.

(3) Note A: Undersigned member of the Bar of this Court believes after due consideration that the afore-described materials are readily available and contain highly relevant evidence, perhaps determinative, of motions pending in this United States District Court case.  Counsel for the Defendant is requested to contact undersigned counsel immediately in the event there is any impediment to timely production of these important materials to arrange to accommodate the production thereof.  Please telephone 410 571 8764, between 9 and 5 M-F.  Fax number is 410 897 0471, email charltonwt@comcast.net

(4) Note B: Undersigned counsel will be responsible for the costs of duplicating any documents furnished in accordance with the applicable United States District Court rules for obtaining evidence via the subpoena process.


_____/s/_____Charlton W 2428_____
Walter T. Charlton, D.C. Bar # 186940

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses, et. al., Plaintiff,<br>V.<br>David M. Walker<br>Comptroller General of the<br>United States Government Accountability Office,         Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No: 1:06-01712  JGP |

**TO: Ann Wagner, Esquire, General Counsel**, United States Government Accountability Office Personnel Appeals Board, 820 first Street, N.E. Washington, D.C. 20002

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| ENTER DOCUMENT DESCRIPTION(S) HERE (10 pt)<br>See Attachment I , at the GAO Personnel Appeals Board | |
|---|---|
| PLACE: Please send the requested documents to Mr. Charlton's office, at address provided below. 1156 15th, Street N.W. LL 10, Washington, D.C. 20005. | DATE AND TIME<br>On or Before10th, 2007, or as otherwise arranged by counsel |

■ YOU ARE COMMANDED to permit inspection of the following documents and materials at the date and time specified below.

| PLACE:<br>See Attachment 1, at The United States General Accounting Office Personnel Appeals Board | DATE AND TIME<br>Between May 3rd and 10th, 2007, or as otherwise arranged by counsel |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT<br><br>    /s/     CharltonW 2428<br>Walter T. Charlton, D.C Bar # 186940          Attorney for Plaintiff, and the Class he seeks to represent | DATE<br><br>April 30th, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Walter T. Charlton, Esq.; 1156 15th Street, N.W. LL 10, Washington, D.C. 20005.<br>Telephone 410 571 8764, Email charltonwt@comcast.net | |
| **SEE ATTACHMENT # 1 FOR DOCUMENTS TO BE INSPECTED AND FURNISHED** | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] **If action is pending in district other than district of issuance, state district under case number**

AO 88 (Rev 1/94) Subpoena in a Civil Case

| | | |
|---|---|---|
| **PROOF OF SERVICE** | | |
| **SERVED** | Date | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                            DATE                                                         SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (I) fails to allow reasonable time for compliance;
   (Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) B (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or
   (Iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (Iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(Ii) requires disclosure of an unrestrained expert's opinion or information not describing specific events or occurrences in dispute and resulting in the expert's study made not at the request of any party, or

(Iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued sows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim

**ATTACHMENT I**                                                                                                   **ATTACHMENT I**

### LIST OF DOCUMENTS TO BE FURNISHED IN RESPONSE TO THIS SUBPOENA

Plaintiff demands the following materials and information be furnished for inspection and copying.

(1) The Original and Amended Complaints or Petitions filed in the case of 12 employees who recently settled the case against GAP captioned as follows:

**BEFORE THE PERSONNEL APPEALS BOARD**
**U.S. GOVERNMENT ACCOUNTABILITY OFFICE (The PAB)**

Williams, et al.,
Petitioners,
    v.
U.S. Government Accountability Office, )
Respondent.

PAB, Docket Nos. **06-02,06-03,06-04,06-05,06-06, 06-07,06-08,06-09,06-lO,O6-1 l,O6-12,06-13**.
GAO Personnel Appeals Board
Office of the General Counsel
Union Center Plaza TI, Suite 580
820 First Street, NE
Washington, D.C. 20548
(202) 5 12-751 2

(2) All of the Depositions and Exhibits to those depositions taken by the Plaintiffs in PAB cases described above for the persons deposed in the above identified case(es), including but not limited to:

1—Comptroller General David Walker,

2—Chief Operating Officer Gene Dodaro,

3—Chief Administrative Officer Sallyanne Harper,

4—Former Special Assistant to the CG Susan Kladiva

5—Former Managing Director of the Human Capital Office Jesse Hoskins

and a number of Managing Directors who led the teams where the 12 Band IIs worked.

