UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES D. MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 06-01712 (JGP) |
| | ) | |
| DAVID M. WALKER, | ) | |
| Comptroller General of the | ) | |
| U.S. Government Accountability Office, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF DEFENDANTS' OPPOSITION TO SUBPOENAS**

Despite Defendants' pending motion for stay of discovery until the resolution of the motion to dismiss, the Plaintiff recently served three subpoenas upon the Defendants and their employees. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants have objected to the subpoenas (Exhibit 1) and herein file the notice of their objections. Defendants oppose any discovery prior to the resolution of the motion to dismiss in order to prevent unnecessary expenditure of the parties' resources. Therefore, to the extent the Court deems Plaintiffs' "Notice of Serving Subpoenas and Consent Motion An Emergency Hearing" to be a motion to compel, Defendants respectfully request that the Court treat the instant Notice as their opposition thereto and their request for a protective order under Fed. R. Civ. P. 26(c).

Moreover, Plaintiff commenced this action under the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. § 633a (2006), the Constitution, and other federal laws and regulations, alleging age discrimination. The subpoenas, however, seek documents pertaining to an unrelated case which does not involve age discrimination claims or any other employment discrimination claims. Although Plaintiff seeks an emergency hearing regarding the subpoenas,

Defendants note that there is no emergency and Plaintiff has not articulated any reason for labeling his pursuit for discovery an "emergency" matter. There is no reason to believe - nor has Plaintiff suggested that there is any reason to believe - that the documents Plaintiff seeks, deposition transcripts and deposition exhibits from another case, will be unavailable in the future or will have any bearing on the pending dispositive motion. <u>See</u> Notice of Serving Subpoenas.

May 3, 2007                                           Respectfully submitted,


                                                                                                          /s/_____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

                                          _____/s/_____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney.

                                          _____/s/_____
                                          ANDREA McBARNETTE, D.C. Bar  # 483789
                                          Assistant United States Attorney
                                          555 Fourth Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 514-7153

Government Accountability Office
Staff Attorney
Cherie Owen



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 3, 2007

<u>EMAIL AN D U.S. MAIL</u>
Walter T. Charlton & Associates
Attorney at Law, Washington, D.C.
230 Kirkley Road
Annapolis, Md  21401

      Re: <u>Moses, et al v. Walker</u>, 06-01712 (JGP)

Dear Mr. Charlton:

      Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants object to the three subpoenas addressed to the PAB, Joan Hollenbach in the General Counsel Office of GAO, and Anne Wagner, General Counsel of PAB.  Defendants will not comply with the subpoena absent a Court order at this time.  As you know, Defendants have filed a motion to stay discovery which is presently pending with the Court.  The Court can easily resolve the motion to dismiss without discovery and thus discovery at this time would only waste the parties' resources and time.  As such, compliance with the subpoenas while the case is in the current posture would be unduly burdensome on Defendants.  Likewise, Defendants believe that the Court can easily resolve the motion to stay discovery based on the papers filed and without a hearing even though Defendants did not object to your request for a hearing on this matter.

      In addition, Defendants dispute the relevance of the documents requested to the above-captioned action.  Plaintiff seeks depositions and deposition exhibits pertaining to an unrelated GAO administrative case in which Plaintiff Moses was not a party.  Plaintiff Moses' claims are based on age discrimination.  Notably, the GAO case did not involve any employment discrimination claims.  Therefore, to the extent that Plaintiff seeks irrelevant materials, Defendants object.  To the extent that Plaintiff seeks sensitive and private documents pertaining to employees' performance, Defendants object on the grounds that such disclosure in the absence of an appropriate protective order would violate the Defendants' privacy regulations and would

otherwise constitute an unwarranted invasion of third parties' privacy interests.

                Sincerely yours,

                JEFFREY A. TAYLOR
                United States Attorney


        By:    Andrea McBarnette
             Assistant United States Attorney

cc:
Cherrie Owen
U.S. GAO
441 G Street, N.W.
Rm. 7838
Washington, D.C. 20548