IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>      For himself and<br>      All others similarly situated<br><br>      **Plaintiffs**<br><br>                  v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>      **and**<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   1:06 CV 01712  (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Plaintiff's Reply to Defendants' Objection to Subpoenas**
**(And Request for a Protective Order Pursuant to F.R.Civ. P. 45 (a)(2)©,**
**(d) and (e) Requiring Forthwith Production of Relevant Subpoenaed Evidence)**

**Preliminary Statement and Statement of Relevant Facts:**

James D. Moses, named class representative and plaintiff herein, effective in his paycheck on April 7th, 2007, was unilaterally granted substantial relief in his claims, being restored in grade to the position from which he was demoted, paid a bonus approximately equal to his denied cost of living increase (cola) and granted a raise in pay.  Simultaneously, Plaintiff has learned that 12 identically situated complainants in the administrative process have settled their case with essentially full relief being granted.  Moses learned that the GAO had capitulated in all of these identical matters because of its reluctance to disclose the contents of testimony, highly impeaching in nature,  contained in six depositions (with exhibits) taken by the complainants in the essentially identical administrative cases which were settled on or about

1

April 10th, 2007. That testimony is believed will demonstrate the non-candid nature of GAO's management's response to valid and relevant inquiries by plaintiffs/complainants, inquiries by this Court in hearings, and the Congress itself, to whom GAO is ultimately responsible.

Plaintiff(s) have learned and thus believe that GAO's defenses set out in this case in its Motion to Dismiss, as to (both) GAO's defense of untimeliness of Moses claims, and the purported substance of the nature of GAO's decision-making process which led to the demotions are false. That decision making process denied cost of living increases and resulted in demotions of senior GAO auditors. Evidence proffered by Moses, which has not been challenged, demonstrates that instead of a "market bases pay scale" the true reason for the demotions is a strong age bias which appears in all of GAO's secret in house statistics GAO has falsely denied to this Court the very existence of those statistics in filings based upon sworn GAO employee testimony in related cases.

GAO's purported reason, a supposedly independent study, that evidence will show, was not the foundation of the demotion process at all. Rather, age and other reasons, biased judgment, explainable only by the GAO top managements cerebral machinations unrelated to the actual results of the independent study, drove the GAO decisions to eviscerate the ranks of its older staff.

In short, the difficult proof of pretext and age bias is believed to be contained in the easily obtainable evidence. It is already compiled and printed, only reproduction is required for exposure for the entire world to see. And that is what these plaintiffs seek.

Moses claims that essentially all of the purported reasons underlying GAO's position, as stated in GAO's pending Motion to Dismiss, evidence of his own timeliness, and GAO's claims

that its actions were based on a purportedly independent study (the Watson-Wyatt) report, and the theory of "market based pay" will be impeached as a subterfuge, by the material sought. Plaintiffs claim that included in the materials is evidence of yet another attempt to mislead this Court either into delay preventing timely judicially warranted relief[1]

    Moses claims that the materials sought, public records of the PAB, are, by their very nature, highly impeaching of GAO's credibility and positions taken with this Court, as appears to be GAO's consistent and arrogant practice in its dealings with the judicial system (and this Court). This is all the more egregious since GAO's stance is presented by and through its attorneys, house counsel, and the office of the United States Department of Justice.

    The materials sought further impeach GAO's defenses of untimeliness by Moses, and through Moses the purported untimeliness of the putative class of about 320 identically situated class members. Those persons are all over 40 and were demoted, and denied the congressionally mandated COLA increase along with Moses.

    Moses claims that evidence gathered by the 12 parallel employees complaining in the administrative process will prove, beyond argument, that Moses is not only timely in his claims but that GAO's entire procedural and substantive posture is not predicated upon justice, but rather nothing but a pretext for GAO's arbitrary and illegal imposition of guidelines and rules

---

[1] Materials are already before this Court of massive, intentional non-candid answers and dissembling by GAO as to the non-existence of damning personnel statistics. The obtaining of this information has been obstructed, withheld from these plaintiffs and others in related cases for more than 20 years. Those actions have delayed, thwarted and utterly stopped the judicial process for this extended period of time. GAO has evaded class certification by falsely contending that no substantive records or system exist from which the commonality and typicality of claims can be proven. This Court is well aware of those related pleadings requiring no further explanation here. Suffice to say that the credibility of GAO, the nations "watchdog", is well on the way to being kaput, finished, and gone. THIS is a serious problem far transcending the importance of the complaints of its few courageous employees who now appear to challenge the might of this agency and its credibility before this Court.

upon its selecting managers fostering a climate and inimical to older seasoned, and experienced employees integrity and judgment. This material sought is believed to furnish materials of sufficient materiality to end this case, as well as demonstrate the bad faith nature of GAO's procedural stance and pleadings in this Court[2].

