UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES D. MOSES,  )<br>  )<br>      Plaintiff,  )<br>   v.  )<br>  )<br>DAVID M. WALKER,  )<br>Comptroller General of the  )<br>U.S. Government Accountability Office,  )<br>et al.  )<br>  )<br>      Defendants.  )<br>  ) | Case No: 06-01712 (JGP) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ONE WITNESS TO BE SUBPOENAED AND TO TESTIFY

Despite Defendants' pending motion to dismiss and pending motion for a stay of discovery, Plaintiff requests that he be permitted to subpoena the testimony and documents of one witness. This witness allegedly has information regarding a "secret database" at Defendant GAO. See Plt's Mt to Allow One Witness to be Subpoenaed and to Testify, p. 1. Defendants have opposed all discovery because the entire suit or, much of it, may be resolved based on the determination of preliminary questions. Specifically, Defendants' dispositive motion challenges whether Plaintiff's claims of age discrimination must be dismissed for untimeliness and/or failure to exhaust administrative remedies, as well as a failure to state a claim. In addition, Plaintiff's claim that the GAO Personnel Appeals Board ("PAB") has failed to perform its statutory oversight function, should be dismissed for failure to state a claim. If Defendants' dispositive motion is successful, any discovery taken by either party will have been a needless expenditure of resources. Thus, a stay of discovery pending resolution of the motion to dismiss is warranted.

Plaintiff's claims regarding a database are merely a reference to a discovery dispute in a separate case pending in this Court, Chennareddy v. GAO, Case No. 87-3538(JGP), a case in which Plaintiff is not a party. The parties in that case have extensively briefed the alleged secret database claims pursuant to Chennareddy's Motion for Additional Discovery, and GAO has vigorously contested the Plaintiff's claims with regard to that issue.

More importantly, the alleged evidence of a "secret database" is irrelevant to the Court's determination regarding Defendants' Motion to Dismiss and Request for Injunctive Relief. See Pl.'s Reply to Defs'. Objn. to Subpoenas at 3, n.1. The deficiencies in Plaintiff's case -- untimeliness, statute of limitations, and failure to state a claim upon which relief may be granted – exist regardless of the existence of any alleged secret dabase. Plaintiff's claims about a "secret database" are both meritless and irrelevant to the instant case. Plaintiff has failed to show how the existence of a database is even relevant to his request for injunctive relief. Therefore, the Court should deny Plaintiff's motion for the testimony of one witness.

June 18, 2007                              Respectfully submitted,

                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney
                                        _____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney.

                                        _____/s/_____
                                        ANDREA McBARNETTE, D.C. Bar  # 483789
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7153

Government Accountability Office
Staff Attorney
Cherie Owen