IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses** )<br>    **For himself and** )<br>    **All others similarly situated** )<br>    )<br>**Plaintiffs** )<br>    )<br>    v.    )<br>    )<br>**DAVID M. WALKER** )<br>**Comptroller General of the United States,** )<br>**Government Accountability Office (GAO)** )<br>    **and** )<br>**Michael Doheny, Chair** )<br>**The Personnel Appeals Board of the GAO,** )<br>    **Defendants.** )<br>    ) | Case No.   1:06 CV 01712  (JGP) |

**Reply to Defendant's Opposition to Motion to Gather Evidence and Testimony**
**(Reply to Document # 35)**

After a delay of two weeks, Defendant files a two page opposition replete with misstatements and misinformation.  This case is proceeding from the incredible to the outright false.  It has become obvious that the entire case of Defendants is based upon delay.  Meanwhile falsities pile upon falsities to confuse the issues and cause yet more delay.   In the meantime GAO proceeds to interview and mislead putative class members without even telling them that this case exists.  False information is filed with the Court attempting to justify denial of evidence which will refute GAO's misstatements to this Court relevant to all pending motions.  These subpoenas and evidence are specifically relevant, even determinative of the Defendants' Motion to dismiss and to Plaintiffs Motion to Immediately Certify the Class and for Injunctive Relief.

Among the falsities put forth by GAO are:

1. GAO claims to have filed a "Motion to Dismiss" (Pg. 2, ¶ 2). But GAO submitted evidence with that motion, (Docket Report, containing affidavits and Exhibits 1-7) therefore that Motion is NOT a motion to dismiss, it is a motion for summary judgment. GAO has not followed the rules pertaining to summary judgment motions. Details are in Plaintiff's Opposition to the purported "Motion to Dismiss" (Docket Report Document # 11).

2. The motion to dismiss is based upon demonstrably false contentions. GAO failed to follow its own statutory due process requirements (Testimony of PAB General Counsel before Congress, see Exhibit 1 hereto, page 20-23[1] of PAB General Counsel's sworn Testimony, May 22, 2007)[2]. Where an agency fails to follow its own regulations, as GAO did here, it cannot hold an employee to a time schedule it failed to follow itself, or one that is inapplicable to the situation.

---

[1] Page numbers added by counsel.

[2] PAB General Counsel Anne Wagner testified at a Joint Session of Congressional sub-committees of the House and Senate on May 22, 2007 pertaining to these 308 employees (as if they were a class):
> "The fundamental thrust of the Band 2 cases that we had taken to the Personnel Appeals Board was essentially that the restructuring of the Band 2 workforce violated the petitioners' statutory due process rights. There were three essential grounds to this claim.
> First, that the reassignments from Band 2 to Band 2A constituted demotions and that these demotions were taken by GAO without just cause, as required by law.
> Secondly, we were prepared to litigate that the restructuring process itself was so flawed from the inception to implementation that the ensuing demotions could not be sustained.
> Thirdly, we were prepared to show that the restructuring was contrary to 5 USC 4302, which is made applicable to GAO under the GAO Personnel Act as 31 USC 732. We were also prepared to show that the restructuring process did not comport with the human capital legislation, specifically, section 9 of Public Law 108-271.
> Finally, we were prepared to argue that the elimination of the COLA for the Band 2A petitioners was contrary to the statutory authorization, as set forth in Public Law 108-271, section 3."......

Evidence now in the hands of plaintiffs is to the effect, which is believed and alleged will be held to be irrefutable proof, **by the evidence sought**, is that the actions of GAO described above by the PAB General Counsel also were intentionally discriminatory, both as to age and race. It is also alleged that the procedural defects described above will render GAO's argument of alleged deficiencies in Moses alleged but non-existent untimeliness, utterly false.

3. Moses was in fact timely in his filing. He filed one day after the Comptroller General's final decision on his demotion. Moses sworn statement on that point has not even been addressed by GAO. It therefore must be taken as conceded.

4. Moses was not required to exhaust administrative remedies. For an age case, which this case is, all he needed to do was to file a timely 30 day notice of intent to sue. He did that. That fact also has not been addressed, and thus must also be taken as conceded.

5. GAO's false position as to the necessity of the waiting on a decision for certifying the class and to exhaust administrative remedies fly in the face of Rule 65. Here, immediate and irreparable harm is happening, RIGHT NOW. Class members are being misinformed as to their rights including the fact that they are already represented as members of this putative class. And they may well throw away those claims by untimely proceedings with the PAB, a totally dominated GAO servant agency.

6. The evidence sought is necessary to be presented to the Court on that issue, the injunctive relief. Moreover, it is relevant and necessary to demonstrate the fact that GAO failed to follow its own regulations, and well knew it at the time it filed its disingenuous Motion to Dismiss.

