UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES D. MOSES, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DAVID M. WALKER, )<br>Comptroller General of the )<br>U.S. Government Accountability Office, )<br>et al. )<br>)<br>Defendants. )<br>) | Case No: 06-01712 (JGP) |

**OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE CERTIFICATION OF THE CLASS AND INJUNCTIVE RELIEF**

The Plaintiff commenced this action under the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. § 633a (2006), the Constitution, and other federal laws and regulations, alleging age discrimination in performance appraisals, advancements, pay and terminations. In the Complaint, Plaintiff stated that he was "contemporaneously filing a motion for a preliminary injunction and a motion for class certification under Rule 23." Complaint ("Compl.") at p. 13. The Defendants, David M. Walker, Comptroller General of the United States, Government Accountability Office ("GAO") et al., through counsel, requested that the Court stay discovery as well as class certification until the Court has made a decision on the Defendants' motion to dismiss.

Even though it would save the Court and the parties time and resources to await a decision on the motion to dismiss, the Plaintiff requests immediate certification of the class. Plaintiff previously objected to Defendant's motion for the stay of class certification pending a decision on the motion to dismiss, but now Plaintiff claims that immediate certification of the

class is warranted to "prevent evisceration of the class, and the destruction of the rights of each class member by direct contact, and incorrect legal advice from the adverse parties to the lawsuit." Emergency Motion, p. 2.

Plaintiff incorrectly claims that Defendant Personnel Appeals Board ("PAB") inappropriately contacted GAO employees. PAB has taken no action that has led to the evisceration of the class or any harm to the putative class. Therefore, Plaintiff's request that the Court order: 1) a prohibition of further contact by PAB to GAO employees; and 2) a "neutral letter" to GAO employees must be denied. Emergency Mt. p. 9. Furthermore, Plaintiff has not articulated an urgency for the class to be immediately certified. Because most, if not all of the claims in the complaint are likely to be dismissed, the Court should stay class certification until a decision on the pending motion to dismiss.

## ARGUMENT

### I. PAB Has Not Improperly Contacted GAO Employees

A) <u>PAB is authorized by law to communicate with GAO employees</u>

PAB is specifically authorized and is in fact required by law to communicate with GAO employees. <u>See</u> 31 U.S.C. 753. The letter dated April 24, 2007 from Anne Wagner of PAB that Plaintiff refers to as providing improper advice indicates nothing more than PAB's fulfilling its statutory duty. Emergency Mt. p. 6. Under 31 U.S.C. 753, the Personnel Appeals Board has the statutory duty to "consider and order corrective or disciplinary action in a case arising from" adverse actions, prohibited personnel practices, Hatch Act violations, bargaining unit and representation determinations, unfair labor practices, discrimination complaints, and any other matter that the Comptroller General by regulation decides the Board shall resolve. The General

2

Counsel of the Personnel Appeals Board has the statutory duty to investigate alleged prohibited personnel practices; investigate alleged Hatch Act violations; investigate a matter under the jurisdiction of the Board if the Board or a member of the Board requests; and "help the Board carry out its duties and powers." Id. Under the PAB's regulations at 4 CFR 28.12(d)(1), "if the PAB General Counsel determines that there are reasonable grounds to believe that the charging party's rights under [the GAO Personnel Act] have been violated, then the General Counsel shall represent the charging party unless the charging party elects not to be represented by the Office of General Counsel." Thus, PAB has a statutory and regulatory obligation to communicate with GAO employees.

    B)    <u>April 24, 2007 letter provided proper legal advice</u>

Plaintiff incorrectly claims that a PAB's letter dated April 24, 2007 to a GAO employee provided improper legal advice. Emergency Mt. p. 6. The advice, however, was entirely proper and correct. As is abundantly clear from the April 24, 2007 letter, PAB was responding to a GAO employee's request for representation. Emergency Mt., Exhibit 1. The April 24, 2007 letter indicated that if after an investigation into the employee's claims, the PAB decided not to represent the employee, that employee had the right to take the claims to the PAB "either pro se or with a representative of [the employee's] choice." Emergency Mt., Exhibit 1. The letter also indicated that the employee had no pending charges in front of the PAB and that therefore, the PAB could not make a determination regarding representation. The letter is entirely accurate and responsive to the GAO employee's request.[1]

---

[1] While it is unclear whether a non-discrimination claim filed at the PAB could preclude an employee from joining a district court case alleging discrimination involving the same factual situations, it is important to note that it is not the Defendants who are circulating and distributing

      C)     <u>PAB has not violated any ethical rules by contacting GAO employees</u>

Rule 4.2(a) of the District of Columbia Rules of Professional Conduct, also known as the "anti-contact rule," mandates that:

> [d]uring the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject matter of the representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so.

