IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>　　**For himself and**<br>　　**All others similarly situated**<br><br>　　**Plaintiffs**<br><br>　　　　v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>　　**and**<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>　　**Defendants.** | Case No.  1:06 CV 01712 (JGP) |

**MOTION FOR A DECLARATORY JUDGMENT
THAT PLAINTIFF MOSES HAS SUBSTANTIALLY PREVAILED
AS TO HIS INDIVIDUAL CLAIMS IN THIS CASE**

**INTRODUCTION:**

Plaintiff James D. Moses, for himself and all other similarly situated hereby files this motion for a declaratory judgment that he had substantially prevailed as to his individual claims in this case. Moses has been granted unilateral relief by the defendant GAO in that his pay lost from his demotion has been restored, and his position as a band II unfettered team leader has been restored to its former level, the level from which he was effectively demoted.

That employment level to which he was restored effective February 7, 2007, is now labeled "Band II B". This Motion has the further purpose of formalizing the change in Moses legal status by recognizing the recision of the demotion. This action by the Court is necessary as a prerequisite for Moses filing for interim fees and costs under the authority of the rule of

1

*Buckhannon Board & Care Home, Incl, et al. V West Virginia department of Health and Human Resources et al* ,532 U.S. 598 (2001).

**REQUEST FOR RELIEF:**

Moses requests that this Court enter an Order finding that he has had a change in the legal status of his employment resulting from the restoration of his former position coupled with payment of the bulk of the monetary damages as demanded. Those actions of the employer, represented substantially all of the financial relief demanded by Moses personally. Those changes were made effective in Mr. Moses paycheck of February 7th, 2007[1]. The Court is requested to declare that his restoration to the rank before the demotion complained of occurred, and payment of the funds demanded meet the requisite requirement of a material change in Moses legal status with respect to his employer. This declaration will meet the requirements of that of a "substantially prevailing plaintiff" as per the authority of **Buckhannon, supra.**

**REQUEST FOR A HEARING ON THIS MOTION**

Plaintiff hereby requests a hearing on this motion at the Court's earliest convenience.

---

[1] The label of the position was changed, but the actual duties and responsibilities remained unchanged, as did Moses's actual performance in his job.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
1156 15th, Street N.W. LL 10
Washington D.C., 20005-1704
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net
Counsel for Plaintiff and the Putative Class

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br><br>         v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    and<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>    Defendants. | Case No.   1:06 CV 01712  (JGP) |

**POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR A DECLARATORY JUDGMENT
THAT PLAINTIFF MOSES HAS SUBSTANTIALLY PREVAILED
AS TO HIS INDIVIDUAL CLAIMS IN THIS CASE**

**STATEMENT OF FACTS IN SUPPORT OF THIS MOTION:**

1.  Plaintiff James D. Moses (Moses), for himself and all others similarly situated requests that this Court enter a Declaratory Judgment that Moses has, by the unilateral actions by his employer, the Defendant GAO has "substantially prevailed" in this case.

2.  Unilateral actions by GAO[2], effective April 7th, 2007 resulted in *de facto* recision of Moses demotion in rank and payment of substantially all of the financial damages resulting from that demotion in the form of a "bonus". Moses was restored to his former grade status at the top of

---

[2]  No notification of that change in Moses status was ever given to his counsel or the Courts by the defendant in this case.

1

the Band II classification. He is now once again eligible for leadership positions in assignments and future advancements. His pay grade is once again the top of the Band II bracket.

3. Thus, his de facto demotion complained about in this case has been effectively rescinded.

4. The employer (GAO) is expected to take the position that no recision of Moses demoted status has occurred. Rather, GAO is expected to argue that the actions taken pertaining to Moses were because of his routine reevaluation and that his ratings greatly improved.

5. That argument, however, is untrue simply because the basic circumstances of Moses position have remained unchanged throughout the three promotion cycles since his demotion became effective.

