UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES D. MOSES,                               )
                                              )
                        Plaintiff,            )
            v.                                )        Case No: 06-01712 (JGP)
                                              )
DAVID M. WALKER,                              )
Comptroller General of the                    )
U.S. Government Accountability Office,         )
et al.                                        )
                                              )
                        Defendants.           )
_____)

**MOTION FOR LEAVE TO FILE SUPPLEMENT TO OPPOSITION
TO MOTION FOR DECLARATORY JUDGMENT AND ATTORNEY FEES**

Plaintiff has complained to the Defendants that they have failed to cite <u>Krodel v.
Young</u>, 576 F. Supp. 390, *aff'd on other grounds*, 748 F.2d 701 (D.C. Cir. 1984), for the
proposition that this Circuit holds that the ADEA provides for attorney fees, and has
demanded that the Defendants take corrective action.  <u>See</u> Exhibit A, Correspondence
between the parties.  The Defendants, David M. Walker, Comptroller General of the
United States, Government Accountability Office ("GAO") et al., through counsel,
therefore request leave to file the herein supplement to their opposition to Plaintiff's
motion for declaratory judgment and attorney fees, in order to clarify Defendants'
position regarding the ADEA.

Plaintiff's stance that the ADEA provides for attorney fees is a red herring.  As
Defendants have noted previously, a prevailing party in an ADEA case may be awarded
attorney fees under The Equal Access to Justice Act ("EAJA").  <u>See</u> Opp. 3-4.  The
critical point here is that Plaintiff is not a prevailing party.

Defendants do not dispute that a prevailing party in an age discrimination case may be awarded attorney fees.   EAJA however, is the statute under which a prevailing party may be awarded attorney fees.  28 U.S.C. § 2412 (b).  EAJA waives sovereign immunity regarding fee liability in situations where fees would be available against a private party and no other applicable statutory prohibition applies.  Furthermore, there is no "cap" on attorney fees under EAJA (b).  Newark v. Prinicip, Secretary, U.S. Department of Veterans Affairs, 283 F.3d 172, 178 (3rd Cir. 2002) (exploring difference between EAJA (b) and EAJA (d) and explaining why (b) applies in ADEA cases) and Nowd v. Rubin, 76 F.3d 25 (1st Cir. 1996) (explaining why EAJA fees may be awarded under the ADEA when suing the government.).

Attorney fees are not directly available under the ADEA because the ADEA does not specify attorney fees as applied to the federal government.  29 U.S.C. § 633a; Kennedy v. Whitehurst, 690 F.2d 951, 956 (D.C. Cir. 1982) (noting that ADEA "contains no explicit reference to the provision of any form of attorneys' fees.").  Under the "American Rule,"  courts do not award attorney fees to a prevailing party, absent explicit statutory authority. Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res., 532 U.S. 598, 602-603 (2001).  "The generalized language in subsection 633a(c) (authorizing " such legal or equitable relief as will effectuate the purposes of [the ADEA]" ) is insufficient to overcome either the American Rule or sovereign immunity." Nowd, 76 F.3d at 27.

 Plaintiff, however, refers to the 34 year old decision,  Krodel, in which the district court held that a prevailing party could be granted attorney's fees under the ADEA, and

argues that its decision and reasoning is controlling.[1]  As a district court case, <u>Krodel v. Young</u>, 576 F. Supp. 390 (D.D.C. 1983), is not binding upon the Court.  Given its defective legal reasoning, it is not surprising that to our knowledge not a single court in the D.C. Circuit has *ever* cited to <u>Krodel</u> for the proposition that ADEA provides for attorney's fees.  <u>Krodel</u> has been disregarded for this proposition for roughly 34 years since the case was decided.

