**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **James D. Moses, et al** )<br>    **For himself and** )<br>    **All others similarly situated** )<br> )<br>    **Plaintiffs** )<br> )<br>             **v.** )<br> )<br>**DAVID M. WALKER** )<br>**Comptroller General of the United States,** )<br>**Government Accountability Office (GAO)** )<br>    **and** )<br>**Michael Doheny, Chair** )<br>**The Personnel Appeals Board of the GAO,** )<br>    **Defendants.** )<br> ) | **Case No.    1:06 CV 01712  (EJS)**<br>**(DAR)** |

**NOTICE TO DEFENDANTS IN THIS CASE, AND IN RELATED CASES,
OF SCHEDULING OF DEPOSITION
WILLIAM (BOB) MOWBRAY
AT THE DEPARTMENT OF JUSTICE, ON MAY 16TH, 2008**

Plaintiff hereby gives Notice that on May 4th, 2008, a copy of the Subpoena to Appear

and bring documents with him, at an agreed deposition of William (Bob) Mowbray) by counsel

for the plaintiffs in the above captioned cases and to produce documents as described in that

Subpoena was served and accepted by counsel for the defendant, GAO in related case number

87-3538.  The agreed date of the scheduled deposition is May 16th, 2008 at 9:30 AM.

The scope of the deposition is the duties of Mr. Mowbray, the functioning of the

electronic system(es) and data he maintains or supervises, and the documents (including

electronic files and records) received by, generated by and related to his duties as person in

charge of a statistical system or systems for GAO professional and other personnel from its

inception (believed to be about 1986) to date.  Notice is hereby given to other counsel in related

cases in order that they may attend the deposition and/or participate in the discovery process

with respect to this witness.

A copy of the subpoena served upon Mr. Mowbray is attached for your information.

Respectfully submitted,

*Charlton w 2428*

Walter T. Charlton,
D.C. Bar # 186940
Telephone 410-571 8764
230 Kirkley Road, Annapolis, Maryland
21401
Attorney for Plaintiff and the putative
class)es in the afore-captions cases

Certificate of Service

I hereby certify that I filed via the ECF system on May 7, 2008,  a copy of this notice of

the scheduling of this Deposition, with the expectation that a copy thereof will be automatically

electronically delivered to:

Harry B. Roback, harry.roback@usdoj.gov
Heather D. Graham-Oliver, heather .graham-oliver@usdoj.gov
Christopher Blake Harwood, christopher.harwod@usdoj.gov

_____*CharltonW 2428*_____
Walter T. Charlton, D.C. Bar # 186940

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| V. Chennareddy, et. al.,<br>Plaintiff,<br>V.<br>David M. Walker<br>Comptroller General of the<br>United States Government<br>Accountability Office,<br>Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>**Civil Action No: 1:87-03538 (EGS)(DAR)** |

TO: UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE , Witness William (Bob) Mowbray, Attn GAO Person receiving subpoenas

■ **YOU ARE COMMANDED to appear in the United States District Court at the place, and time specified below to testify for a deposition in the above case.**

| PLACE OF TESTIMONY United States District Court, or the United States Department of Justice, at the date and time agreed by the Parties, or as a default date on May 16th, 2008. For the taking of a deposition | COURTROOM  or Office as agreed |
|---|---|
| | DATE AND TIME 9:30 AM on May 16, 2008 as agreed by counsel |

■ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION **As Agreed** | DATE AND TIME<br>**May 16, 2008, at 9:30 a.m., or as agreed by counsel** |
|---|---|

■ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

| ENTER DOCUMENT DESCRIPTION(S) HERE (10 pt)<br>See Attachment I | |
|---|---|
| PLACE: Please send the requested documents to Mr. Charlton's office, at address provided below at least five (5) days prior to the date scheduled for the hearing. | DATE AND TIME<br>**Five (5) days prior to hearing.** |

■ **YOU ARE COMMANDED to permit inspection of the following documents and materials at the date and time specified below.**

| PLACE:<br>See Attachment 1 | DATE AND TIME<br>**Five (5) days prior to hearing.** |
|---|---|

