UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 87-3538 (EGS) (DAR) |
| ) | |
| DAVID M. WALKER, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| ARTHUR L. DAVIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 06-1002 (EGS) (DAR) |
| ) | |
| DAVID M. WALKER, et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| JAMES D. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 06-1712 (EGS) (DAR) |
| ) | |
| DAVID M. WALKER, et al., ) | |
| ) | |
| Defendants. ) | |

**JOINT STATUS REPORT**

On May 20, 2008, this Court entered Minute Orders in each of the above-captioned actions requiring counsel to file a joint status report that: (1) addresses whether Arthur L. Davis,

Jimmie Gilbert and James D. Moses (the "applicant intervenors") should be permitted to take discovery prior to a hearing on their presently-pending motions to intervene; and (2) proposes dates for a hearing on the motions to intervene. The applicant intervenors believe that they should be permitted to take discovery prior to a hearing on their motions to intervene, and explain why in Exhibit A attached hereto. Defendants disagree, and explain why in Exhibit B attached hereto.

The parties are available for a hearing on the motions to intervene on any of the following dates: June 25, June 26, June 30, July 1, July 2 or July 3. If none of those dates is convenient for the Court, the parties will confer and propose additional dates.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| WALTER T. CHARLTON | JEFFREY A. TAYLOR |
| D.C. Bar #186940 | D.C. Bar #498610 |
| 230 Kirkley Road | United States Attorney |
| Annapolis, Maryland 21401 | |
| (410) 571-8764 | |

/s/
RUDOLPH CONTRERAS
D.C. Bar #434122
Assistant United States Attorney

/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 305-1334
Fax: (202) 514-8780

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780

_____/s/_____
HARRY B. ROBACK
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 616-5309
Fax: (202) 514-8780

Attachment "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, )<br>)<br>Defendant. ) | Civil Action 87-3538 (EJS) (DAR) |
| ARTHUR L. DAVIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, et al., )<br>)<br>Defendants. ) | Civil Action 06-1002 (EJS) (DAR) |
| JAMES D. MOSES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, et al., )<br>)<br>Defendants. ) | Civil Action 06-1712 (EJS) (DAR) |

## JOINT STATUS REPORT-EXHIBIT A

Plaintiffs' and intervenors request discovery in this case, and that it is necessary that this discovery be completed before the hearing on the Motion to Intervene. Defendants position is that no discovery is necessary, and no intervention should be allowed. Plaintiffs position on this point follows.

1. For more than 20 years, since about 1986 (Mowbray Deposition # 2, May 16th, 2008), GAO has maintained a secret data base, maintained by separate years, containing virtually all information pertaining to GAO's professional analysts who are the plaintiffs in all of these related cases. GAO misinformed the plaintiffs and the court in each case that this information does not exist. Now they seek to place the burden upon plaintiffs to show why they need assess to this information about which GAO has gone to such lengths to demonstrate the non-existence.

2. Mr. Mowbray described on May 16th, 2008 in great detail the contents of his four data files. He also described how his SAS programs may be utilized to access information in the four files to extract relevant information on performance ratings, promotions, age, race and gender for each year, and for a group of years. He also described how a part of his information, formerly available in those SAS (Statistical Analysis System) files was transferred to the "human capital office" in 2002. That information is also readily available since it is being maintained in Microsoft excel format. Other discovery in other related cases has elicited the information that management, and perhaps the PAB uses these files and programs to furnish individual and summary information pertaining to GAO's management and policy decisions.

Plaintiffs allege, and seed discovery upon the uses to which this determinative information is put by GAO management. Plaintiffs allege that gerrymandering of performance

ratings is routine, in order to foist GAO's policy of age discrimination upon all persons participating in the performance ratings and retention process, uniformly, and consistently over the entire period of these four cases (Dr. Chennareddy individually) included.

3. Mr. Mowbray testified that no records are kept of his work, or distributions of this analysis work. Similarly none kept of who requests data and who receives data. However, Mr. Mowbray identified one instance where about 2 years ago he was deposed by the General Counsel of the PAB. He could not recall details of that instance however. Email retrieval is sought to test this statement as inherently incredible.

4. Here, in the instant motion to intervene, as well in all of these related cases, for the entire period of time involved, 1986 to 2008, plaintiffs allege an intentional use of age as an adverse ratings and promotion and assignment factor. Mr. Mowbray's data, properly analyzed, will furnish proof of all of these factual and legal issues.

5. As to this specific Motion before the Court, plaintiffs allege that the information to be gathered would prove that the "hostile work environment" alleged by each set of plaintiffs will be demonstrated by the information gathered to the point of certainty.

