# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES D. MOSES** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-1712 (EGS)** |
| | ) |
| **GENE L. DODARO, Acting** | ) |
| **Comptroller General of the United States** | ) |
| **Government Accountability Office (GAO), <u>et al.</u>** | ) |
| | ) |
| **Defendants.** | ) |

## <u>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

The Defendants, Gene L. Dodaro, Acting Comptroller General of the United States,

Government Accountability Office ("GAO") and GAO's Personnel Appeals Board ("PAB"),

through counsel, submit this reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

Plaintiff's opposition ("Opp.") offers nothing to refute Defendant's showing that Plaintiff's

claims, with the exception of the Band II Restructuring claim, should be dismissed.  In his

complaint, Plaintiff generally alleges age discrimination in performance appraisals,

advancements, pay, and terminations.[1]  Defendant has addressed each claim in his Partial Motion

to Dismiss and argued that any specific claims regarding Plaintiff's his 2000 and 2001

performance appraisals should be dismissed; any claim regarding the Equal Pay Act should be

dismissed; and likewise, his claims against the PAB must fail.  Plaintiff has failed to address any

of the claims argued in Defendant's Partial Motion to Dismiss.  Instead, he maintains that he has

---

[1] Plaintiff's Complaint violates Fed. R. Civ. P. 8(a) as it is anything but a "short and plain statement of the claim . . ."  However, Plaintiff included various Counts in his complaint, which purportedly set forth the basis of his claims.  Although Plaintiff argues hostile work environment in his opposition, it is not a claim that is mentioned in his complaint.

exhausted his remedies with respect to the Band II restructuring claim.  See Opp.  However, the

Band II restructuring claim is not in dispute as the Defendant has filed a <u>Partial</u> Motion to

Dismiss, expressly excluding the Band II claim.[2]

## <u>ARGUMENT</u>

Plaintiff has failed to oppose Defendant's Partial motion to Dismiss and as such, it should

be granted.  The Local Rules state that if a party fails to file an opposition, "the Court may treat

the motion as conceded."  <u>See</u> LCvR 7(b).  Similarly, "if a plaintiff files an opposition to a

dispositive motion and addresses only certain arguments raised by the defendant, a court may

treat those arguments that the plaintiff failed to address as conceded." <u>Buggs v. Powell</u>, 293

F.Supp.2d 135, 141 (D.D.C. 2002) (granting motion to dismiss non-selection discrimination

claim as unopposed).  This Court has applied this rule in the context of a Title VII case.  <u>See</u>

<u>Nails v. England</u>, 311 F.Supp.2d 116, 122 (D.D.C. 2004) (Roberts, J.) (granting motion to

dismiss retaliation claim as unopposed).  There is no reason not to apply the rule here.

Defendant's Partial Motion to Dismiss should be granted.


Respectfully submitted,


__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122

---

[2]  The merits of the Band II restructuring claim are not in issue in these pleadings.

Assistant United States Attorney


___/s/_____
HEATHER GRAHAM-OLIVER,
Assistant United States Attorney
Civil Division
555 4TH Street, N.W.
Room 4808
Washington, D.C.  20530
(202) 305-1334


Of Counsel:
WESLEY DUNN
Government Accountability Office
Senior Staff Attorney