UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 87-3538 (EGS) (DAR) |
| ) | |
| GENE L. DODARO, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| ARTHUR L. DAVIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 06-1002 (EGS) (DAR) |
| ) | |
| GENE L. DODARO, et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| JAMES D. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 06-1712 (EGS) (DAR) |
| ) | |
| GENE L. DODARO, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO THE APPLICANT INTERVENORS' APPEAL OF MAGISTRATE JUDGE ROBINSON'S JUNE 24, 2008 DECISION DENYING THEM LEAVE TO CONDUCT DISCOVERY IN CONNECTION WITH THEIR MOTIONS TO INTERVENE**

Presently pending before this Court in Chennareddy, et al. v. Dodaro, No. 87-3538 ("Chennareddy")—a putative class action involving claims of age and other discrimination against the Government Accountability Office ("GAO")—is a motion to intervene that was filed on behalf of Arthur L. Davis, Jimmie Gilbert and James D. Moses (the "applicant intervenors") on January 25, 2008. (See Chennareddy Dkt. 364.) The applicant intervenors have filed similar motions to intervene into the Chennareddy action in their separately-filed putative class actions against the GAO, Davis, et al. v. Dodaro, et al., No. 06-1002 ("Davis"), and Moses v. Dodaro, et al., No. 06-1712 ("Moses").[1] (See Davis Dkt. 25, 35; Moses Dkt. 3.)

On May 20, 2008, at what Magistrate Judge Robinson (the "Magistrate Judge") had scheduled to be the hearing on the pending motions to intervene, counsel for the applicant intervenors requested—for the first time—that the applicant intervenors be granted leave to conduct discovery in connection with their motions to intervene. That same day, after postponing the hearing on the motions to intervene, the Magistrate Judge directed the parties to file briefs on the issue of whether the applicant intervenors should be permitted to conduct discovery prior to the hearing on their motions to intervene. The parties filed their respective briefs on June 3, 2008. (See, e.g., Chennareddy Dkt. 379.) By Minute Order dated June 24, 2008, the Magistrate Judge denied the applicant intervenors leave to conduct discovery in connection with their motions to intervene, "finding that [counsel for the applicant intervenors] has failed to identify any nexus between the discovery which he seeks and the issues presented

---

[1] Two of the "similar motions to intervene" filed in Davis and Moses are in fact motions to consolidate, rather than motions to intervene. (See Davis Dkt. 25; Moses Dkt. 3.) However, the applicant intervenors' motions to consolidate seek the same result as their motions to intervene—the joining of the Chennareddy, Davis and Moses actions into a single action. Thus, for purposes of this filing, and for ease of reference, Defendants will refer to both the motions to intervene and the motions to consolidate as motions to intervene.

2

by the motions to intervene." The applicant intervenors timely appealed the Magistrate Judge's June 24, 2008 decision to this Court on June 30, 2008. (See Local Civ. R. 72.2.)

The Magistrate Judge's June 24, 2008 decision denying the applicant intervenors' request for leave to conduct discovery "'is entitled to great deference'" and should be upheld unless it was "'clearly erroneous or contrary to law.'" Graham v. Mukasey, 247 F.R.D. 205, 207 (D.D.C. 2008) (quoting Neuder v. Battelle Pac. Nw. Nat'l Lab., 194 F.R.D. 289, 292 (D.D.C. 2000)); see Fed. R. Civ. P. 72(a); Local Civ. R. 72.2. As demonstrated below, the Magistrate Judge's decision was not "clearly erroneous or contrary to law." Indeed, it was entirely correct. Not only is discovery wholly unnecessary for purposes of resolving the motions to intervene (as the Magistrate Judge correctly determined), but the applicant intervenors' May 20, 2008 request for leave to conduct discovery was untimely. Thus, this Court should affirm the Magistrate Judge's decision denying the applicant intervenors leave to conduct discovery in connection with their motions to intervene.[2]

### A. Discovery Is Unnecessary for Purposes of Resolving the Pending Motions to Intervene.

Whether the applicant intervenors should be permitted to intervene into the Chennareddy action depends on: (1) whether they filed a timely motion to intervene; (2) whether they "claim[] an interest relating to the property or transaction that is the subject of the [Chennareddy] action, and [are] so situated that disposing of the [Chennareddy] action [without their involvement] may as a practical matter impair or impede [their] ability to protect [that] interest"; (3) whether they "ha[ve] a claim . . . that shares with the [Chennareddy] action a common question of law or fact"; and (4) whether intervention would "prejudice" those already parties to the Chennareddy action. See Fed. R. Civ. P. 24(a), (b) (emphasis added). Thus, the relevant inquiry on the

---

[2] The hearing on the motions to intervene is currently scheduled for July 22, 2008.

motions to intervene is whether there is a sufficiently close nexus between the claims that have already been asserted by the applicant intervenors and the claims that have already been asserted in the Chennareddy action; whether the request for intervention was timely; and whether intervention is in the best interests of those already parties to the Chennareddy action. (See id.) No amount of discovery could affect the outcome of that inquiry.[3] Thus, the Magistrate Judge was correct to conclude that discovery is unnecessary for purposes of resolving the motions to intervene.[4]

The applicant intervenors suggest that the Magistrate Judge's decision denying them leave to conduct discovery in connection with their motions to intervene is in effect a denial of their "right to [conduct] discovery" in this litigation. (Appeal Br. ¶2; see id. at ¶4.) It is not. The Magistrate Judge did not hold that the applicant intervenors can never conduct discovery; she merely denied them leave to conduct wide-ranging, merits-based discovery at this stage in the litigation—before the GAO has had an opportunity to test the sufficiency of the fourth amended complaint in the Chennareddy action[5] and while there are motions to dismiss pending in the Davis and Moses actions.

