IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>Gene Dodaro, Acting<br>Comptroller General of the United States,<br>Government Accountability Office (GAO)<br>    and<br>Paul M. Coran, Chair<br>The Personnel Appeals Board<br>    of the GAO, (PAB)<br>    Defendants. | Case No.   1:06 CV 01712 (EJS, DAR) |
| Arthur L. Davis, et al<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>Gene Dodaro, Acting<br>Comptroller General of the United States,<br>Government Accountability Office (GAO)<br>    and<br>Paul M. Coran, Chair<br>The Personnel Appeals Board<br>    of the GAO, (PAB)<br>    Defendants. | Case No.   1:06 CV 01002 (EJS, DAR) |
| Venkareddy Chennareddy, et al<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>Gene Dodaro, Acting<br>Comptroller General of the United States,<br>Government Accountability Office (GAO)<br><br>    Defendant. | Case No.   1:87 CV 03538 (EJS, DAR) |

**PLAINTIFFS' REPLY TO
DEFENDANTS' OPPOSITION TO PLAINTIFFS OBJECTIONS AND
APPEAL OF MAGISTRATE JUDGE'S RULING DENYING DISCOVERY**

1

Defendant United States Government Accountability Office (GAO) continues with its mantra of denying that it possesses relevant information regarding its employees in an electronic data format (Opp. brief, pg 5, F/N 6). This assertion is disingenuous, since plaintiffs have knowledge of the internal operations of GAO. And GAO's ability to retrieve relevant employee information by electronic data means[1]. One would most certainly expect GAO to have this capability because of defendant's need (and possession) of sophisticated electronic data processing equipment and programs related to their varied oversight responsibilities.

GAO once before withheld substantive information from the Court (Judge Penn). And defendant was chastised by the United States Court of Appeals for the District of Columbia Circuit for doing so[2]. GAO now continues along this path of non-disclosure in order to foreclose any meaningful review of their conduct in dealing with employee claims of age discrimination.

The information requested is relevant and determinative of **both the issue of intervention and substantive class claims**. And since these actions have been lingering much too long, the Court should put the defendant to the acid test by requiring timely production of the specific data sought[3].

Defendant's raises the red-herring and misleading position that plaintiffs/intervenors were untimely in seeking discovery. Plaintiffs have been seeking specific GAO electronic personnel data files since they were first discovered in 2002 in a related case. Early in the two cases where plaintiffs seek intervention into the main case (Case Numbers 1:06 CV 01002 (Davis), and 1:06

---

[1] This information was gleaned from the deposition testimony of Mr. William Mowbray on May 16, 2008. Mr. Mowbray is a GAO mathematician charged with the maintenance of the data processing files containing the specific personnel information sought. That information, as described by Mowbray, may be readily extracted to obtain detailed information on the bias alleged and effective upon by each of the plaintiffs. And also, as that bias was effective upon each of the applicant intervenors.

[2] GAO failed to discloses the existence of a determinative regulation, which it withheld from the Court resulting in Judge Penn's dismissal of the first Chennareddy case. See-Moses, Appeal of Magistrate Judge's Ruling, pg. 3, F/N 1, for details of the DC Circuit Court's ruling and comment.

[3] The information sought by plaintiffs is contained in point 1 of the Objections and Appeal, listing of data elements in Table page 2, ¶ 4 of plaintiffs' objections and appeal; this would be in accordance with the Court's pronouncement that plaintiffs would obtain discovery.

CV 01712 (Moses) and much earlier in the original case, 1:87 CV 03538 (Chennareddy, et al) plaintiffs have sought this data. In meetings ordered by the Court, access to specific GAO files, information specific to the issues of this case has been requested. Instead of complying, GAO provided (years ago) raw unprocessed data. And that data was not in keeping with their capability to extract precise information on age discrimination which resides in their files.

In response to recent discovery requests, in each case defendant has responded with motions for protective orders.

**Discovery Proceedings In All Three Cases Were Intentionally
Delayed by Defendant, Not Plaintiffs:**

The following are some examples of discovery delays caused by defendant which appear in the record of this case.

