# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
James D. Moses                                      )
      For himself and                            )    Case No.    1:06 CV 01712 (EJS, DAR)
      All others similarly situated           )
                                                            )
      Plaintiffs                                      )
            V.                                      )
                                                            )
Gene Dodaro, Acting                            )
Comptroller General of the United States,  )
Government Accountability Office (GAO)  )
      and                                                 )
Paul M. Coran, Chair                            )
The Personnel Appeals Board                 )
      of the GAO, (PAB)                           )
      Defendants.                                   )
_____
Arthur L. Davis, et al                           )
      For himself and                            )    Case No.    1:06 CV 01002 (EJS, DAR)
      All others similarly situated           )
                                                            )
      Plaintiffs                                      )
            V.                                      )
                                                            )
Gene Dodaro, Acting                            )
Comptroller General of the United States,  )
Government Accountability Office (GAO)  )
      and                                                 )
Paul M. Coran, Chair                            )
The Personnel Appeals Board                 )
      of the GAO, (PAB)                           )
      Defendants.                                   )
_____
Venkareddy Chennareddy, et al              )
      For himself and                            )    Case No.    1:87 CV 03538 (EJS, DAR)
      All others similarly situated           )
                                                            )
      Plaintiffs                                      )
            V.                                      )
                                                            )
Gene Dodaro, Acting                            )
Comptroller General of the United States,  )
Government Accountability Office (GAO)  )
                                                            )
      Defendant.                                    )
_____

**PLAINTIFFS' OBJECTIONS AND APPEAL OF MAGISTRATE
JUDGE'S RULING DENYING MOTIONS TO INTERVENE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24 (a) AND (b)**

Plaintiffs and applicant intervenors in each of the above captioned cases hereby object to the Magistrate Judge's denial of intervention for each applicant intervenor on the grounds herein stated. Those intervenors who will be divested of all or a part of their rights of equal employment opportunity by this action are: Robert W. Wagner, Jr, Arthur L. Davis, James D. Moses and Jimmie Gilbert. All except Mr Moses are former employees of the defendant, the United States Government Accountability Office (GAO). They object for themselves and all others similarly situated, numbering about 200 employees and former employees who will likewise be divested of their rights to equal employment opportunity under the Age Discrimination in Employment Act of 1967, as amended (ADEA).

Plaintiffs and applicant intervenors Objections and Appeal follow.

### OBJECTIONS TO THE MAGISTRATE JUDGE'S RULING:

**1.** The Magistrate Judge did not have the authority to rule upon the denial of these motions to intervene because the denial of intervention are dispositive matters. Denial would divest each of the applicant intervenors (and all of the about 200 members of the class or classes they seek to represent) of all rights as a matter of judgment on the pleadings. This result will become operative fact upon the finalization of this ruling. This result violates Local Civil Rules 72.2 (a) and 72.3 (a).

**2.** Appellants respectfully disagree with the merits of the Magistrate's decision on the Motion(s) to intervene. F.R.Civ. P. Rule 24 (a), requires the Court to grant intervention as a matter of right if all of the elements of the rule are met. Here, plaintiffs and intervenors motions are based upon facts which they have averred under oath. A key allegation here is that the transactions and environment of the plaintiffs and the proposed intervenors are not just similar, but a virtually "identical" situation and transactions affecting the civil rights of the applicant intervenors. This identity of situation requires the Court to allow intervention of right, in accordance with Rule 24 (a). The Magistrate did not even address the key point of identity of

situation and transactions for both plaintiffs and applicant intervenors in the Magistrate's ruling (Exhibit 1, Attached).