6. Any person at the GAO office of inclusiveness who was deposed, believed to be Ron Stroman. Director and one other.

(3) Note A: Undersigned member of the Bar of this Court believes after due consideration that the afore-described materials are readily available and contain highly relevant evidence, perhaps determinative, of motions pending in this United States District Court case. Counsel for the Defendant is requested to contact undersigned counsel immediately in the event there is any impediment to timely production of these important materials to arrange to accommodate the production thereof. Please telephone 410 571 8764, between 9 and 5 M-F. Fax number is 410 897 0471, email charltonwt@comcast.net

(4) Note B: Undersigned counsel will be responsible for the costs of duplicating any documents furnished in

accordance with the applicable United States District Court rules for obtaining evidence via the subpoena process.

_____/s/  Charlton W 2428_____
Walter T. Charlton, D.C. Bar # 186940

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses, et. al.,<br>        Plaintiff,<br>V.<br>David M. Walker<br>Comptroller General of the<br>United States Government Accountability<br>Office,<br>        Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No: 1:06-01712   JGP |

TO: **Joan Hollenbach**, Esquire, General Counsels Office, United States Government Accountability Office, 441 G. Street, N.W. Washington D.C. 20548.

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| ENTER DOCUMENT DESCRIPTION(S) HERE (10 pt)<br>See Attachment I , at the GAO Personnel Appeals Board | |
|---|---|
| PLACE: Please send the requested documents to Mr. Charlton's office, at address provided below. 1156 15th, Street N.W. LL 10, Washington, D.C. 20005. | DATE AND TIME<br>On or Before10th, 2007, or as otherwise arranged by counsel |

☒ **YOU ARE COMMANDED** to permit inspection of the following documents and materials at the date and time specified below.

| PLACE:<br>See Attachment 1, at The United States General Accounting Office Personnel Appeals Board | DATE AND TIME<br>Between May 3rd and 10th, 2007, or as otherwise arranged by counsel |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
|         /s/    CharltonW 2428                    Attorney for Plaintiff, and the<br>Walter T. Charlton, D.C Bar # 186940                        Class he seeks to represent | April 30th, 2007 |

| |
|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Walter T. Charlton, Esq.; 1156 15th Street, N.W. LL 10, Washington, D.C. 20005.<br>Telephone 410 571 8764, Email charltonwt@comcast.net |
| |
| **SEE ATTACHMENT # 1 FOR DOCUMENTS TO BE INSPECTED AND FURNISHED** |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] **If action is pending in district other than district of issuance, state district under case number**

AO 88 (Rev 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | Date | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                       DATE                                            SIGNATURE OF SERVER

                                                                       _____
                                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (I) fails to allow reasonable time for compliance;
        (Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,
subject to the provisions of clause (c) (3) B (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

        (Iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (Iv) subjects a person to undue burden.

    (B)  If a subpoena
        (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (Ii) requires disclosure of an unrestrained expert's opinion or information not describing specific events or occurrences in dispute and resulting in the expert's study made not at the request of any party, or
        (Iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued sows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim

**ATTACHMENT I**                                                                                                    **ATTACHMENT I**

### LIST OF DOCUMENTS TO BE FURNISHED IN RESPONSE TO THIS SUBPOENA

Plaintiff demands the following materials and information be furnished for inspection and copying.

(1)  The Original and Amended Complaints or Petitions filed in the case of 12 employees who recently settled the case against GAP captioned as follows:

**BEFORE THE PERSONNEL APPEALS BOARD**
**U.S. GOVERNMENT ACCOUNTABILITY OFFICE (The PAB)**

Williams, et al.,
Petitioners,
    V.
U.S. Government Accountability Office, )
Respondent.