Administrative case materials have always been, as a matter of policy at the GAO Personnel Appeals Board (PAB) material for which public access is always granted. Learning these facts, Moses counsel inquired further of knowledgeable clients and obtained information strongly indicating that the PAB material contained highly relevant impeachment material pertaining to GAO's motivations and actions in this case and in related cases now before this Court. That allegation is the essence of this case and the other related cases before this Court encompassing more than 20 years.

Inquiries of the Department of Justice Counsel, Andrea McBarnette AUSA, have been unsuccessful in obtaining the materials sought. GAO has never once in 20 years honored its duty to provide material required by Federal Rule of Civil Procedure 26(b)(1). That rule requires an initial voluntary production of all evidence adverse to its position. GAO has again, simply ignored its responsibilities to the judicial system. Therefore, with the full knowledge of GAO's non-candid pleadings in pending motions which motions contain incorrect allegations of fact, Moses exercised his rights under federal law to obtain that critical evidence.

Plaintiff sought to subpoena the materials. Plaintiff, through counsel, prepared three

---

[2] As just one example the grounds for the GAO's Motion to Dismiss on purported untimeliness will be demonstrated to be false. As another, the statements to GAO's employees, the PAB, ,and Congress to whom GAO ultimately answers for its own malfunctions, are believed to be impeached, as is the credibility and results of the purportedly independent pay scale study upon which GAO's actions, in reality just more age discrimination, were purportedly based.

identical subpoenas to be served upon the three sources which had possession of copies of the material evidence.

Those persons subpoenaed were: the PAB, The General Counsel of the PAB who took or was in charge of taking the depositions of high GAO officials, and the house counsel of GAO who is, or believed to be in charge of this case for GAO.

Compliance with the subpoenas was set for May 3 through 10, 2007. Instead of compliance or filing for a protective order giving reasons for non-compliance, GAO merely notified undersigned counsel that it objected to the production of the material subpoenaed until such time as GAO's Motion to Dismiss is Decided[3].

GAO, in its response to the Subpoenas, has proffered false, even obviously specious reasons for the otherwise unsupported denial of this important evidentiary material. Argument following refutes those allegations seriatim.

**ARGUMENT**

**I. Each of GAO's Representations of Fact Purportedly Supporting or Justifying Non-Production of the Relevant Evidence Are Refuted Following:**

In sum, the reasons for not furnishing this material as given in the Opposition filed on May 3, 2007 are incorrect, disingenuous, and fail to state the reasons this material is critical to

---

[3] That Motion to Dismiss, based upon untimeliness is specious and unsupported by any credible evidence. Moses has refuted the allegations of untimeliness by his declaration which relies upon a reconsideration process specifically adopted by GAO to process complainants. The dates in that process are unchallenged by evidence from the only person having direct knowledge of the date of the final reconsideration decision, the Comptroller General (CG) himself. Immediately upon receiving the final decision of the CG Moses complained in accordance with the specifically applicable regulations. Moreover, evidence recently received (Exhibit 1, ¶ 2), letter of PAB General Counsel (discussed elsewhere in contemporaneous filings in this case) sets out the rules at GAO which Moses followed to the letter. In short, the Motion to Dismiss is just more disingenuous pleading by the GAO.

5

matters pending before this Court. Those incorrect statements are each referenced, followed by the reason each particular statement is incorrect :

    **1. Reason given by GAO** (Page 1, ¶ 1): "Defendants oppose any discovery prior to the resolution of the motion to dismiss in order to prevent unnecessary expenditure of the parties's resources".

    **1. Moses Objections and Refutation of the Defendants Representations of Fact**:

This information, not in an unrelated case, but in a factually identical case, before the administrative forum set up by Congress to support GAO employee rights, is obstructing and covering up material matters in contravention of its own statutory (PAB's) duties. And they may get away with that violation, unless immediate access to that information is permitted by enforcement of these subpoenas.

### PLAINTIFF'S SUBPOENA IS *NOT* A DISCOVERY MATTER TO BE PROCESSED IN DUE COURSE

    Plaintiff's subpoena is not a normal discovery subpoena for trial material. Rather, Moses is entitled to the public information sought, right now, and that information is relevant to pending motions which are determinative of the outcome of this case. For example, if GAO management has misled the plaintiff, or the Court as to the facts regarding Moses timeliness of his filings, the main claim of defendant on his motion to dismiss, the application of Equitable Tolling, for the failure of the GAO to follow its own regulations, on purpose, to mislead employees as to applicable deadlines bars application of the purported deadlines.

    These actions, if they exist at all are believed, are on their face incredibly dishonest and

are believed to be stated in detail in the materials sought.  This evidence affects Moses entire case, the pending motion to dismiss, and the credibility of GAO management as a whole.  It therefore obviously affects the outcome and processing of the entire case for himself and for the class he seeks to represent.