7. Finally, GAO makes its crowning glory of a false statement when it states on page 2 of its objection:

> Plaintiff's claims regarding a database are merely a reference to a discovery dispute in a separate case pending in this Court, Chennareddy v. GAO, case No. 87-3538(JGP), a case in which Plaintiff is not a party.

The falsities are:

A. Moses is a party in interest in that other case in that:

He has moved to intervene and been denied. He is also a member of the putative class that was repeatedly denied (without prejudice) by GAO stating falsely to this Court on numerous occasions that no such centrally located and controlled personnel system and/or database existed. Both of those statements are now known to be categorically false, when made and now.

B. The existence of this database is relevant to THIS CASE. It is relevant because the data in that database would prove beyond any reasonable doubt all of Moses allegations to an extent that would make GAO's misrepresentations to this Court in this case and in all other related cases both true and irrefutable *with GAO's own data*. This case would be over, along with all of the other related cases. Thus, this subpoena is of the essence of this case and may well be determinative of the overall results of all related cases pending before this Honorable Court.

C. The question before this Court on this point is NOT a mere discovery dispute. The evidence sought is determinative. Access to that evidence has been *evaded by civil and perhaps criminal contempt of this Court, or obstruction of justice by GAO officials who know full well that they are not exempt from prosecution.* Defendants *know* what the database contains, and what as a certainty it will show as to the truth of plaintiffs' allegations. And plaintiffs also know that from the sworn testimony of the person who keeps the databases, William (Bob) Mowbray, and from representative samples available to them. This, therefore, is a substantive matter, not a *mere discovery dispute*. The issue is whether or not this "Watchdog"agency misled this Court, and now the Congress, repeatedly on a matter of national importance. That matter is whether or not the "Watchdog Agency" follows the law, and has integrity, or, whether it intentionally

misleads its own employees by cover-up and conduct massive age and race discrimination against its own employees. This is the real vital issue of this case.

    D. The database evidence sought is known to demonstrate the likelihood that Plaintiff will prevail in this case as a virtual certainty[3], and further that the Motion to Certify the Class should be granted. The required elements for class certification as well as prevailing on the merits are all contained in the evidence sought, as well as the evidence for GAO's failure to follow its own mandatory procedures as to the untimeliness alleged as to Moses.

    All of this evidence sought is therefore relevant to this case, to the extent of being determinative of all issues. In sum, the reasons given by GAO are just more attempts to thwart justice by misleading the Court, a stalling tactic where no substantive defense exists.

    For this reason, the Court should deny the objections to the subpoena process, allow the evidence to be gathered, and hold the timely hearing on the injunctive relief requested. Any other course of action will compound and exacerbate the harms now occurring in denial of these employees their procedural due process rights in addition to the discrimination harms which they have suffered and which are continuing.

    The Court will please note that GAO has attached no evidence to its attempt to escape from accountability in misleading the Court, in its Motion to Dismiss and in the various harms creating the immediate irreparable harm situation for which the evidence subpoenaed is sought.

    The plaintiffs hereby attach the Testimony of the PAB General Counsel, in pertinent part,

---

[3] Plaintiff's counsel received access to data on all employees over 50 who were affected by the "Band II split". Experts constructed a statistical model. This data, along with other representative samples, allow plaintiffs confidence in predicting what a full data analysis will demonstrate. It is not pretty. No wonder GAO is going to such lengths to obstruct this disclosure.

5

(Exhibit 1) in support of denial of GAO's objections to the subpoenas, and granting plaintiffs' requests to allow the gathering of this critical evidence for use at the hearing on injunctive relief (Exhibit 1 hereto).  That testimony describes in summary form the content of the evidence to be gathered which GAP is so desperate to evade.  This reason standing alone supports the granting of plaintiffs motion in the interests of justice.

        Respectfully submitted,

        Signed, *charltonw2428*

        Walter T. Charlton, Attorney for Plaintiffs
        D.C. Bar # 186940
        Walter T. Charlton & Associates
        1156 15th, Street N.W. LL 10
        Washington D.C., 20005-1704
        Phone 410 571 8764, Fax 410 897 0471
        charltonwt@comcast.net
        Counsel for Plaintiff and the Putative Class

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY, that I filed on June 25th, 2007 in the ECF system for the United States District Court, a Reply to the Defendants' Opposition, and one Exhibit, with the expectation that a copy would be sent to Andrea McBarnette, AUSA, counsel for the defendants, in the normal court of business.