This rule does not prohibit the PAB communications about which Plaintiff complains.

      i.    *Potential class members are not parties*

First, the Court has not certified a class in this action. A potential class member is not deemed a party represented by counsel before the class is certified. E.g., <u>Hammond v. City of Junction City</u>, 167 F. Supp. 2d 1271, 1286 (D. Kan. 2001) ("Here, the class has yet to be certified. It is fairly well-settled that prior to class certification, no attorney-client relationship exists between class counsel and the putative class members."); <u>PAB v. Garret v. Metropolitan Life Ins. Co.</u>, 1996 WL 325725, * 6 (S.D.N.Y. 1996) ("before class certification, the putative class members are not 'represented' by the class counsel for purposes of [the anti-contact rule]."); <u>In re Potash Antitrust Litigation</u>, 896 F. Supp. 916, 921 (D. Minn.1995)( "[o]nce a class is certified, the rules governing communications apply"); <u>Fulco v. Continental Cablevision, Inc.</u>,

---

what Plaintiff terms "incorrect advice and misinformation." Wagner Affidavit, ¶5. The August 16, 2006 email attached to Plaintiff's Emergency Motion as Exhibit 3 contained advice to one particular employee and was offered in the context of an ongoing conversation between the employee and the General Counsel of the PAB with regard to the specific facts of that employee's case. Wagner Aff. ¶4. Neither the PAB nor the GAO has distributed that letter to anyone other than the individual to whom it was addressed. Wagner Affidavit, ¶5. Therefore, Plaintiff's implication that the PAB has been distributing incorrect legal advice to putative class members is incorrect.

789 F. Supp. 45, 46-47 (D. Mass.1992) ("[a]fter the class has been certified, defendants' counsel must treat the unnamed class members as "represented by" the class counsel for purposes of [the anti-contact rule]"); Babbitt v. Albertson's Inc., 1993 WL 128089, * 4 (N.D. Cal.1993) (holding that prior to class certification, the putative class members were "not represented by class counsel for the purpose of application of the disciplinary rules."); Montgomery v. Aetna Plywood, Inc., 1996 WL 189347, * 6 (N.D. Ill. 1996) ("once a class action has been certified, as has this case, . . . the ethical prohibitions against counsel for one party directly communicating with the other party are in force"); Bower v. Bunker Hill Company, 689 F. Supp. 1032, 1033 (E.D. Wash.1985) (endorsing argument that "once the court enters an order certifying a class, an attorney-client relationship arises between all members of the class and class counsel."); Cf. Manual for Complex Litigation, § 30.2 at p. 234 (3d ed.1995) (once class is certified, the ethical rules governing communications apply because each class member is deemed a client of class counsel); see also Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 215 (2d Cir.), cert. denied, 484 U.S. 908 (1987). Thus, any contact by PAB with GAO employees, whether potential class members or not, does not violate the anti-contact ethical rule because no class has been certified.

    ii)  *No communication about the subject matter of the representation*

  Second, even if the anti-contact ethical rule were applicable, PAB's communication with GAO employees still would not have violated that rule. Plaintiff Moses's action, which seeks the certification of a class, is based on alleged age discrimination. Plaintiff does not claim that the PAB has contacted any GAO employees regarding the alleged age discrimination addressed in the complaint.