6. The only purported change in Moses employment circumstance which GAO argues let to the "promotion" is a substantial rise in Moses ratings on his job. But that rise in ratings is not based on any matter of substance, since nothing changed What did change was only the ratings, and not because of any substantial change by Moses, rather only the decision of the GAO to furnish "paper support' for the actuality of concessions to Moses position. (See Exhibit 1 hereto, Moses declaration on this single point).

7. What *has changed*, is that GAO determined to "give up" as to Moses claims rather than fight a losing cause. This decision, in turn drove a change in ratings by Moses superiors as is customary in GAO's discriminatory ratings process. A further advantage in GAO's actions is its transparent attempt to strip the class of about 308 other employees[3] of their only chance for justice for them in this discrimination case.

---

[3] Several of those 308 similarly situated employees have received similar recisions of their demotions in the three subsequent promotion cycles. In addition, about 100 are believed to have resigned or taken early retirement as was GAO's apparent goal for its demotion actions.

8. The objective of this Motion is to place Mr. Moses litigation posture in accord with the requirements of Federal Rule of Civil Procedure 23, that Moses status as class representative not be stripped from him by GAO's transparent attempt to create a "headless class". Moses expects to and wishes to continue to represent the class of about 308 members of the putative class, and to carry the remainder of his claims to completion in the interests of justice and the integrity of his employing agency.

9. This declaratory judgement is sought to place Moses status in the position of a "substantially prevailing" plaintiff, despite the fact of no notification by the employer of his change in status, by a declaration by this Court of his prevailing status. That ruling is an apparent requirement for a "substantially prevailing" plaintiff to collect costs and attorney's fees from his employer under the rule of the United States Supreme Court case of ***Buckhannon Board and Care Home, Inc., et al., Petitioners v. West Virginia Department of Health and Human Resources et al***, 532 U.S. 598 (2001)[4].

10. Facts pertaining to the demotion and recision of that demotion.

    (1) Effective in Moses paycheck on or about February 6th, 2006 Moses was denied selection into "Band II B", thereby being relegated into "Band II A". The operative effects of that change in his employment status were:

    a. He was effectively demoted from a leadership position.

    b. He was placed in a status wherein he could never receive a promotion or advancement.

---

[4] Buckhannon, supra, held that in order for a prevailing plaintiff in a discrimination case to receive costs and fees as an interim matter, a court must recognize his "change in status", and only then are interim fees available under the enabling statues which include waiver of sovereign immunity as to fees and costs. See summary of the Court's holding, contained in excerpts from Syllabus, in Points and Authorities following.

   c. He was denied cost of living increases amounting to about $ 2,775. Per year.

   d. His retirement and related benefits were affected by the demotion/denials.

   e. He was emotionally and professionally damaged in being classified as unworthy of retention as a leader in his profession as analyst.

  (2) After timely filing and thereafter exhausting his administrative remedy requirements, and filing timely notice of intent to sue, Moses filed on October 3, 2006 this lawsuit, for himself and about 320 others similarly situated demoted employees.

  (3) Statistics including race and age were received on all of the demoted employees over the age of 49.  A statistical opinion was obtained demonstrating an virtual certainty that the selection process was biased based upon age of the non-selected persons.

  (4) A second employment selection cycle occurred, with no action with respect to Mr. Moses.

  (5) A third selection cycle occurred, in the meantime processing of this case proceeded, and Congress became interested in the activities of the GAO management in the Band II split process because of what may properly be described as universal upset of the affected employees to the point where hundreds complained to Congress.