By contrast, the clear trend in recent case law is that plaintiffs may not recover attorney's fees directly under the ADEA. <u>See</u> <u>e.g.</u>, <u>Boehms v. Crowell</u>, 139 F.3d 452, 462 (5th Cir. 1998.); <u>Nowd v. Rubin, 76 F.2d 25, 27</u> (1st Cir. 1996); <u>Lewis v. Federal Prison Indus., Inc.</u>, 953 F.2d 1277, 1282 (11th Cir.1992); <u>Palmer v. GSA</u>, 787 F.2d 300, 301-302 (8th Cir. 1986); <u>see</u> <u>also</u>  Burns v. Principi, No. 04-0410, 2005 WL 1638733, *10 (M.D.Tenn. Jul. 5, 2005); <u>Lumpkin v. Brown</u>, 9609 F .Supp. 1339, 1354 (N.D.Ill.1997); <u>Gregor v. Derwinski</u>, 911 F. Supp. 643, 655-656 (W.D.N.Y. 1996); <u>Schmid v. Halala</u>, No. 93-1879, 1994 WL 284091, *284091 (N.D.Ga. May 10, 1994); <u>Hicks v. Cheney</u>, No. 92-2123, 1994 WL 502646, *1, (W.D.Pa. Jun 29, 1994).  In addition, the Court of Appeals for the District of Columbia found that individuals who successfully prosecuted claims of age discrimination against a federal agency under the ADEA at an administrative level are not entitled to recover attorney fees.  <u>Kennedy</u>, 690 F.2d at 962-966 (D.C. Cir. 1982).

Plaintiff's insistence that the ADEA provides for attorney's fees should not

---

[1]    The fact that <u>Krodel</u> has been affirmed by the Court of Appeals on other grounds also supports the view that the attorney's fee decision in <u>Krodel</u> has little value as a precedent.

obscure the critical fact that Plaintiff is not a prevailing party.  Because the Plaintiff can

not be a prevailing party as a result of a catalyst theory, the Plaintiff may not be awarded

interim attorney fees regardless of which statute (i.e. ADEA or the EAJA) is the correct

basis for Plaintiff's fee request.[2]

### CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for a

declaratory judgment and attorney fees.


August 1, 2007                              Respectfully submitted,


                                           _____/s/_____
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney


                                           _____/s/_____
                                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                                           Assistant United States Attorney


                                           _____/s/_____
                                           ANDREA McBARNETTE, D.C. Bar  # 483789
                                           Assistant United States Attorney
                                           555 Fourth Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 514-7153

Government Accountability Office
Staff Attorney
Cherie Owen

---

[2]      Strangely enough, given the significance and the clarity of the Supreme Court's rejection of the catalyst theory in <u>Buckhannon</u>, Plaintiff's motion for declaratory judgment and attorney fees erroneously cites to <u>Buckhannon</u> for the opposite result.

## WALTER T. CHARLTON & ASSOCIATES

### Attorney At Law, Washington, D.C.

230 Kirkley Road, Annapolis, Maryland, 21401
410 571 8764 (Telephone)
410 897 0471 (Fax)
Email, charltonwt@comcast.net

July 26th, 2007

Andrea McBarnette, AUSA
555 Fourth Street, N.W
Washington, D.C.
20530

Re: Misleading and Incorrect
Statements to the Court- Case No: 06-01712 (JGP),
Moses v. Walker, GAO

Dear Ms McBarnette:                          By Fax and Email

In your opposition filed in this case, Document 43, page 2, filed July 24, 2007, you continue GAO's practice of misleading the Court as to facts and applicable law in this important class action employment discrimination case.

In point one of your argument, page 2 of your brief filed on July 24, 2007 you cite, for the second time, the case of *Nowd v. Rubin*, 76 F.3d 25 (1st Cir. 1996) for the proposition, upon which your entire brief is based, that the Government is not liable for fees in Age Discrimination (ADEA) cases, and that sovereign immunity bars recovery.

In our last opposition to this erroneous argument we pointed out quite clearly that the first circuit position you cited in *Nowd* is in the minority position on this point, and in the District of Columbia Circuit, the applicable jurisdiction, the law is to the contrary. You failed to mention that fact in your brief. That fact is determinative on this point.