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>                     Attorney for Plaintiff, and the<br>CharltonW 2428         Class he seeks to represent<br>Walter T. Charlton, D. C. Bar # 186940 | DATE<br><br>May 1, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Walter T. Charlton, Esq.; D.C Bar # 186940, 230 KIRKLEY ROAD, ANNAPOLIS, MARYLAND 21401.<br>Telephone 410 571 8764, Email charltonwt@comcast.net | |
| | |
| **SEE ATTACHMENT # 1 FOR DOCUMENTS TO BE INSPECTED AND FURNISHED** | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

**[1] If action is pending in district other than district of issuance, state district under case number**

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| SERVED | Date | PLACE |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

# DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

/S/  CHARLTONW 2428

Executed on  MAY 1, 2008
              DATE                                  SIGNATURE OF SERVER

                                     230 KIRKLEY ROAD, ANNAPOLIS, MARYLAND, 21401__
                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (I) fails to allow reasonable time for compliance;
        (Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,
subject to the provisions of clause (c) (3) B (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

        (Iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (Iv)  subjects a person to undue burden.

   (B)  If a subpoena

       (I)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
       (Ii)  requires disclosure of an unrestrained expert's opinion or information not describing specific events or occurrences in dispute and resulting in the expert's study made not at the request of any party, or
       (Iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued sows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim

**ATTACHMENT I**                                                                                    **ATTACHMENT I**

## LIST OF DOCUMENTS TO BE FURNISHED IN RESPONSE TO THIS SUBPOENA

Plaintiff demands the following materials and information be furnished for inspection and copying.

(1) All system instructions, definitions, or other materials describing the United States Government Accountability Office database management system previously described by GAO employee William (Bob) Mowbray On Thursday, June 27, 2002, in his deposition in the United States District Court For the District of Columbia, Case of Vant Leven et al. v. Walker, Civil No. 00-2686 (JGP); the system descriptions of the contents of the data fields contained therein, all report programs, operating programs and any other system descriptions or other materials which describe the contents and functioning of the afore identified system, and any other materials or descriptions necessary for a reader to understand the workings and data available to that system from any and all sources.  In the event system modifications or enhancements have been made since the date described above, all such enhancements, additions or modifications shall also be described and contained in the documents to be produced.

(2)  All of the logs, calendars, lists, or other materials prepared by the users or operators of the afore identified system in existence or known to exist for data contained in that system for any period since January 1, 1986.  If any of the operating logs, distribution lists, or other materials known to be in existence have been destroyed please list to the best of the knowledge of the recipient of this subpoena and/or the records of GAO of which the recipient has any present knowledge, or recollection of a prior existence of this information the manner of the destruction, who destroyed the document, and upon whose order.  In the event back up tapes, discs or other computerized media have been used to archive or save data converted or destroyed please fully describe that material.

(3) All data files available which were or may be used as input to the system(s) described above, or as such descriptions would be if a correct and complete definitions and descriptions of the entire system are or were available to Mr. Mobray,  from the inception of the system, described in Mr. Mobray's deposition as beginning in 1986, for each year separately, to date.

 Note A: Undersigned member of the Bar of this Court believes after due consideration and from the testimony of the recipient on June 27, 2002, that the afore-described materials are, or should be, readily available.  This subpoena attempts to describe a full disclosure of the entire system, with all of its components, and all data available to it, to the extent such information is available to undersigned counsel.  The evidence sought is relevant to pending motions and hearings now pending in this United States District Court case.

    Counsel for the Defendants is requested to contact undersigned counsel immediately in the event there is any impediment to timely production of these important materials in order to arrange to reasonably accommodate the production of this important evidence..  Please telephone 410 571 8764, between 9 and 5 M-F.  Fax number is 410 897 0471, email charltonwt@comcast.net.

 Note B: A copy of this subpoena is being filed as an Attachment to all appropriate Plaintiffs' Motions to supplement the record of this case for purposes of the Injunction or other hearings which had been originally expected to be scheduled for hearing during about June, 2007, as subject to renewal as per court approvals as a part of the discovery process in this case and in all related cases.

Note C: The contents of Mr. Mowbray's Deposition of June 27, 2002 wherein his testimony describes in detail the above described evidence, in Mr. Mowbray's own words is now before this Court in several related cases. That deposition and all exhibits thereto are hereby incorporated by this reference for purposes of describing the materials sought by this subpoena.

   /s/   Charltonw 2428

_____
Walter T. Charlton, D.C. Bar # 186940