6. In addition to the data content, discovery will seek all emails from or to Mr. Mowbray, and in later years the from or to the "human capital office". Mr. Mowbray's description of "no records of requests for information" or "deliveries of that information" is simply inherently incredible.

7. By this process plaintiffs will prove that all of the facts demonstrating a bias amounting to an intentional exclusion of older employees from promotion will be proven. By this process, each one of the intervenors, and each person in each of the respective classes, will be demonstrated to be similar if not identical in the "hostility" experienced, in the exclusion based upon age, and perhaps race and gender also. In short, not only will this discovery prove the right to intervene,

it will prove plaintiffs entire case.

8.  Plaintiffs in each case are now developing the details of each interrogatory and each request for production of documents (including electronic discovery of emails).  The standard level of discovery is expected to be sufficient in all matters, including about 5 depositions, except for the following matters which will require special consideration.  These are:

    A.  Data requests from Mr. Mowbray which must (according to Mowbray's testimony) utilize his special knowledge of field descriptions, the data content and his programs he has written over the past 20 years.

    B.  Email discovery showing the "electronic paper trail" of requests to him for work, his work product deliveries, and the subjects for which the data is used (to prove the intentional use by GAO management of age, and perhaps race and gender, in the ratings and resulting promotion, bonuses, assignments, and career advancement processes.

9.  By this process, and by consolidation of these cases, all of the parties, the Court's and the public interest will be well served as well as judicial economy.  In plaintiffs' opinion, these cases will shortly be over.

10.  And this discovery will demonstrate that all of the legal issues are the same, all of the factual issues are the same, and it makes no sense whatever to do the same thing four times over when one will be sufficient.

                          Respectfully submitted,

                          Walter T. Charlton, Counsel for Plaintiffs
                          In each of the related cases stated in the
                          caption above.

230 Kirkley Road, Annapolis Maryland 21401
Telephone, 410 571 8764,
Email, charltonwt@comcast.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID M. WALKER, <br><br> Defendant. | Civil Action 87-3538 (EGS) (DAR) |
| ARTHUR L. DAVIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID M. WALKER, et al., <br><br> Defendants. | Civil Action 06-1002 (EGS) (DAR) |
| JAMES D. MOSES, <br><br> Plaintiff, <br><br> v. <br><br> DAVID M. WALKER, et al., <br><br> Defendants. | Civil Action 06-1712 (EGS) (DAR) |

**DEFENDANTS' SUBMISSION REGARDING WHY THE APPLICANT INTERVENORS SHOULD NOT BE PERMITTED TO CONDUCT DISCOVERY PRIOR TO A HEARING ON THE MOTIONS TO INTERVENE**

**Exhibit B**

Presently pending before this Court in <u>Chennareddy, et al. v. Walker</u>, No. 87-3538 ("<u>Chennareddy</u>")—a putative class action involving claims against the Government Accountability Office ("GAO")—is a motion to intervene into the <u>Chennareddy</u> action filed on behalf of Arthur L. Davis, Jimmie Gilbert and James D. Moses (the "applicant intervenors"). (See <u>Chennareddy</u> Dkt. 364.)  The applicant intervenors have filed similar motions to intervene into the <u>Chennareddy</u> action in their separately-filed putative class actions against the GAO, <u>Davis, et al. v. Walker, et al.</u>, No. 06-1002 ("<u>Davis</u>"), and <u>Moses v. Walker, et al.</u>, No. 06-1712 ("<u>Moses</u>").[1]  (See <u>Davis</u> Dkt. 25, 35; <u>Moses</u> Dkt. 3.)[2]  On May 20, 2008, at what was scheduled to be the hearing on the motions to intervene, counsel for the applicant intervenors requested (for the first time) that he be granted leave to conduct discovery prior to a hearing on the motions to intervene.  The applicant intervenors' request for leave to conduct discovery should be denied for two, independent reasons:  (1) discovery is not necessary for purposes of resolving the motions to intervene; and (2) the request for leave to conduct discovery is untimely.

    **A.**    **Discovery Is Unnecessary for Purposes of Resolving the Pending Motions to Intervene.**

The applicant intervenors do not need to conduct discovery prior to a hearing on the motions to intervene.  Whether the applicant intervenors should be permitted to intervene into the <u>Chennareddy</u> action depends on:  (1) whether they filed a timely motion to intervene;

---

[1] Two of the "similar motions to intervene" filed in <u>Davis</u> and <u>Moses</u> are in fact motions to consolidate, rather than motions to intervene.  (See <u>Davis</u> Dkt. 25; <u>Moses</u> Dkt. 3.)  However, the applicant intervenors' motions to consolidate seek the same result as their motions to intervene—the joining of the <u>Chennareddy</u>, <u>Davis</u> and <u>Moses</u> actions into a single action.  Thus, for purposes of this filing, and for ease of reference, Defendants will refer to both the motions to intervene and the motions to consolidate as motions to intervene.