---

[3] The applicant intervenors argue that the denial of their request for discovery will "hinder [their] ability to prove" their claims of discrimination. (Appeal Br. ¶2 (emphasis added).) However, that argument is beside the point. The sole issue before this Court is intervention, and whether the applicant intervenors can ultimately "prove" their claims of discrimination has no bearing on that issue.

[4] The applicant intervenors assert that the discovery that they are seeking is "relevant" to both their claims and the claims of the Chennareddy plaintiffs. (Appeal Br. ¶1.) However, even if true, that assertion is of no consequence to the issue of intervention. The fact that the same discovery material is relevant to two sets of claims does not establish that the two sets of claims (as alleged) relate to the same property or transaction or share common questions of law or fact.

[5] By order of this Court, the GAO's response to the fourth amended complaint in the Chennareddy action is due within two weeks of the date that this Court resolves the pending motions to intervene. (Chennareddy Dkt. 378.)

### B. The Applicant Intervenors' Request for Leave to Conduct Discovery Was Untimely.

Beginning in May 2000 and continuing through April 2008, the applicant intervenors filed numerous motions (and renewed motions) to intervene into the Chennareddy action. (See, e.g., Chennareddy Dkt. 269 (filed in 2000); Chennareddy Dkt. 339 (filed in 2006); Davis Dkt. 25 (filed in 2006); Moses Dkt. 3 (filed in 2006); Chennareddy Dkt. 364 (filed in 2008); Davis Dkt. 35 (filed in 2008).) Yet, prior to May 20, 2008, the date originally scheduled for the hearing on the motions to intervene, the applicant intervenors did not once request leave to conduct discovery to support their motions to intervene. If the applicant intervenors believed that discovery was necessary to support their motions to intervene (a proposition with which Defendants strongly disagree), then they should have sought leave to conduct discovery prior to the May 20, 2008 hearing date.[6]

---

[6] The remaining arguments that the applicant intervenors have raised in their brief on appeal are unavailing. First, the applicant intervenors baldly assert that the GAO has "fail[ed] to acknowledge" that it possesses electronic data files from which it can extract employee personnel data. (Appeal Br. ¶1.) Yet, as Defendants have explained on numerous prior occasions, that assertion is baseless. (See, e.g., Chennareddy Dkt. 379 Ex. B at 4 n.4; Chennareddy Dkt. 372 ¶3; Chennareddy Dkt. 368 at 2.) In any event, the assertion is entirely irrelevant to the issue at hand—whether the applicant intervenors should be permitted to conduct discovery in connection with their motions to intervene.

Second, the applicant intervenors suggest that the Supreme Court's recent decision in Meacham v. Knolls Atomic Power Laboratory, 128 S. Ct. 2395 (2008), supports their position that they should be permitted to conduct discovery in connection with their motions to intervene. (Appeal Br. ¶3.) It does not. Meacham merely holds that an employer that asserts the "reasonable factors other than age" ("RFOA") defense in an age discrimination case bears both the burden of production and the burden of persuasion with respect to that defense. See id. at 2398, 2406. There is nothing in Meacham that could be interpreted to suggest that the applicant intervenors are entitled to conduct discovery for purposes of their motions to intervene.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that this Court should AFFIRM the Magistrate Judge's decision denying the applicant intervenors leave to conduct discovery in connection with their motions to intervene.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 305-1334
Fax: (202) 514-8780

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780

/s/
HARRY B. ROBACK
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 616-5309
Fax: (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GENE L. DODARO, )<br>)<br>Defendant. )<br> | Civil Action 87-3538 (EGS) (DAR) |
| ARTHUR L. DAVIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GENE L. DODARO, et al., )<br>)<br>Defendants. )<br> | Civil Action 06-1002 (EGS) (DAR) |
| JAMES D. MOSES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENE L. DODARO, et al., )<br>)<br>Defendants. )<br> | Civil Action 06-1712 (EGS) (DAR) |

**ORDER**

Having considered Defendants' Opposition to the Applicant Intervenors' Appeal of

Magistrate Judge Robinson's June 24, 2008 Decision Denying Them Leave to Conduct

2

Discovery in Connection with Their Motions to Intervene, and the entire record herein, it is this

_____ day of _____, 2008, hereby:

ORDERED that Magistrate Judge Robinson's June 24, 2008 decision denying the Applicant Intervenors leave to conduct discovery is AFFIRMED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copy to:  ECF Counsel