(1) **In the Davis action, case number 1:06 CV 01002**, (filed on May 31, 2006) an August 8th, 2006 (docket entry # 8) discloses defendants filed a Motion to Stay *all discovery*.

(2) **In the Moses action (Case number 1:06 CV 01712)** filed on October 4th, 2006. Defendants filed on January 18, 2007 (docket entry # 8) a Motion for a Protective Order *Staying discovery*; on June 4, 2007, plaintiff filed a Motion for Permission to Allow One Witness to be Subpoenaed for a hearing to obtain this information, and to product documents. No documents were produced. Opposition thereto was filed by defendant on June 18th, 2007 (docket entry number 35).

(3) In the joint status report filed on September 5th, 2007 the list of open items prominently included the attempts at discovery. The Court's minute order of December 10th, 2007 denied without prejudice the Motion of Plaintiffs to call Mowbray as a hearing witness.

(4) **Similarly, in the Chennareddy, et al case, 1:87 CV 03538**, plaintiffs filed on April 11th, 2005 a Motion for Additional Pre-Certification and/or Merits Discovery (Docket # 332). On November 16th, 2006 plaintiffs requested a short hearing on discovery and permission to take additional discovery in case # 1:87 CV 03538. On December 10, 2007 the pending motion for

additional discovery was denied without prejudice (Docket page 52).

(5) Finally, on May 7, 2008 (docket entry # 377) defendants' counsel agreed to a deposition of Mr. Mowbray.

To summarize, plaintiffs attempt to obtain precise documentary discovery regarding age bias, has been met with dilatory tactics. And defendant's contention of untimeliness as to plaintiffs discovery requests is not supported by either a case or a rule of law.

**MEACHAM, THE NEW STANDARD FOR DISCLOSURE IN ADEA CASES:**

The parties, as in any litigation, are obliged to inform the court of recent decisions that would impact the cases at hand. Plaintiffs did so by citing the recent U.S. Supreme Court decision in ***Meacham v. Knowlls Atomic Power Laboratory***, 128 S. Ct. 2395 (2008). Meacham now requires a defendant in an age discrimination case to provide documentation and explanations of an employer's defenses.

Instead of dealing with this new issue, GAO has swept aside the mandate established in the Meacham decision by stating that it (Meacham) does not support intervenors in their quest for discovery here. (Opp. brief, Pg 5, F/N 6, ¶ 2). Plaintiffs have made no such argument. However, plaintiffs do contend that GAO must now comply with the edict in Meacham and carry the burden of production and persuasion of their affirmative defenses.

Not to be inconsistent with its predilection for disinformation, defendant wrongly maintains that the "Magistrate Judge was correct to conclude that discovery is unnecessary for purposes of resolving the motion to intervene" (opp brief pg. 4, ¶ 1). And again (at pg. 3, first full paragraph). "Not only is discovery wholly unnecessary for resolving motions to intervene (as the Magistrate Judge correctly determined) ..........."

The Magistrate Judge's minute order, even liberally read, made no such sweeping pronouncement. According to Judge Robinson, plaintiffs were only bereft of a "nexus" in their discovery request and the issues in the motion to intervene.

As noted in the original appeal and objections, plaintiffs respectfully disagree with the Magistrate's Order.  Because it is a constrictive view of the federal rules pertaining to discovery. It is also directly contrary of the objectives of rule 24 to consolidate litigation to avoid multiple cases on the same subject (as here)[4].  In addition, the minute order is also contrary to this Court's statement at the first status call declaring that discovery would occur.

Plaintiffs therefore disagree with the boiler-plate arguments and case law cited by defendant as to upholding the magistrate's order (Opp. brief, pg. 3, first full paragraph).

## CONCLUSION

Inasmuch as defendants have provided no credible support in their opposition to plaintiffs' appeal from the Magistrate Judge's Order of June 24, 2008, the appeal should thus be granted and discovery should commence as requested.