**3.**    There was an improper inference of untimeliness in the Motions of Intervenors. Untimeliness cannot be an issue under the facts of record of this case.  No part of the 20 year delay of this case is attributable to any failing of the plaintiffs.  On the contrary, that delay was caused entirely by the failure of the GAO to be candid with the plaintiffs (and the Court) during the years long discovery process in this case.  These facts are now well known and clearly before this Court.  Additional proof on the merits and abuses of GAO alleged by plaintiffs is now being gathered.  That additional proof is in the form of discovery requests served upon GAO on August 5th, 2008.  This discovery matter is therefore directly relevant to the issue now before this Court in that the overall situation and identity of transactions will be proven to be the same for all plaintiffs and these intervenors.  That fact is determinative of intervention of right, pursuant to F.R.Civ P 24(a)(2).  Any dismissal while those facts are in the least indeterminate is improper and out of sequence.

**4.**    The action of the Magistrate was premature in deciding the motions to intervene before the results of the discovery based upon newly disclosed determinative facts is known. Those results are reasonably expected to support plaintiffs' and intervenors position that the intervention under Rule 24(a) intervention of right is completely justified.  But to require proof before discovery is contrary to the burdens imposed by the Federal Rules of Civil Procedure, with respect to determinative matters.  For example, summary judgment or dismissals of claims before discovery is completed must always be decided to most favor the non-moving party.  The Magistrates rulings thereby violate the procedural rules for burdens involving dismissal of claims.

**5.**    The Magistrate's decision was erroneous on the merits, as to plaintiffs and intervenors' allegations of transaction and situation similarity (with respect to Rule 24

intervention).  The identity of transactions required by Rule 24 has nothing at all to do with class certification.  Rule 24 (a)(2) states:

> (a)...... the Court **must** permit anyone to intervene who:

>> (2) claims an interest related to the property or transaction that is the subject of the action, and is so situated that disposing of the action **may**, as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>> [emphasis added]

**6.**  The Magistrate judge ruled based, upon an unsupported, unspecified and incorrect finding that "the proposed intervenors have failed to make the showing required by the rule."  First, the Rule does not contain any requirement of a "showing".  Second, in the absence of discovery (as here) all factual allegations of the plaintiffs must be taken as true.  Plaintiffs, in their complaints, and in the motions to intervene have in fact alleged, averred, and met, all necessary elements required to prevail under both Rule 24 (a) and (b).  And as to the allegations of meeting all of the elements required by Rule 24, plaintiffs allegations are uncontradicted.  There is simply no support nor any valid argument by GAO as to any "missing element" in intervenors' application or failure to meet a requirement of Rule 24.

Plaintiffs alleged identity of situation and transactions, and alleged that they would be harmed if they were not a part of the case to defend their position (and the position of the class they seek to represent, of about 200 additional putative class members).

**7.**  The Magistrate infers (by reference to 10 year old decisions of the Court to deny class certification, *although the denials were without prejudice*) that there is some untimeliness on the part of the intervenors in the conclusion of the Magistrate Judge.

**8.**  The reference to plaintiffs "effort to obtain reconsideration of various rulings having to do with class certification, some of which re ten years or more removed from today's proceedings", is objectionable and unwarranted.  GAO's now effectively admits its failure to be candid with the Court as to the existence of electronically stored personnel data.  That data is known to be inimical to GAO's duty to disclose, and denial of the existence of adverse

4

information known to exist.  By anyone but a government attorney, these failures would be

sanctionable.  When committed by GAO the abuses are, or should be sufficient to invoke

equitable tolling of all otherwise applicable timeliness defenses by GAO.  For this reason,

equitable tolling and equitable estoppel are appropriate for application to all of GAO's pleadings

and false positions.

**ARGUMENT**

**I.  Local Civil Rules 72.2 (a) and 72.3 (a) Prohibit this Ruling**
**by the Magistrate Judge:**

L CvR 72.2 (a) provides that:

> (a)....a magistrate judge may hear and determine any pretrial motion or matter
> other then those specified in LCVR 72.3...