PAB, Docket Nos. **06-02,06-03,06-04,06-05,06-06, 06-07,06-08,06-09,06-lO,O6-1 l,O6-12,06-13**.
GAO Personnel Appeals Board
Office of the General Counsel
Union Center Plaza TI, Suite 580
820 First Street, NE
Washington, D.C. 20548
(202) 5 12-751 2

(2)  All of the Depositions and Exhibits to those depositions taken by the Plaintiffs in PAB cases described above for the persons deposed in the above identified case(es), including but not limited to:

1—Comptroller General David Walker,

2—Chief Operating Officer Gene Dodaro,

3—Chief Administrative Officer Sallyanne Harper,

4—Former Special Assistant to the CG Susan Kladiva

5—Former Managing Director of the Human Capital Office Jesse Hoskins

and a number of Managing Directors who led the teams where the 12 Band IIs worked.

6.  Any person at the GAO office of inclusiveness who was deposed, believed to be Ron Stroman. Director and one other.

(3) Note A: Undersigned member of the Bar of this Court believes after due consideration that the afore-described materials are readily available and contain highly relevant evidence, perhaps determinative, of motions pending in this United States District Court case.  Counsel for the Defendant is requested to contact undersigned counsel immediately in the event there is any impediment to timely production of these important materials to arrange to accommodate the production thereof.  Please telephone 410 571 8764, between 9 and 5 M-F.  Fax number is 410 897 0471, email charltonwt@comcast.net

(4) Note B: Undersigned counsel will be responsible for the costs of duplicating any documents furnished in

accordance with the applicable United States District Court rules for obtaining evidence via the subpoena process.

          /s/  Charlton W 2428
Walter T. Charlton, D.C. Bar # 186940

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>  For himself and<br>  All others similarly situated<br><br>  **Plaintiffs**<br><br>  v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>  and<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.   1:06 CV 01712 (JGP) |

**NOTICE OF SERVING SUBPOENAS**
**AND**
**CONSENT MOTION FOR AN EMERGENCY HEARING**

Plaintiff herein hereby notices to this Court of the service of three Subpoenas duces tecum, identical in content, upon three potential witnesses holding documents relevant to this case. Those witness are known to be holding what is believed to be documentary evidence, highly relevant, if not determinative, of pending motions now before this Court, including the defendant's Motion to Dismiss. The evidence sought consists of depositions and exhibits in a related administrative proceeding, recently settled by the GAO with 12 Complainants. That evidence is believed to be determinative of the Motion to dismiss and possibly the merits of this case because the factual background and claims of both sets of parties are identical. It is very much in the interest of judicial economy and justice to enforce these subpoenas.

Time is of the essence in that it is in the interests of justice for this Court to have access

to these documents to avoid a miscarriage of justice with respect to the pending motions  The case itself is an important case, a putative class action for more than 300 injured employees at the defendant federal agency.  Andrea McBarnette, counsel for the defendants, has been contacted by telephone and she consents to the emergency hearing requested, but opposes the enforcement of these subpoenas.

    New facts have surfaced relevant to these subpoenas.  The GAO has settled one case, for 12 employees identically situated with Mr. Moses, and also has granted Mr. Moses unilaterally, restoration of his status from which he was demoted, along with substantial financial relief to him.

    Each of the three identical subpoenas are attached as Attachments 1-3.  Attachment 4 is the proof of service made today.  Ms. McBarnette has not to date filed a motion to quash these subpoenas and therefore they should be enforced.

    Wherefore, Plaintiff requests an emergency hearing of 30 minutes at the earliest convenience of the Honorable Court.  Undersigned counsel will need about 2 hours notice to appear before the Court.

    Respectfully submitted,

*Charltonw2428*

Walter T. Charlton,
D.C. Bar # 186940
Telephone 410-571 8764
1156 15th, Street N.W.. LL 10
Attorney for Plaintiff and the putative class
of about 309 persons he seeks to represent

Certificate of Service

      I hereby certify that I filed via the ECF system a copy of this Notice and Consent Motion for an Emergency Hearing with the expectation that a copy thereof will be delivered to:

Andrea McBarnette, AUSA
555 Fourth Street, N.W
Washington, D.C.
20530

      _____CharltonW 2428_____