To fail to require the immediate production of the public information requested, and denied, is nothing less then intentional obstruction of justice, mis-labeled, in order to delay justice, mislabeled as "a discovery dispute".  It is no such thing, but rather simple dishonesty on the part of this important government agency, the purported "watchdog" for Congress.  Congress needs to train its "watchdog", and so should this Court.  At least the Court should require the "watchdog" to be candid with the Court as a matter of simple respect.  These actions, when boiled down to the essence, are simple matter of arrogance and contempt of Court.

Finally, the Congress has set up a joint session between relevant House and Senate subcommittees, to review the GAO personnel practices in the light of recent happenings in this case, the Moses et al case, and in the case of the identical 12 settled employees.  The interests of truth and justice require an immediate, though short hearing on the production of the evidence requested by these subpoenas.

**Moses Further Response to Point Number 1**:

This reason is specious and incorrect.  The information sought is expected to reveal key information refuting the essence of GAO's untimeliness defense to Moses complaint.  Plaintiffs have issued just one subpoena, for materials already in existence, copies of which are held by all three possible recipients of the subpoenas.  Only one complete copy is expected or demanded..  Strikingly absent from the Defendants response is an admission that all of the materials requested

7

are public information which must be maintained as a matter of law in the PAB files. The fact that this is not being done to these materials is indicative of the importance and damaging nature of the withheld materials.

Plaintiff will pay for duplication. Thus, there will be no prejudice or expense whatever to either of the defendants. No more need be said for this to be deemed a frivolous reason for non-production.

In fact, plaintiffs sworn and unchallenged declaration of facts on the timing of his administrative filing, only one day after the CG's final decision on his demotion, is expected to be supported by the verified date of the Comptroller General's final decision, not by Moses at trial, but out of the mouth of the CG himself. Otherwise he would have provided sworn evidence contradicting Moses declaration, or furnished the long distance telephone records of the date of the final phone conference with Moses wherein he denied reconsideration and finalized Moses demotion with its assorted demeaning effects. Thus, on the basis of the evidence of record, the Motion to Dismiss is frivolous and should be denied without further ado.

On information and belief, the information contained in the six depositions of GAO executives and support staff led to the settlement of the claims of 12 persons who had exactly the same factual claims as those of Moses, and the same filing schedules, albeit in a different forum.


**2. Reason given by GAO** (Pg. 1, ¶ 2): The subpoenas, however, seek documents pertaining to *an unrelated case* which *does not involve age discrimination claims* or *any other employment discrimination claims* (emphasis added).

**2. Moses Response:**

This is cleverly worded but substantively false statement designed to mislead this Court. The other case described in the above statement is for the 12 GAO employees who decided to go to the PAB *as an administrative matter* instead of complaining to this Court. In other words, those 12 employees exercised their alternative option to request relief down the administrative path. The exact same underlying actions by GAO, and all relevant fact pertain to all claims in that case and also in the Moses case. In substance they are identical set of happenings.

*One set* is labeled "prohibited personnel practices" (the 12 administrative actions), the *other set*, Moses et al is labeled Age Discrimination (which also happens to be one of several prohibited personnel claims). The underlying facts supporting each label are *exactly identical* (not just similar) in the two sets of complaints. Thus, this argument is, once again, a dishonest disingenuous "lawyer talk argument" designed to mislead this Honorable Court.

The only thing that is different from Moses case, is that the laundry list of complaints of wrongdoing contained in the 12 individual complaints before the Administrative forum, the PAB did not mention age discrimination. But, in the light of the unchallenged statistics, no one can deny that age discrimination was present, and the driving force of that management action, even though with tongue in cheek, GAO settled on that basis, all parties being afraid of the consequences of admitting "age discrimination" as correctly labeled by Moses. Every one of the 12 PAB settled complainants were within the protected age. The PAB also failed to allege that it was a class action, leading to omission of Moses and the about 320 other persons identically situated from that PAB complaint.

The obvious reason why the PAB left out the rest of the class, and failed to mention the most obvious reason for the GAO actions, based upon age (all of those persons demoted are

9

believed to be over the age of 45, and thus protected by federal law, ADEA) are not apparent. That is why this information is so vital to Moses and the class case. Plaintiffs believe that the PAB was Ordered (by GAO management), not to consider age violations, and Ordered not to make it a class action. Certainly, something of this magnitude or importance must exist in these records, simply because GAO, acting totally out of character, settled immediately after the six depositions were taken.

Given the importance given by GAO to the challenged program, and the instant settlement once the information in these depositions surfaced, and GAO's track record of misinforming this Court, plaintiff alleges that the at least one of the proverbial "smoking guns" is included in these depositions. Honesty and full disclosure in government operations and its dealings with this Court demand no less than full compliance *before* any key or determinative decisions by the Court occur on any of the several pending or dispositive motions in this case. (Once the horse has escaped the barn, its too late).