CharltonW 2428

C:\Documents and Settings\Walter Charlton\My Documents\Moses_Reply_V2_FINALto Def_OPP_OneWitness_etc.doc

1

Exhibit 1

CONGRESSIONAL TRANSCRIPTS
Congressional Hearings
May 22, 2007
House Oversight and Government Reform Subcommittee on the Federal Workforce, Postal Service and the District of Columbia and Senate Homeland Security and Governmental Affairs Subcommittee on Oversight of Government Management, the Federal Workforce and the District of Columbia Hold Joint Hearing on GAO Personnel
Reform
LIST OF PANEL MEMBERS AND WITNESSES
---------------------------------------------------------------------------------

D. DAVIS:
The subcommittee will come to order. Welcome, Senator Daniel Akaka, Ranking Member Marchant, Senator Voinovich and members of both the Senate and House subcommittees, hearing witnesses and all of those in attendance.
Welcome to a joint House and Senate hearing on "GAO Personnel Reform: Does it Meet Expectations?"
Hearing no objection, the chairs, ranking members and both subcommittee members
will each have five minutes to make opening statements and all members will have three
days to submit statements for the record.
Again, thank you all for coming and I will begin.
-----------------------------------------------------------------------------------------------------------

D. DAVIS:
Thank you very much, Mr. Walker.
And we will now proceed to Ms. Wagner.


WAGNER:
Good morning, Chairman Davis, Chairman Akaka, members of the subcommittees. I appear here today in response to your request that I speak to issues arising out of the
restructuring of the Band 2 analyst specialist workforce at GAO that occurred in December of 2005.
As a preliminary -- well, let me just say that the assertions that we were prepared to
litigate in those cases are set forth in my written statement, which I would respectfully

20

request be admitted into the record.
As a preliminary matter, I do want to note that these cases settled, as was noted by Chairman Akaka, in April of this year and as such, the assertions that are set forth

in my written statement, to which I speak to today, do not constitute findings in the legal sense
of that term, meaning conclusions of fact and law derived upon adjudication of the evidence.
However, I firmly believe that had these matters gone to hearing before the Personnel
Appeals Board, that we would have prevailed.
The fundamental thrust of the Band 2 cases that we had taken to the Personnel
Appeals Board was essentially that the restructuring of the Band 2 workforce violated
the petitioners' statutory due process rights. There were three essential grounds to this
claim.
First, that the reassignments from Band 2 to Band 2A constituted demotions and that
these demotions were taken by GAO without just cause, as required by law. Secondly, we
were prepared to litigate that the restructuring process itself was so flawed from the
inception to implementation that the ensuing demotions could not be sustained.
Thirdly, we were prepared to show that the restructuring was contrary to 5 USC 4302,
which is made applicable to GAO under the GAO Personnel Act as 31 USC 732. We were
also prepared to show that the restructuring process did not comport with the human
capital legislation, specifically, section 9 of Public Law 108-271.
Finally, we were prepared to argue that the elimination of the COLA for the Band 2A
petitioners was contrary to the statutory authorization, as set forth in Public Law 108-
271, section 3.
With regard to the first ground, that is that these demotions were taken without just
cause, our investigation and ensuing discovery reflected that the stated cause for the
demotions was not substantiated by GAO. Specifically, GAO undertook the restructuring
ostensibly to achieve equal pay for work of equal value over time.
However, despite repeated requests that GAO produce documented evidence that the
existing performance-based compensation system that was existing at GAO prior to the

22

restructuring, as well as the Band 2 structure itself, somehow impeded GAO's ability to
pay employees equally for work of equal value over time.
Throughout the discovery process, the alternate rationale for the restructuring that were proffered by GAO were the PDRI study from 2000, as well as the Watson Wyatt
study. However, upon close examination of both of those, it was clear that neither supported GAO's contention that they somehow compelled the restructuring of the Band
2.
In particular, the PDRI study that was done in 2000 reflected a so-called bimodal response among the respondents, which GAO assumed signified that there were, in fact,
two distinct positions at the Band 2 level. However, upon further examination of that
data, it appeared that the vast majority of the respondents to that survey were, in fact,
AICs themselves, which are the leader positions within the Band 2.
So that the assumption that GAO made based on the bimodal response was unsubstantiated.
Further, with regard to the Watson Wyatt study, we discovered in the course of the discovery process that the GAO actually provided Watson Wyatt, as a design characteristic for the study, the fact that there were these two distinct positions at the
Band 2. So it wasn't accurate to say that Watson Wyatt somehow independently confirmed that there were these two positions at the Band 2 level that justified the restructuring.
I do note that my time is up and I would be happy to answer additional questions with
regard to the other grounds for which we were prepared to litigate before the Personnel
Appeals Board.
D. DAVIS:
Thank you very much, Ms. Wagner. We will now proceed to the question period.
-----------------------------------------------------------------------------------------------------------------