     *iii)*  *By law, PAB may communicate with GAO employees*

  Finally, communications with class members in the ordinary course of business are not barred. <u>Kleiner v. First Nat'l Bank of Atlanta</u>, 99 F.R.D. 77, 79 (N.D. Ga. 1983) (permitting defendant to engage in ordinary business affairs with its clients who were putative class members.). The ordinary course of business for the PAB Office of General Counsel ("PAB/OGC") is investigating and evaluating claims from GAO employees and representing those employees upon their request. <u>See</u> 31 U.S.C. 753. Consequently, even if the class were certified, PAB/OGC's communication would not have violated any ethical rule. The letter dated April 24, 2007 from PAB General Counsel Anne Wagner indicates nothing more than that office fulfilling its statutory duty. In the April 24, 2007 letter, PAB/OGC responded to a GAO employee's request for representation. Emergency Mt., Exhibit 1. Therefore, PAB's communication with the GAO employee is entirely appropriate and warranted by statute and regulation.

**II.  Plaintiff Has Failed to Satisfy the Standard For Award of a Preliminary Injunction**

  The grant of a preliminary injunction is a drastic and unusual judicial measure. <u>Marine Transport Lines, Inc. v. Lehman</u>, 623 F. Supp. 330, 334 (D.D.C. 1985). The D.C. Circuit holds that injunctive relief is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." <u>Cobell v. Norton</u>, 391 F.3d 251, 258 (D.C. Cir. 2004). To warrant preliminary injunctive relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by

the injunction.  E.g., Mova Pharmaceutical Corp., 140 F.3d 1060, 1066 (D.C. Cir. 1998) (*quoting* CityFed Financial Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995) (internal quotation marks omitted).  A party faces an even greater burden when it seeks injunctive relief, which, if granted, would interfere with governmental operations.  Yakus v. United States, 321 U.S. 414, 440 (1940); Virginia Railway Co. v. Systems Federation No. 40, 300 U.S. 515, 552 (1937).  As shown below, the Plaintiff does not meet these standards.

    A.    No Likelihood of Success on the Merits

Plaintiff filed suit under the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. § 633a (2006), the Constitution, and other federal laws and regulations, alleging age discrimination in performance appraisals, advancements, pay and terminations.  Plaintiff has little likelihood of success on the merits of his case.

    *1.*    *Plaintiff's untimely or unexhausted age discrimination claims fail*

The Court will likely dismiss claims that were untimely or unexhausted as the Court must adhere strictly to the requirement of timely and proper exhaustion of administrative remedies. See  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 825, 100 S. Ct. 2486, 2497 (1980).  Therefore, Plaintiff has no likelihood of success on his age discrimination claims that were either untimely or unexhausted.  See MTD, p. 4-8.

    *2.*    *Plaintiff fails to state a claim regarding his 2000 and 2001 performance ratings*

Plaintiff alleges that his performance ratings for 2000 and 2001 were biased but he does

not allege the required adverse action for a discrimination case because there was no effect on his salary or grade. A lowered performance evaluation, absent an effect on the employee's salary or grade, is not sufficient to constitute an adverse employment action under the ADEA. See Brown v. Brody, 199 F.3d 446, 458 (D.C. Cir. 1999).

    *3.    Plaintiff's continuing violation claim fails*

Plaintiff contends that the alleged denial of his COLA started on the first day he did not receive a COLA in his paycheck and proceeds for himself and the proposed class for "each payday since that time." Comp., p. 13. This continuing violation argument fails as the Supreme Court in Ledbetter v. Goodyear Tire and Rubber Company, Inc., 127 S.Ct. 2162 (2007), on May 29, 2007, decided that each new paycheck does not constitute a new discriminatory act under Title VII.[2] Ledbetter, 127 S.Ct. at 2169 ("[Plaintiff] should have filed an EEOC charge within 180 days after each allegedly discriminatory pay decision was made and communicated to her. She did not do so, and the paychecks that were issued to her during the 180 days prior to the