  (6) In the third selection process, although no change in substantive performance of Moses occurred (Exhibit 1) Moses ratings were "adjusted" and as one result, Moses and several others received purported "promotions" to the original status from which they were demoted, now labeled "Band II B">

  (7) As a result, Moses was::

   a. Paid a "bonus" of $ 2800, the approximate amount of his cost of living denial.

    b. Promoted back to Band II B.

    c. Restored to the leadership classification

By these actions, the employer effectively rescinded the financial aspects of the actions complained about by Moses. Moses avers that there had been in the interim, no actual or substantive change, for better or worse in his employee performance, although his ratings were gerrymandered to appear that his performance had substantially improved. In actual fact, his performance had always been satisfactory or better, and the only change in circumstance was the objective of management to obscure its surrender by, without any actual substantive reason, changing the falsely reported, but non-existent improvements in Moses actual performance[5].

## ARGUMENT

Moses requests in this Motion are simple. What he seeks is recognition of a substantial change in his status as a prevailing plaintiff. Moses, for all intents and purposes has "substantially prevailed" in the financial aspects of his personal claims. What he has not prevailed in, to date, is the class claims and the equitable relief demanded. But by any definition he is entitled to collect his costs and attorney's fees to date.

The United States Supreme Court case of **Buckhannon, supra**[6] clearly requires a Court

---

[5] The Court should note for purpose of understanding the ratings process at GAO that plaintiffs in all related cases have always contended that GAO's ratings procedures are not only biased, but are arbitrary and baseless in any scientific sense or methodology. This conclusion was supported by the testimony of Ron Stroman, director of GAO's civil rights office (now named office of inclusiveness -OOI) when he testified that when he arrived at GAO the ratings process was determined by a group of managers going into a back room and deciding the fate of employees according to their arbitrary wishes. This still is the essence of the process, as the available statistics attest.

[6] *(Excerpted from Syllabus)* **Buckhannon Board and Care Home, Inc., et al., Petitioners v. West Virginia Department of Health and Human Resources et al**, *532 U.S. 598 (2001)*

Order recognizing the fact of the prevailing as a change in legal status of the complainant approved by a Court as a prerequisite to an award of interim fees and costs.

This Motion seeks to recognize the unilateral surrender of the GAO as fulfilling that status, and formalize that fact with the required recognition by the Court as a declaratory judgment to that effect and result.

For all of the above reasons, the Motion should be granted

A draft Order accomplishing this result is enclosed for the convenience of the Court.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
1156 15th, Street N.W. LL 10
Washington D.C., 20005-1704
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net
Counsel for Plaintiff and the Putative Class

---

*Held:* The "catalyst theory" is not a permissible basis for the award of attorney's fees under the FHAA and ADA. Under the "American Rule," parties are ordinarily required to bear their own attorney's fees, and courts follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority, *Key Tronic Corp.* v. *United States,* 511 U.S. 809, 819. Congress has employed the legal term of art "prevailing party" in numerous statutes authorizing awards of attorney's fees. A "prevailing party" is one who has been awarded some relief by a court. See, *e.g., Hanrahan* v. *Hampton,* 446 U.S. 754, 758. Both judgments on the merits and court-ordered consent decrees create a material alteration of the parties' legal relationship and thus permit an award. The "catalyst theory," however, allows an award where there is no judicially sanctioned change in the parties' legal relationship. A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *mprimatur* on the change. The legislative history cited by petitioners is at best ambiguous as to the availability of the "catalyst theory"; and, particularly in view of the "American Rule," such history is clearly insufficient to alter the clear meaning of "prevailing party" in the fee-shifting statutes. Given this meaning, this Court need not determine which way petitioners' various policy arguments cut. Pp. 3—12.

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that I filed on July 10th, 2007 in the ECF system for the United States District Court, this Motion for a Declaratory Judgment, with the expectation that a copy of this Motion would be sent to Andrea McBarnette, AUSA, counsel for the defendants, in the normal course of business.

<u>CharltonW 2428</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br><br>    v.<br><br>**DAVID M. WALKER**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    and<br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>    Defendants. | Case No.   1:06 CV 01712  (JGP) |

## ORDER

Upon consideration of Plaintiff's Motion for a Declaratory Judgment that plaintiff James D. Moses has "substantially prevailed" by the award of financial relief he demanded in this case, now therefore the Motion is Granted. A declaratory judgment that the GAO has voluntarily acceded to his demands in the following respects shall be entered in the Record of Proceedings before this Court.