This United States District Court, affirmed by the United States Court of Appeals for the District of Columbia Circuit, has stated forcefully that federal government agencies are liable for attorney's fees in age discrimination cases. Our case is in the District of Columbia Circuit. Therefor the law of this circuit governs, not the law you cited.

For the correctly applicable law under these facts, I refer you to the leading authority on this subject, Employment Discrimination-Second Edition, Larson, Volume 8, "Remedies ADEA" § 147.01 and voluminous citations on the seventeen pages in that section. Section 147.01, at page 147-5, states:

**[3]-Awards against the U.S. or its Agencies"**, states as follows:

"There is a split of authority on the question of whether the United States has waived sovereign immunity against liability for attorney's fee awards under the ADEA. Those courts that have fund a waiver have looked to § 633(a) of the ADEA which provides that federal courts must grant federal employees the relief necessary to effect the purposes of the ADEA. In light of this stated purpose as an express waiver of sovereign immunity....Some courts have found a waiver under EAJA...."

You have failed to mention that the case you cited, *Nowd*, is the minority position, and also failed to mention that in this Circuit, the applicable law is to the contrary. In the District of Columbia Circuit, the Court affirmed on other grounds the holding of the District Court for the District of Columbia in *Krodel v. Young,* 576 F. Supp. 390, 33 FEP 701 (D.D.C. 1983, aff'd on other grounds, 242 U.S. App. D.C. 11, 748 F. 2d 701, 36 FEP 468 (1984) stating

> "§ 633(a) [of the ADEA] is an express and unequivocal waiver of sovereign immunity by the United States with regard to age discrimination claims." 576 F. Supp. At 394, 33 FEP at 704.

I am in the process of preparation a filing of an appropriate notice to the Court on this point. I am sure that you are aware that this conduct is sanctionable, and contrary to the Rules of Ethics, for DOJ attorneys as well as the general bar.

You have failed to inform the Court the well established and determinative rule of law on this subject in the District of Columbia Circuit. You have also failed to inform the Court of the fact that the case you cited is the minority position of the circuits. As an officer of the Court and an Assistant United States Attorney, you have the affirmative duty to be fully informative on all such determinative matters.

Moreover, these omissions could not have been inadvertent since we informed you to the contrary in our last brief on this subject.

We would suggest that you withdraw your brief on this subject and/or apologize to the Court for the citing of incorrect and misleading information and failure to fully inform the Court of the correct cases and facts.

Sincerely,

Walter T. Charlton, Counsel for the Plaintiff
And the class of about 330 employees he
seeks to represent

2



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 30, 2007

EMAIL AND U.S. MAIL
Walter T. Charlton & Associates
Attorney at Law, Washington, D.C.
230 Kirkley Road
Annapolis, Md 21401

  Re: Moses, et al v. Walker, 06-01712 (JGP)

Dear Walter Charlton,

  It is ironic that the case you rely on in your motion for declaratory judgment and attorney

fees, Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res., 532 U.S.

598 (2001), neither supports your view that Krodel v. Young, 576 F. Supp. 390 (D.D.C. 1983), is

good law, nor your legal argument that the catalyst theory authorizes the Court to grant attorney

fees.

**1)  Krodel, is not binding nor is it followed in the D.C. Circuit.**

  As a district court case, Krodel v. Young, 576 F. Supp. 390 (D.D.C. 1983), is not binding

upon the Court. Given its legal reasoning, it is not surprising that to our knowledge not a single

court in the D.C. Circuit has *ever* cited to Krodel for the proposition that ADEA provides for

attorney fees. Krodel has been disregarded for this proposition for roughly 34 years since the

case was decided. In light of the these facts, you are incorrect to suggest that <u>Krodel</u> is good law or that the U.S. Attorney's Office had any obligation to refer to it in its opposition to your request for attorney fees.