[2] There is one additional motion to intervene that was filed in the <u>Moses</u> case.  (See <u>Moses</u> Dkt. 54.)  However, that motion is not a motion to intervene into the <u>Chennareddy</u> action.  (See <u>id.</u>)  Rather, it is a motion filed by a third party to intervene into the <u>Moses</u> action.  (See <u>id.</u>)

**Exhibit B**

(2) whether they "claim[] an interest relating to the property or transaction that is the subject of the [Chennareddy] action, and [are] so situated that disposing of the [Chennareddy] action [without their involvement] may as a practical matter impair or impede [their] ability to protect [that] interest"; (3) whether they "ha[ve] a claim . . . that shares with the [Chennareddy] action a common question of law or fact"; and (4) whether intervention would prejudice those already parties to the Chennareddy action.  See Fed. R. Civ. P. 24(a), (b) (emphasis added).  Discovery (and any evidence that might be obtained through discovery) is irrelevant to those inquiries and is thus unnecessary for purposes of resolving the pending motions to intervene.  The relevant inquiry on the motions to intervene is whether the claims of the applicant intervenors share common questions of law or fact with the claims asserted in the Chennareddy action, and whether the circumstances of the Davis, Moses and Chennareddy cases otherwise favor intervention.  (See id.)  It is not whether the applicant intervenors can justify intervention based on evidence that they might obtain through discovery.[3]

**B.    Discovery on Matters Pertaining to Intervention Is Untimely.**

Even if discovery could be used to the advantage of a party seeking to intervene into another action, the request here to conduct discovery is untimely.  Beginning in May 2000 and continuing through April 2008, the applicant intervenors filed numerous motions (and renewed

---

[3] In their attachment to the parties' Joint Motion, the applicant intervenors argue that they should be permitted to conduct discovery prior to a hearing on the motions to intervene because the information that they will obtain through discovery will allow them and the Chennareddy plaintiffs to prove their respective cases.  (See Ex. A (attached hereto) ¶¶4-5, 7.)  However, as stated above, a motion to intervene is to be evaluated based on (among other things) alleged claims, not proven facts.  Moreover, even if the litigants in the Davis, Moses and Chennareddy cases could all prove their claims with evidence obtained through discovery (a proposition that Defendants strongly dispute), that fact alone would not establish that intervention is appropriate.  Indeed, it would not even establish that the claims asserted in the Davis, Moses and Chennareddy cases share common questions of law or fact.  The same body of proof may be used to establish vastly dissimilar claims.

**Exhibit B**

motions) to intervene into the Chennareddy action. (See, e.g., Chennareddy Dkt. 269 (filed in 2000); Chennareddy Dkt. 339 (filed in 2006); Davis Dkt. 25 (filed in 2006); Moses Dkt. 3 (filed in 2006); Chennareddy Dkt. 367 (filed in 2008); Davis Dkt. 35 (filed in 2008).) Yet, prior to May 20, 2008, the date originally scheduled for a hearing on the motions to intervene, the applicant intervenors did not once request leave to conduct discovery to support their motions to intervene. If the applicant intervenors believed that discovery was necessary to support their motions to intervene, then they should have sought leave to conduct discovery prior to the May 20, 2008 hearing date.[4]

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the request for discovery prior to a hearing on the pending motions to intervene should be DENIED.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[4] In their attachment to the parties' Joint Motion, the applicant intervenors imply that prior to the May 16, 2008 deposition of Robert Mowbray (a GAO employee), the GAO had hid the fact that it possesses electronic data files containing employee personnel data. (See Ex. A (attached hereto) ¶¶1-2.) That assertion is demonstrably false. During prior discovery in the Chennareddy case (in the 1990s), the Chennareddy plaintiffs received electronic personnel data from those data files. Moreover, counsel for the applicant intervenors questioned Mr. Mowbray about the above-mentioned data files when he deposed Mr. Mowbray in 2002. Those data files were also described at length in a report that the GAO filed (voluntarily) in the Chennareddy action on February 22, 2008. (Chennareddy Dkt. 372.)

4                                                          **Exhibit B**

    /s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 305-1334
Fax: (202) 514-8780

    /s/
_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780

    /s/
_____
HARRY B. ROBACK
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 616-5309
Fax: (202) 514-8780

**Exhibit B**