Respectfully submitted,

*Charltonw2428*

Walter T. Charlton,
D.C. Bar # 186940
Telephone 410-571 8764
230 Kirkley Road, Annapolis, Maryland 21401
Attorney for Plaintiffs and the putative class(es)
Email, charltonwt@comcast.net

---

[4]   Federal Rule of Civil Procedure 24 "INTERVENTION
(a) **Intervention of Right.**  On timely motion, the court must permit anyone to int4ervene who:
   (1) is given an unconditional right to intervene by a federal statute; or

   (2) claims an interest related to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

   (Here, the transactions, and the surrounding situation recorded in the denied discovery are alleged to be virtually identical as between intervenors and plaintiffs.  That data is determinative of the pending motions to intervene under the above rule.  (ratings and promotion bars based upon age), no class has been certified to date, and the intervenors interests extend into a time period wherein most, if not all of the proposed class representatives have retired, or been separated by termination from the agency.  Thus, intervenors, and those persons similarly situated with them, are likely to have rights forfeited by non-representation by existing plaintiffs, if intervention is not allowed).

**CERTIFICATE OF SERVICE**

      I hereby certify that I filed the above Reply to defendants' Opposition to plaintiffs' objections and appeal of the Magistrate's Orders of June 14, 2008 denying pre hearing discovery on the 14th of July, 2008 in the ECF system of the court, with the expectation that copies would be served upon the following counsel of record:

Christopher B. Harwood,
AUSA 555 Fourth St., N.W.
Washington, D.C. 20530


Heather Graham-Oliver, AUSA
555 4th, Street, N.W., Room 4808
Washington, D.C. 20530


Harry B. Roback, AUSA
501 Third Street, N.W.
Washington, D.C. 20530


/s/ charltonw 2428

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**James D. Moses**                              )
      For himself and                       )   Case No.   1:06 CV 01712 (EJS, DAR)
      All others similarly situated      )
                                      )
      Plaintiffs                                    )
          V.                                           )
                                      )
**Gene Dodaro, Acting**                        )
**Comptroller General of the United States,**  )
**Government Accountability Office (GAO)**     )
      and                                             )
**Paul M. Coran, Chair**                        )
**The Personnel Appeals Board**                 )
      of the GAO, (PAB)                        )
      Defendants.                                )
_____)
**Arthur L. Davis, et al**                       )
      For himself and                       )   Case No.   1:06 CV 01002 (EJS, DAR)
      All others similarly situated      )
                                      )
      Plaintiffs                                    )
          V.                                           )
                                      )
**Gene Dodaro, Acting**                        )
**Comptroller General of the United States,**  )
**Government Accountability Office (GAO)**     )
      and                                             )
**Paul M. Coran, Chair**                        )
**The Personnel Appeals Board**                 )
      of the GAO, (PAB)                        )
      Defendants.                                )
_____)
**Venkareddy Chennareddy, et al**                )
      For himself and                       )   Case No.   1:87 CV 03538 (EJS, DAR)
      All others similarly situated      )
                                      )
      Plaintiffs                                    )
          V.                                           )
                                      )
**Gene Dodaro, Acting**                        )
**Comptroller General of the United States,**  )
**Government Accountability Office (GAO)**     )
                                      )
      Defendant.                                 )
_____)

**ORDER**

1

Having considered the Appeal of Magistrate Judge Robinson's June 24, 2008 decision denying plaintiffs and applicant intervenors leave to conduct discovery, and the Court finding that the discovery requested does in fact have a nexus to the issue upon intervention, and may prove determinative of that motion based upon the facts contained in the discovery requested, now therefore the appeal is granted, and the decision of June 24, 2008 of the Magistrate Judge is vacated.

Discovery shall proceed forthwith on the details sought by plaintiffs and applicant intervenors. Defendant, is hereby ordered to cooperate fully with discovery pertaining to the file list described by plaintiff in their Appeal.

And it is further ordered that plaintiff and defendant shall provide this Court with a detailed plan for completion of discovery on the cases within 30 days of this Order on all other aspects of the discovery sought.

_____
United States District Court Judge