L CvR 72.3. (a)(3) provides that:

> (3) motions for judgment on the pleadings, for summary judgment, to dismiss or
> to permit maintenance of a class action, to dismiss for failure to state a claim upon
> which relief can be granted , or otherwise to dismiss an action involuntarily;

The above section of LcvR 72.(a)(3) prohibits this ruling by the Magistrate Judge with

respect to Mr. Wagner (and the class he seeks to represent).  Similarly, the Motions of Davis,

Moses and Gilbert to intervene the into the Chennareddy putative class action case, if denied,

divests them of rights to equal employment for the entire time they have been attempting to

intervene until they filed their own cases.  Thus, a de-facto judgment on the pleadings results as

to each intervenor, for Wagner, Davis, Moses and Gilbert, and all members of any class they seek

to represent.  This is a massive dismissal of all rights contrary to the intent of LcvR 72.3.  Thus,

to the extent any rights of any one of the applicant intervenors are forfeited by the dismissal of

this part of their cases, on these pleadings, a partial summary judgment is a de facto result.

**II.  The Rights of Mr. Wagner (and the Class he seeks to represent) will be forfeited by this Action; this is a Dispositive Action beyond the power of the Magistrate to Enter:**

Mr. Wagner seeks to intervene into the Moses putative class action.  He also claims a right to relief as a putative class member of the Chennareddy, et al class.  He, as an intervenor is not required to exhaust administrative remedies, or to give a 30 day notice of intent to sue.  But he has attempted to complain.  He did so by notification to GAO in a timely fashion.  He then, receiving no relief, requested intervention into this existing case.  If intervention is denied, the matter is dispositive as to him, and as to the about 200 putative class members similarly situated to him.  The rule cited above is violated by the actions of the Magistrate Judge.

Mr. Wagner also was aware of the on-going Chennareddy putative class action, and the fact that he was a member of the putative class for many years.  Without intervention, those rights also will be lost, except in the event (problematic at this time) that class certification is granted.  But the rule does not require an absolute divestiture of rights, only that rights *may* be lost.  Therefore, the Magistrate's order is beyond the scope of the power of the Magistrate to enter.

**III.  The Rights of Messrs. Moses, Davis and Gilbert, and the Class or Classes they Seek to Represent will Be divested by the Magistrate's Ruling.  Therefore, that Ruling is Beyond the Scope of the Magistrate to Enter:**

Messrs. Davis, Moses and Gilbert began to complain about perceptions of bias in the year 1999.  They attempted on numerous occasions to join, by intervention the Chennareddy class action, case # 87-3538 against their employer, GAO.  They all filed administrative complaints which were not acted upon.  Finally, after filing the requisite notices of intent to sue they filed their own class complaint.

## IV.  Intervention Should Be Permitted

The motions to intervene were filed in all of these related cases pursuant to the requirements of Federal Rule of Civil Procedure Rule 24.  Applicant intervenors were a new applicant intervenor, Mr. Robert W. Wagner, Jr., who seeks intervention into the latest case filed, Moses v Walker, et al # 06-01712 (EJS, DAR); and Messrs. Davis, Moses and Gilbert who seek to intervene into the earliest case filed Chennareddy, et al v. Walker, # 87-03538 (EJS, DAR).

All applicant intervenors, for themselves and the putative class or classes they seek to represent, claim[1] that the basic underlying complaints, and the invidious pattern and practices complained about in all of these cases are not just similar, but virtually identical.  They claim a hostile work environment for age bias amounting to a virtual bar to all advancements, once a magic age of maturity (about 50) is reached.

Under the applicable case law, if the similarity of events, or the "transactions" complained about are sufficiently similar, and the applicant intervenor will be adversely affected by the outcome of the case if intervention is disallowed, intervention must be grated.  Under F. R. Civ. P. Rule 24 (a), in this circumstance, where the application for intervention is deemed timely, intervention of right requires the Court to permit intervention.