3. **Opposition by GAO (Pg. 1 ¶ 2):**

Although Plaintiff seeks an emergency hearing regarding the subpoenas, Defendant note that there is no emergency and Plaintiff has not articulated any reason for labeling his pursuit for discovery an "emergency"matter.

3. **Moses Response:**

This case was initially filed as a case requesting injunctive relief. Because of GAO's obstruction and delays, and the afore-described specious Motion to Dismiss, everything has stopped. This is procedurally and substantively wrong, but under Rule 23, the Court has the

absolute power, as the trial court, to correct the situation. Plaintiff urges that the Court exercise its power under Rule 23 to terminate the obstructionist posture of GAO and proceed with the administration of swift justice. The first thing that needs to be done, once the easily obtainable evidence is obtained via the subpoenas, is to certify the class. The emergency is real and damage irrevocable. That is the subject of tomorrow's motion. The motion for an emergency hearing.

Because of GAO's delay via the specious, false, unsupported motion to dismiss, which is devoid of any supporting evidence, utterly bare, and based upon only "lawyer talk". As one result, this case has stopped, no injunctive hearing has as of yet been heard, and GAO uses the fact of a pending motion to dismiss as an excuse to avoid answering the subpoenas for evidence of his wrongdoing highly relevant to the issues of this case. That blocked evidence includes the timeliness of filing of each class member's complaint.

The Court will note that three of the six witnesses are persons who participated in the process of Moses own denials. Those three persons are the Comptroller General, his personal assistant, and the Director of the office of inclusiveness. At the very least the credibility of these witnesses is relevant. Moses alleges that GAO is simply afraid to produce those depositions and evidence as it will prove the GAO misstated facts in its motion to dismiss Moses complaint. Moses has requested an emergency hearing on his case. The AUSA for the defendant has not opposed a hearing. That emergency hearing should also include previous access to this subpoenaed material.

**Conclusion:**

For all of the above reasons, the Defendants objections to the production of the Subpoenaed evidentiary material should be overruled, and a protective Order compelling the

production of that material, with costs of reproduction paid by the plaintiff, ordered forthwith.

In the expected event that the materials sought support the allegations herein of bad faith on GAO's part, plaintiffs respectfully request leave to apply for sanctions in the form and magnitude as deemed appropriate by the Court under a separate Rule 11 motion.

A draft Order accomplishing that objective is attached.

                          Respectfully submitted,

                          *Charltonw2428*

                          Walter T. Charlton,
                          D.C. Bar # 186940
                          Telephone 410-571 8764
                          1156 15th, Street N.W.. LL 10
                          Attorney for Plaintiff and the putative class
                          of about 309 persons he seeks to represent

                          Certificate of Service

I hereby certify that I filed via the ECF system a copy of this Plaintiff's **Plaintiff's Reply to Defendants' Opposition to Subpoenas** on May 14th, 2007 with the expectation that a copy thereof will be automatically electronically delivered to:

Andrea McBarnette, AUSA
555 Fourth Street, N.W
Washington, D.C.
20530

    *CharltonW 2428*
Walter T. Charlton, D.C. Bar # 186940

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>　　For himself and<br>　　All others similarly situated<br><br>　　**Plaintiffs**<br><br>　　　　v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>　　and<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>　　Defendants. | Case No.　1:06 CV 01712 (JGP) |

## ORDER

Upon consideration of plaintiffs' Motion for a Protective Order requiring production, at plaintiffs' expense, of the evidentiary materials alleged to be, and it appearing to the Court that such timely production is reasonably expected to be relevant to the pending issues in this case, including class certification and the pending motion to dismiss, and it further appearing that no reasonable objection has been presented by the defendant's hereto for not producing the material subpoenaed, which is described by the parties as discovery material in a parallel case alleging violations of federal employment law under the same, or substantially similar facts as the facts alleged by plaintiff for himself and the class he seeks to represent, now therefore the Motion is Granted.

Defendant, the PAB shall produce the material identified in the subpoenas, fully and completely with the costs of reproduction (only), to be paid by the plaintiff.  Production of

1

requested materials shall be forthwith, and no later than 5 working days from the effective date of this Order. The effective date of this Order shall be the date served upon counsel via the electronic ECF system.

    Further, the Court hereby sets an Emergency Hearing on alleged violations of the rules prohibiting contact to an adverse party by either GAO or the PAB, the pending Motion to Dismiss all claims on grounds of untimeliness, certification of the class, and appropriate further injunctive relief, for a time when assimilation of the subpoenaed materials has been completed. A tentative date for this hearing shall be on the ____ day of ____ for a one day hearing.

SO ORDERED.

                                                  _____
                                                  John Garrett Penn, Senior United States District Judge