---

    [2] The Supreme Court in Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162 (2007), rejected an employee's claim that she had timely filed when she filed within 180 days of her receipt of a paycheck that was allegedly lower as a result of a prior discriminatory act. The Court held that in such an instance, each new paycheck does not constitute a discriminatory event that restarts the time for filing. Plaintiff's claim regarding the alleged denial of a COLA falls within this general rule of Ledbetter, and because the decision regarding Plaintiff's COLA occurred outside of the filing time, Plaintiff's claim is untimely. The Supreme Court also considered a separate test pursuant to Bazemore v. Friday, 478 U.S. 385 (1986). In Bazemore, the Court found that where there was a facially discriminatory pay system (one that was created prior to the passage of Title VII to pay black employees less than white employees) each paycheck triggered a new EEOC charging period. Even if the Court were to conclude otherwise that the Bazemore test applies to the instant case, Plaintiff's claim would nevertheless be unsuccessful on the merits. GAO's pay system is based on a market-based compensation study performed by an internationally recognized expert in the field, and is not "facially discriminatory," as would be required by the Bazemore test. See id. at 2174.

filing of her EEOC charge do not provide a basis for overcoming that prior failure.")

The Supreme Court in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), makes clear that discrete events of the type alleged in the complaint are not subject to the continuing violation doctrine for individual plaintiffs. Compl. at p. 18-19. Discrete occurrences, such as termination or failure to promote, constitute a separate action for which separate and timely EEO charges (or, in the case of ADEA, Notices of Intent to Sue) must be filed. Morgan, 536 U.S. at 114.[3]

   4.     *The Plaintiff's ADEA claim against PAB fails*

Congress has not created a right of action against the EEOC or any other agency based upon the handling of an administrative complaint of discrimination, thus an alleged failure to process an administrative claim properly is not actionable under the ADEA. E.g., Storey v. Rubin, 976 F. Supp. at 1483-84 (finding ADEA does not confer jurisdiction over an action "challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved."). Because the Court has no subject matter jurisdiction, Plaintiff's ADEA claim against the PAB fails.

---

[3] The Plaintiff makes vague references to a pattern-or-practice of discrimination. In Morgan, the Supreme Court did not "consider the timely filing question with respect to 'pattern-or-practice' claims brought by private litigants." Morgan, 536 U.S. at 115, fn. 9. Plaintiff's claims of pattern or practice, however, are so vague that Plaintiff can not demonstrate a likelihood of success on the merits.

>    5.   *Plaintiff's claims under other federal laws, regulations, and the Constitution fail*

This Circuit has held that "[i]t is undisputed that the ADEA provides the exclusive remedy for a federal employee who claims age discrimination." Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); see Ward v. Kennard, 133 F. Supp. 2d 54, 58 (D.D.C. 2000); Sykes, 2005 WL 3544294 at *4. Therefore, Plaintiff's claims under the Constitution and other laws and regulations should be dismissed.

>    B.   Plaintiff Has Failed to Establish That He Will Suffer Irreparable Harm

To satisfy their burden of showing irreparable harm, movants must demonstrate specific, as opposed to speculative, harm under the particular circumstances. Miller v. District of Columbia, 2006 WL 3361504, *3 (D.D.C. 2006) (citing Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 7 (1st Cir. 1991); Mitchell v. Century 21 Rustic Realty, 233 F. Supp.2d 418, 431 (E.D.N.Y.2002)). In addition, the focus at the TRO stage is on whether the alleged harm is imminent. Id. (citing Trudeau v. Federal Trade Com'n, 384 F. Supp.2d 281, 297 (D.D.C. 2005), aff'd, 456 F.3d 178 (D.C. Cir. 2006)). Plaintiff himself cannot establish that he has suffered irreparable harm. His claims are currently proceeding before this court and Plaintiff can show no harm to himself that could not be remedied by this Court after full consideration of the merits of Plaintiff's claims. In fact, Plaintiff does not claim any harm to himself. As to the putative class members, as discussed above, they are not facing irreparable harm by any action taken by PAB.[4]

---

[4] In addition, for purposes of the "irreparable harm" factor in a request for preliminary injunction, courts look at whether the movant, in this case, the Plaintiff, will suffer irreparable harm, and not the harm alleged to the uncertified class. See Adams v. Freedom Forge Corp., 204 F.3d 475, 490-91 (3d Cir. 2000) (rejecting the plaintiffs' request to treat the uncertified class of plaintiffs as a collective group for purposes of evaluating a claim of "irreparable harm); but see Hinckley v. Kelsey-Hayes Co., 866 F. Supp. 1034 (E.D.Mich. 1994) (allowing consideration of the