1. The Court finds that the relief received has been the direct result of litigation in this case.

2. The Court finds that the financial aspects of Mr. Moses demand relating to his demotion has been effectively rescinded effective on February 6th, 2007.

3. The monetary amounts representing damages demanded by Mr. Moses by the actions of the employer have been substantially satisfied, effective initially on February 6th, 2007, and

2

continuing to date with the restoration of his former status and duties.

    4. That in sum, these concessions by GAO amount to Mr Moses substantially prevailing within the definitions contained in Title VII, ADEA and interpretive case law.

    5. The Court finds that the declaration of Mr. Moses, that his duties remained constant throughout the three promotion cycles following his reduction in rank to Band II A is persuasive and is not contradicted by any probative evidence presented by the employer, GAO.

    6. Plaintiff and his counsel are hereby granted leave to file a petition for fees and costs to date as authorized by 29 USC § 633, et seq as amended, and/or 42 USC § 2000e et seq, within 30 days of this Order.

_____

Judge, United States District Court

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses** ) | |
|     **For himself and** ) | |
|     **All others similarly situated** ) | |
| ) | |
|     **Plaintiffs** ) | |
| ) | |
|         v. ) | Case No.  1:06 CV 01712  (JGP) |
| ) | |
| **DAVID M. WALKER** ) | |
| **Comptroller General of the United States,** ) | |
| **Government Accountability Office (GAO)** ) | |
|     **and** ) | |
| **Michael Doheny, Chair** ) | |
| **The Personnel Appeals Board of the GAO,** ) | |
|     **Defendants.** ) | |
| ) | |

**DECLARATION OF JAMES D. MOSES IN SUPPORT OF
PLAINTIFF'S MOTION FOR A DECLARATORY JUDGMENT**

1. I, James D. Moses, the plaintiff in this case, hereby declare under the penalties of perjury that the facts contained in this declaration are true and correct.

2. I am 65 years of age and all events in this case upon which I rely occurred when I was over the age of 40.  I am an African American and have worked for GAO for 40 Years.

3. I have been asked by my counsel to specify the details of my duties, responsibilities and actual performance on my job for the last 3-5 employee ratings periods as compared to my ratings for those periods by my superiors..

4. I have reviewed my notes, recollections and all documents available to me and hereby state under the penalties of perjury as follows:

    A.  My actual duties, responsibilities and job performance, including all aspects of my reports to superiors on work I have done have been substantially the same for all of those time periods.
    B.  My ratings however were lower for the early periods, and increased materially for the

1

latest period.

      C.  It is my opinion, that those ratings increased, not because of any actual or objective criteria, but rather, other reasons of which I am not aware to increase my ratings to justify a return to my former status as a Band II fully successful leader.

      D.  I have searched my records and memory, and there is no other reason of which I am aware for this change in my ratings.  I conclude that the ratings are subjective and essentially meaningless as applied to me.  I believe that this principle and practice applies across the board to all of my contemporaries and colleagues.  This part of my declaration is based upon personal observation and many dozens of interviews with my contemporary fellow employees at GAO is that for more than 20 years, my employer has not followed the mandated federal government policy and practice of equal employment opportunities based upon merit.  My observations are also based upon my experiences in counseling many co-workers in my capacity as a voluntary EEO counselor.

5.  My observations, I believe to be supported by substantial statistical studies based upon all of the data, over these years, and continuing to date to which I, and my counsel has had access.  I have recently become aware that GAO, has for all years since 1987, maintained a set of employee data bases which, when analyzed by modern analytical means will entirely support, and not refute in any respect, my personal observations and factual conclusions.

I declare under the penalties of perjury that the foregoing statements are true and correct.

[Signed in Original, held in counsel's office]
_____
James D. Moses     July 10th, 2007