**2)    Overwhelmingly, case law rejects the decision in <u>Krodel</u>.**

The circuit courts of appeal are "uniformly" holding that plaintiffs may not recover attorney's fees under the ADEA. <u>Burns v. Principi</u>, No. 04-0410, 2005 WL 1638733 (M.D.Tenn. Jul. 5, 2005); <u>See e.g.</u> <u>Boehms v. Crowell</u>, 139 F.3d 452, 462 (5th Cir. 1998.); <u>Nowd v. Rubin</u>, 76 F.2d 25, 27 (1st Cir. 1996); <u>Lewis v. Federal Prison Indus., Inc.</u>, 953 F.2d 1277, 1282 (11th Cir.1992); <u>Palmer v. GSA</u>, 787 F.2d 300, 301-302 (8th Cir. 1986); <u>see also</u> <u>Lumpkin v. Brown</u>, 9609 F .Supp. 1339, 1354 (N.D.Ill.1997); <u>Gregor v. Derwinski</u>, 911 F. Supp. 643, 655-656 (W.D.N.Y. 1996); <u>Schmid v. Shalala</u>, No. 93-1879, 1994 WL 284091, *284091 (N.D.Ga. May 10, 1994); <u>Hicks v. Cheney</u>, No. 92-2123, 1994 WL 502646, *1, (W.D.Pa. Jun 29, 1994). In addition, the Court of Appeals for the District of Columbia found that individuals who successfully prosecuted claims of age discrimination against a federal agency under the ADEA at an administrative level are not entitled to recover attorney fees. <u>Kennedy v. Whitehurst</u>, 690 F.2d 951, 962-966 (D.C. Cir. 1982)

**3)    The requirement for explicit statutory language providing for attorney fees.**

Over the 34 years since <u>Krodel</u> was decided, Supreme Court decisions, including <u>Buckhannon</u>, have refuted the reasoning in <u>Krodel</u>. First, the Supreme Court holds that under the "American Rule," courts do not award attorney fees to a prevailing party, absent explicit statutory authority. <u>Buckhannon Bd. & Care Home, Inc.</u>, 532 U.S. at 602-603. Second, the Supreme Court holds that under the doctrine of sovereign immunity, the United States is  liable to suit and

2

judgment only to the extent to which it has expressly consented.  See, e.g., United States v. Mitchell, 445 U.S. 535, 538 (1980).  Third, the Court of Appeals for the District of Columbia also holds "even if a denial of fees might  make a mockery and a sham of the mandate of Congress, no award can be made absent express statutory authorization." Kennedy v. Whitehurst, 690 F.2d 951(D.C. Cir. 1982) (citations omitted).

**4)    ADEA lacks the required explicit language providing for attorney fees.**

The Court of Appeals for the District of Columbia, in Kennedy v. Whitehurst, 690 F.2d 951, 956 (D.C. Cir. 1982) found that ADEA "contains no explicit reference to the provision of any form of attorneys' fees."  In fact, Krodel concedes "a plaintiff who prevails against a private employer under the ADEA is entitled to recover reasonable attorney's fees. The section of the ADEA that applies to the federal government does not explicitly incorporate these enforcement provisions." 576 F. Supp. at 393 (citations omitted).  Because ADEA lacks express statutory authorization, the Court can not grant attorney fees under ADEA.[1]

**5)    Buckhannon specifically rejected the catalyst theory.**

Even if the Court were to find that it could grant attorney fees under the ADEA, the Court could not grant attorney fees under the catalyst theory as you indicate in your motion. Buckhannon, 532 U.S. 598.  Under Buckhannon, courts may not grant attorney fees under fee shifting statutes using the catalyst theory.  Given the significance and the clarity of the rejection of the catalyst theory in Buckhannon, it is surprising that your motion for declaratory judgment and attorney fees cites to the Supreme Court decision for the opposite result.

---

[1]    Attorney fees may be available for a prevailing plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412(b).

3

Sincerely yours,


JEFFREY A. TAYLOR
United States Attorney


By:    Andrea McBarnette
       Assistant United States Attorney

cc:
Cherrie Owen
U.S. GAO
441 G Street, N.W.
Rm. 7838
Washington, D.C.  20548

4