## V.  Equitable Tolling and Equitable Estoppel Should Bar GAO From Invoking any Untimeliness Defenses to Bar Intervention:

No inquiry has yet been made into GAO's bad faith conduct in denying access, for more than 20 years to dispositive personnel information.  GAO not only failed to disclose dispositive information, it misinformed the Court that such did not exist.  The interminable delays resulting created, among other great prejudices to plaintiffs and all putative class members was the denials

---

[1]  See the separate individual complaints of each plaintiff and each intervenor.  All claim an identical pattern of ADEA discrimination including a bar to advancement, promotions, and retention amounting to a hostile work environment on an across-the-board basis for over 20 years.  All are long-term employees.  All will be divested of at least some rights by the denial.  Mr. Wagner, and the class he seeks to represent will be totally stripped of his rights if intervention is denied.  Davis, Moses and Gilbert, and the class or classes they seek to represent will be greatly diminished in the temporal scope of their own complaints.

of class certification.  Since certification was repeatedly denied based upon false representations of no bias, and no similarity, there arose a  need for intervenors to apply for intervention simply to protect themselves.  All of this expensive and deplorable delay is attributable solely to GAO's failure to meet its clear duty to be candid with this Court.

With this background, any allegation or statement or inference of untimeliness by plaintiffs should be deemed outrageous, dishonest, made in bad faith, and barred by equitable considerations.

The defendants have consistently failed to produce the requested "electronic materials" for which they have a duty to produce, and have not been candid with the Court by denying the existence of these discoverable materials-on this subject-for over 20 years.  The substantive evidence has still not been produced.  If it was, all of the intricacies of this case would simply evaporate[2].

### CONCLUSION:

The Appeal should be granted.  In the event intervenors do not succeed in their intervention motion, each of them stand to lose substantive rights, and the class they seek to represent stands to lose substantive rights.  Therefore, these motions are dispositive matters, the matters to be considered dispositive are all of their claimed rights to equal employment treatment for all years involved.  Therefore, it cannot be successfully argued that the denial of intervention is a non-dispositive motion.

For the above reasons, the Magistrate's Order is beyond the scope of the power of the Magistrate to enter, and must be vacated.  All of the elements of intervention of right having been met, and the motion being timely, intervention should be allowed as "intervention of right" under

---

[2]  On August 5th, 2008, the plaintiffs most recent set of discovery (the first since reassignment of judges) for the underlying case was served upon defendant's counsel.  That discovery requests the production of the electronically stored information which will not just "show" that plaintiffs and intervenors have met the requirements of Rule 24, but prove the existence of that identity of transactions and situation beyond any reasonable doubt-with GAO's own data.

8

rule 24(a).  Equitable tolling or equitable estoppel are appropriate in this case, hence timeliness defenses by the defendant(s) are inapplicable:


**REQUEST FOR HEARING:**

A HEARING ON THIS APPEAL IS RESPECTFULLY REQUESTED.


Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
230 Kirkley Road, Annapolis, Md 21401
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net


## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that he filed the above Objections and Appeal of the Magistrate Judge's Denial of Motions to Intervene Filed by plaintiffs, joined by applicant intervenors in the afore-captioned case on the 5th day of August, 2008 in the ECF system of the court, with the expectation that copies would be served upon the following counsel of record:

Christopher B. Harwood,
AUSA 555 Fourth St., N.W.
Washington, D.C. 20530


Heather Graham-Oliver, AUSA
555 4th, Street, N.W. , Room 4808
Washington, D.C. 20530


Harry B. Roback, AUSA
501 Third Street, N.W.
Washington, D.C. 20530


/s/ charltonw 2428

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

James D. Moses )
      For himself and )   Case No.    1:06 CV 01712 (EJS, DAR)
      All others similarly situated )
       )
      Plaintiffs )
         V. )
       )
Gene Dodaro, Acting )
Comptroller General of the United States, )
Government Accountability Office (GAO) )
      and )
Paul M. Coran, Chair )
The Personnel Appeals Board )
      of the GAO, (PAB) )
      Defendants. )
_____)

Arthur L. Davis, et al )
      For himself and )   Case No.    1:06 CV 01002 (EJS, DAR)
      All others similarly situated )
       )
      Plaintiffs )
         V. )
       )
Gene Dodaro, Acting )
Comptroller General of the United States, )
Government Accountability Office (GAO) )
      and )
Paul M. Coran, Chair )
The Personnel Appeals Board )
      of the GAO, (PAB) )
      Defendants. )
_____)