C. <u>Other Interested Parties Will Suffer Substantial Harm If the Injunction Is Issued</u>

Allowing certification of a class at this early stage of the litigation would result in significant harm to Defendants. Certification of a class is proper only if the Court is satisfied after a "rigorous analysis" that the requirements of Rule 23 have been met. <u>General Telephone Co. of Southwest v. Falcon</u>, 457 U.S. 147, 161 (1982); <u>Hartman v. Duffey</u>, 19 F.3d 1459, 1469, 1473 (D.C. Cir. 1994). No such rigorous analysis of the requirements of Rule 23 has occurred and Defendants have not yet had the opportunity to challenge Plaintiff's assertions that he satisfies the requirements of Rule 23. <u>See</u> <u>Hartman v. Duffey,</u> 19 F.3d 1459, 1473 (D.C. Cir. 1994) (noting that the trial court "did not conduct any evidentiary hearing or other factual determination that would qualify as a rigorous analysis of whether the prerequisites for a class action had been met"). Moreover, because Defendants' Motion to Dismiss has not yet been decided, the principles of judicial efficiency and economy dictate that class certification should not occur at this time.

In addition, the PAB has a duty to investigate matters raised in charges filed by GAO employees. <u>See</u> 31 U.S.C. 753. If the General Counsel of the PAB determines that there are reasonable grounds to believe that the charging party's rights have been violated, the General Counsel "shall represent" the charging party unless he/she elects not to be represented by the PAB. 4 CFR 28.12(d)(1). Granting Plaintiff's request for an order prohibiting contact between the PAB and employees of GAO would inhibit the PAB's performance of its obligations. In addition, it would deprive GAO employees of their right to seek advice and redress from the PAB. Requiring the PAB to cease contact with certain GAO employees could arguably be a

---

irreparable harm faced by putative class members).

violation of the rights of those employees.

> D. <u>The Public Interest Will Not Be Furthered by the Injunction</u>

Granting Plaintiff's request for preliminary injunctive relief is against the public interest in several respects. First, the PAB has a duty to investigate matters raised in charges filed by GAO employees and represent a charging party if requested to do so. <u>See</u> 31 U.S.C. 753; 4 CFR 28.12(d)(1). Requiring the PAB to cease contact with certain GAO employees would adversely affect those employees and would be against the public interest. Second, granting Plaintiff's motion would have the effect of impeding Congress' legislative mandate that the PAB investigate matters under the jurisdiction of the Board. <u>See</u> <u>MCQ's Enterprises, Inc. v. Philadelphia Parking Auth.</u>, 2007 WL 127728 at *8 (E.D.Pa. Jan. 11, 2007) (impeding Defendants' legislative mandate is against the public interest). Finally, with regard to Plaintiff's request for immediate class certification, the public interest in preserving judicial resources weighs against such a step. Defendants' Motion to Dismiss has not yet been decided. The principles of judicial efficiency and economy dictate that class certification should not occur at this time.

**III. Corrections of Other Inaccurate Statements Made by Plaintiff**

Plaintiff's Emergency Motion for Immediate Class Certification contains several material inaccuracies. While not a basis for denying Plaintiff's motion in itself, if left uncorrected the inaccuracies may confuse the record.

1) Plaintiff inaccurately claims that he was unilaterally granted substantial relief in his claims in that he was promoted to Band IIB and paid a bonus equal to his alleged COLA denial.

Pl. Statement of Points & Authorities in Support of Emergency Mot. at 5. Rather, as described in detail in Defendants' Response to Plaintiff's Reply to Defendants' Objection to Subpoenas, p. 1-2, Plaintiff applied for competitive placement into Band IIB and was selected pursuant to GAO's routine procedures governing competitive placement. Thus, Plaintiff's claim that he was "unilaterally granted substantial relief" as a part of this case is a misstatement of the facts.

2) Plaintiff inaccurately claims that there were 12 identically situated complaints before PAB See Pl. Emergency Mt. p. 4. Their cases, unlike the case at bar, did not involve allegations of age discrimination - as the Plaintiff admits. See Pl. Emergency Mt. p. 4. Therefore, those cases are fundamentally different from the Plaintiff's case and to claim that there were "12 identically situated complaints" is a misstatement.