Venkareddy Chennareddy, et al )
      For himself and )   Case No.    1:87 CV 03538 (EJS, DAR)
      All others similarly situated )
       )
      Plaintiffs )
         V. )
       )
Gene Dodaro, Acting )
Comptroller General of the United States, )
Government Accountability Office (GAO) )
       )
      Defendant. )
_____)


**ORDER**

1

The Court, upon consideration of the record of this case, and having considered the Appeal of Magistrate Judge Robinson's July 22, 2008 decision denying plaintiffs' and applicant intervenors' Motion to Intervene, and the Court finding that the intervention requested is a matter of right under the applicable Rule (Rule 24 (a), and finding that there are no impediment of record to the intervention requests, and further finding that the allegations of the plaintiffs and intervenors are similar if not identical in the applicable facts as well as the causes of action alleged herein, now therefore the intervention is granted.

Messrs., Robert W. Wagner, Jr, James D. Moses, Arthur L. Davis, and Jimmie Gilbert are hereby granted intervention into the cases to which they have applied for intervention, along with all of the rights and duties applicable to each respective case.

_____
United States District Court
Emmet G. Sullivan, Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - x
BENKAREDDY CHENAREDDY, et al.,:
                              :
       Plaintiffs,            :
                              :
       vs.                    : Civil Action No. 87-3538
                              :
DAVID M. WALKER,              :
                              :
       Defendant.            :
- - - - - - - - - - - - - - - x
ARTHUR L. DAVIS, et al.,       :
                              :
       Plaintiffs,            :
                              :
       vs.                    : Civil Action No. 06-1002
                              :
DAVID M. WALKER,              :
                              :
       Defendant.            :
- - - - - - - - - - - - - - - x
JAMES D. MOSS, et al.,         :
                              :
       Plaintiffs,            :
                              :
       vs.                    : Civil Action No. 06-1712
                              :
DAVID M. WALKER,              :
                              : Washington, D.C.
       Defendant.            : July 22, 2008
- - - - - - - - - - - - - - - x
```

TRANSCRIPT OF RULING IN HEARING ON MOTION
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C.  20005, 202-347-5395, www.pro-typists.com

M2557V/dac

3

APPEARANCES:

      On Behalf of the Plaintiffs:

            WALTER T. CHARLTON, Esq.

      On Behalf of the Defendants:

            WALTER BLAKE HARWOOD, Esq.
            HEATHER D. GRAHAM-OLIVER, Esq.

1              <u>P R O C E E D I N G S</u>

2              THE MAGISTRATE JUDGE:  Now as the Court indicated

3      at the outset, the Court has determined that the three

4      motions as to which we have heard argument are motions

5      that this Court can determine in accordance with local

6      Civil Rule 72.2(a).

7              The Court, before the hearing commenced, reviewed

8      the three motions, the three oppositions, and the two

9      replies.  The Court has considered very carefully the

10     arguments made on the record throughout the morning and

11     having done so, the Court is at this time prepared to

12     rule.

13             The Court will articulate its ruling, although

14     the Court has heard oral argument with respect to each

15     motion, one motion at a time.  The Court's ruling is with

16     respect to all three motions.

17             For the reasons articulated by the Defendants,

18     both orally this morning and in writing -- and by "in

19     writing," I mean the three written oppositions to the

20     three pending motions -- the Court will deny each of the

21     three pending motions.

1        More specifically, the Court finds as follows.

2    The motions as to which the Court has heard argument are

3    governed, as we know, by Rule 24 of the Federal Rules of

4    Civil Procedure.  The Court finds that the proposed

5    intervenors have failed to make the showing required by

6    the rule.

7        The Court cannot doubt the passion with which

8    counsel for the proposed intervenors has argued here this

9    morning.  The Court finds, however, that the argument is

10   largely with respect to the merits of the proposed

11   intervenors' claims or is with respect to an effort to

12   obtain reconsideration of various rulings having to do

13   with class certification, some of which are ten years or