3) Plaintiff inaccurately states that he brought the instant case alleging racial discrimination. See Pl. Emergency Mt. p. 2, 4; Pl. Statement of Points & Authorities at 1. Contrary to Plaintiff's assertions, Plaintiff's complaint does not allege race discrimination.

4) Plaintiff inaccurately states that in the case of Davis v. GAO, Docket No. 06 CV 1002, "[n]o motion to dismiss has ever been filed by the government in that case." Pl. Statement of Points & Authorities in Support of Emergency Mot. at 25. Defendants, in fact, filed a Motion to Dismiss in the Davis case on August 2, 2006. The parties, including Plaintiff's counsel in the Moses case, subsequently filed additional responsive briefs and that motion is currently pending before this Court.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for immediate class certification and for injunctive relief.

July 9, 2007                                Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Government Accountability Office
Staff Attorney
Cherie Owen

Jul 09 07 02:04p Allynn Howe (703)273-5592 p.2
Case 1:06-cv-01712-EGS-DAR   Document 40-2   Filed 07/09/2007   Page 1 of 3
20251285 11   GAO 7838   01 01 58 p.m   07-09-2007   2 /4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>David M. Walker et al., )<br>)<br>Defendants )<br>) | Civil Action No. 1:06-cv-01712 (JGP) |

AFFIDAVIT

I, ANNE M. WAGNER, hereby declare as follows:

1. I am the General Counsel of the Personnel Appeals Board (PAB or Board) of the U.S. Government Accountability Office (GAO) and have occupied that position since April, 2006.

2. As the General Counsel of the PAB, I am responsible for investigating matters under the jurisdiction of the Board and helping the Board carry out its duties and powers." 31 U.S.C. 752(b). The PAB regulations further mandate that "the General Counsel shall...investigate the matters raised in a charge, refine the issues where appropriate, and attempt to settle all matters at issue." 4 CFR §28.12(a). If upon investigation, the "General Counsel determines that there are reasonable grounds to believe that the charging party's rights under subchapters III and IV of chapter 7 of title 31, United States Code, have been violated, then the General

Jul 09 07 02:04p    Allynn Howe              (703)273-5592           p.3
Case 1:06-cv-01712-EGS-DAR   Document 40-2   Filed 07/09/2007   Page 2 of 3
20251285                GAO 7838                           01 02 12 p.m   07-09-2007      3/4

Counsel shall represent the charging party unless the charging party elects not to be represented by the Office of General Counsel." 4 CFR §28.12(d)(1).

3. In February 2006, Robert Kershaw filed a charge with the PAB/OGC challenging his placement into Band IIA. He did not allege that the placement was due to unlawful discrimination. In July 2006, upon completion of the PAB/OGC investigation into his charge, and finding reasonable cause to believe that his placement into Band IIA violated the GAO Personnel Act, I offered to represent him on that claim before the PAB consistent with my duty as set forth in 4 CFR §28.12.

4. On August 16, 2006, I emailed Mr. Kershaw (attached to Plaintiff's Motion as Exhibit 3). To the best of my recollection, at that time, based on a prior communication with him, I was under the belief that Mr. Kershaw was asking about the effect of filing a PAB charge on a pending discrimination claim in federal district court. The substance of my response to him was that filing a petition with the PAB would not divest the court of jurisdiction. This advice was intended solely for Mr. Kershaw.

5. I did not, at any time, provide the August 16, 2006 e-mail, referenced in ¶ 4 above, to anyone other than Mr. Kershaw.

6. Prior to reading Plaintiff's Emergency Motion for Immediate Certification of the Class and Injunctive Relief To Prevent Immediate and Irreparable Harm, and attached exhibits, I had no knowledge or reason to believe that my August 16, 2006 e-mail, referenced in ¶4 above, had been given to anyone but Mr. Kershaw.

Jul 09 07 02:04p    Allynn Howe            (703)273-5592           p.4
Case 1:06-cv-01712-EGS-DAR   Document 40-2   Filed 07/09/2007   Page 3 of 3
20251285 11       GAO 7838                          01 02:31 p m   07-09-2007    4/4

Pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and if called upon, would so testify.

Date:

*Anne M. Wagner*

Anne M. Wagner