14   more removed from today's proceedings.

15       The arguments with respect to the merits or with

16   respect to reconsideration of rulings on issues having to

17   do with class certification, however, do not provide a

18   means to satisfy the rigorous requirements of Rule 24(a),

19   Intervention of Right, or Subsection (b), Permissive

20   Intervention.

21       Put another way, the Court simply cannot, under

22   the rubric of Rule 24, address the merits of the proposed

1    intervenors' claims or issues having to do with class

2    certification or take those issues into account in

3    deciding whether or not the proposed intervenors have made

4    the requisite showing.  For these reasons, each of the

5    three pending motions will be denied.

6         The clerk will include in the ECF record of each

7    of the three cases that the motion to intervene is denied

8    for the reasons set forth by the Court on the record.  And

9    coupled with the findings the Court has articulated on the

10   record, that will constitute the extent of the ruling with

11   respect to the three motions.

12        Now thank you very much, Counsel, you may all be

13   excused at this time.

14        MR. HARWOOD:  Your Honor, could I address one

15   procedural matter?

16        THE MAGISTRATE JUDGE:  Well, Mr. Charlton, I see

17   you coming.  I will hear from you first.

18        MR. CHARLTON:  Your Honor, I would request -- do

19   you intend to have what you just said filed in the ECF

20   record?

21        THE MAGISTRATE JUDGE:  The ECF record will note

1    -- and when I say the "motion," there will be a notation

2    in each of the three case numbers, indicating that the

3    motion -- well, first, it will indicate that oral argument

4    was conducted this morning and that the motion was denied

5    for the reasons set forth by the Court on the record.

6         MR. CHARLTON:  All right, thank you, Your Honor.

7         THE MAGISTRATE JUDGE:  The Court is confident

8    that such procedure is consistent with both the local rule

9    and the federal rule.  By the local rule, I mean, of

10    course, 72.2.  This is a motion -- 72.2(a) -- in that this

11    is a motion, each of the motions is a motion which can be

12    determined by a magistrate judge.  In other words, it is

13    not a dispositive motion.

14         The Court has articulated its findings on the

15    record and there is no authority which suggests that any

16    further findings are required by either the local rule or

17    the federal rule.  So that will be the extent of the

18    findings that the Court makes.

19         You are, of course, free to order a transcript of

20    the entire proceeding.  The deputy clerk will confer with

21    you after we recess and she will tell you who it is that

1    you should contact regarding a transcript of today's

2    proceeding if it is your desire to obtain a transcript.

3         MR. CHARLTON:  Yes, Your Honor.  I would just

4    like to note that we would respectfully disagree with your

5    conclusion that this not a dispositive motion.  It

6    certainly is or potentially is in terms of at least Mr.

7    Wagner.

8         THE MAGISTRATE JUDGE:  Well, the Court has, as I

9    indicated, the Court consulted 72.2(a) of the local rule

10   and with respect to the statute which provides authority

11   for the promulgation of the local rules governing duties

12   of magistrate judges.  The Court consulted 28 U.S. Code,

13   Section 636, and is satisfied and, indeed, finds that a

14   motion to intervene, a Rule 24 motion, is not a

15   dispositive motion for which a magistrate judge or as to

16   which a magistrate judge must proceed by report and

17   recommendation.

18        I do not suggest that the Court's ruling does not

19   have implications for both sides of a civil action.  But

20   as defined by 28 U.S. Code, Section 636, and local Rule

21   72.2(a), it is not a dispositive motion, and therefore,

1    the Court is not required to proceed by report and

2    recommendation.

3              MR. CHARLTON:  Thank you, Your Honor.

4              THE MAGISTRATE JUDGE:  Very well, thank you.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

UNITED STATES OF AMERICA      )
                             )
DISTRICT OF COLUMBIA          )


       I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matters was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.


_____
      PAUL R. CUTLER

- - -


       I, DORIS A. CUTLER, do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.


_____
      DORIS A. CUTLER