UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES D. MOSES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1712 (EGS) |
| | ) |
| GENE L. DODARO, Acting | ) |
| Comptroller General of the United States | ) |
| Government Accountability Office (GAO), et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS AND APPEAL OF MAGISTRATE JUDGE ROBINSON'S JULY 22, 2008 RULING DENYING ROBERT W. WAGNER'S MOTION TO INTERVENE OF RIGHT PURSUANT TO RULE 24(a)(2)**

On April 29, 2008, Mr. Robert W. Wagner, Jr., moved pursuant to Fed. R. Civ. P. 24(a)(2) to intervene as of right into the instant lawsuit that was filed nearly two years ago on October 4, 2006.[1]  See PACER DKT. # 54 & 1.  On July 22, 2008, Magistrate Robinson denied Wagner's Motion to intervene as of right.  On August 5, 2008, Wagner filed an objection and

---

[1] Rule 24(a)(2) permits persons to intervene as a matter of right under certain conditions:

> Upon timely application anyone shall be permitted to intervene in an action. . .(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2)("Rule").  Under Rule 24, a party seeking intervention of right to must demonstrate that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.  Worlds v. Dept. of Health and Rehab. Servs., 929 F.2d 591, 593 (11th Cir. 1991).

appeal of the Magistrate's order. The D.C. Circuit has not addressed which standard of review applies to a magistrate judge's denial of a motion to intervene----de novo or clearly erroneous. See Perles v. Kagy, 394 F. Supp. 2d 68, 70 n. 6 (D.D.C. 2005) (Kay, M.J.) (Observing that the question of which standard of review applies to a magistrate judge's denial of a motion to intervene "is an open question," but concluding that "the correct standard [is] 'clearly erroneous'"). In any event, regardless of whether the applicable standard of review is de novo or clearly erroneous, this Court should affirm the Magistrate Judge's decision to deny Wagner's motion to intervene. The Magistrate Judge's decision to deny Mr. Wagner's motion to intervene into the Moses action was correct because he cannot satisfy the requirements under Rule 24 for intervention as of right. Mr. Wagner failed to exhaust his administrative remedies under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the statute of limitations has passed. Hence, his petition is untimely and he has no viable legal interest relating to the transaction which is the subject of the action. See Rule 24(a) (2).

The Band II Restructuring, at issue in this action, was accomplished in December 2005/January 2006, more than two years prior to the filing of the motion to intervene.[2] See Compl. ¶ 21. The agency was never notified of Mr. Wagner's claims as he neither filed a notice of intent to sue nor exhausted his claim administratively. See Affidavit of Dolores Crawford, ¶ 6, Exh. 1. Rather, more than two years later, on April 29, 2008, Wagner seeks to intervene in this action with no explanation for the delay. Whatever the unexplained reasons are for having slept on his rights for so long, the motion is made far too late and Mr. Wagner no longer has any

---

[2] The Band II restructuring became effective on January 8, 2006. See Attachment A, to Complaint, Moses Declaration § II A., p. 2.

protectable interest in the transaction that is the subject of this action. See Fed. R. Civ. P. 24(a)(2). Any claim he may have had to challenge the transaction at issue here - the Band II Restructuring that occurred more than two years before his motion was filed - is barred by his failure to file a notice of intent to sue or to exhaust his claim administratively.

### 1.  **Wagner Failed to Comply With Any ADEA Exhaustion Requirement.**

The provisions of the ADEA applicable to federal workers, 29 U.S.C. § 633a, provide two avenues for asserting claims. One is through the filing of an EEO claim followed by suit if the case is not resolved administratively. There is no question, that Mr. Wagner did not take advantage of this administrative procedure.[3] Affidavit of Dolores Crawford, ¶ 2, Exh. 1. However, the ADEA also allows for federal employees to file a complaint directly with a United States District Court. See 29 U.S.C. § 633a(c); Lex K. Larson, 8 Employment Discrimination (2d Ed.) § 140.08, at 140-32 (1998). However, the aggrieved employee must first file a Notice of Intent to Sue with the GAO's Office of Opportunity and Inclusiveness.[4] See 29 U.S.C. § 633a(c)-(d). The employee must file this Notice within 180 days after the alleged discriminatory practice occurred. Id.; see also Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991). The failure to file the Notice within 180 days precludes a suit in federal court. Id. Thus,

---

[3] Employees may pursue administrative remedies by filing an EEO claim with the agency's Office of Opportunity and Inclusiveness (O&I). This would-be intervenor failed to file an EEO claim with O&I. Affidavit of Dolores Crawford, ¶ 2, Exh. 1.

[4] Most federal employees would file the notice with the Equal Employment Opportunity Commission. "When the individual has not filed a complaint concerning age discrimination with the [Equal Employment Opportunity] Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. **Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred**." 29 U.S.C. § 633a(d) (emphasis added).

Mr. Wagner's ADEA claims are barred because he failed to file a Notice of Intent to Sue within 180 days of the alleged discriminatory practice. The Agency was never notified of Mr. Wagner's individual claims and it is not enough for Mr. Wagner to state that exhaustion of administrative remedies is not required of him as an intervenor. See Motion to intervene, p. 2. In fact, this statement is contrary to a recent district court decision holding that the movants were not entitled to join suit under Rule 24 because they failed to meet the filing deadline for bringing ADEA claims. Breen v. Peters, 529 F.Supp. 2d 24 (D.D.C. 2008).

Absent administrative exhaustion, the 180-day period for filing a Notice of Intent to Sue is a key requirement. The purpose of requiring that the employee file a Notice of Intent to Sue within 180 days is twofold. First, it provides the EEOC or the employing agency with an opportunity to attempt to conciliate the complaint while it is still fresh. Second, it provides early notice to the employer of a possible lawsuit, thereby promoting both the preservation of evidence and good faith negotiation on the part of the employer during the conciliation period. Cf. Lex K. Larson, 8 Employment Discrimination (2d ed.) § 140.01, at 140-3 (1998).

The 180-day filing period for providing written Notice of Intent to Sue is a statutory prerequisite to suit. 29 U.S.C. § 633a(d). Thus, the Notice constitutes an integral part of the waiver of sovereign immunity that permits an employee to bring an age discrimination claim against a federal agency. The notice requirements protect employers from defending claims arising from employment decisions that are long past. See Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2170 (2007). The exhaustion requirements recognize that discrimination claims frequently involve a "subtle determination" as to an employer's intent, the evidence of which "may fade quickly with time." Id. at 2170-71.

Moreover, when the suit is against the federal government, as is this one, a statutory limitations period is a condition to the waiver of sovereign immunity and thus must be strictly construed. Breen, 529 F.Supp. 2d at 27; Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990); and Felter v. Norton, 412 F. Supp. 2d 118, 123 & n.1 (D.D.C. 2006). Therefore, a Court should only use its equitable powers to toll a statutory deadline in extraordinary and carefully circumscribed circumstances. Breen, 529 F.Supp. 2d at 27.

> The Supreme Court has suggested. . .that courts may properly allow tolling where a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that she had done everything required of her, . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. In particular, failure to meet a statutory deadline may be excused if it is the result of justifiable reliance on the advice of [a] government officer.

Breen, 529 F.Supp.2d at 27 (citations omitted). A party requesting that a statutory deadline be equitably tolled bears the burden of persuasion. Id.; Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982). Mr. Wagner has failed to explain why he merely sat on his rights while the filing deadline passed. Instead, he has merely asserted that as an intervenor, he does not have to exhaust administrative remedies. See Wagner Motion to intervene, p. 2. The Breen Court strongly implied that in ADEA cases, the vicarious exhaustion exception should not be applied. 529 F.Supp.2d at 27. "The rationale for the vicarious exhaustion exception . . .depend[s] on a factor not present in an [ADEA] case–pursuit of a full-blown administrative complaint process required by law. The concept that requiring a second round of administrative exhaustion is futile has no application where no first

round was required at all. . .Plaintiffs and movants have identified no case where a court has excused as futile giving notice under [the ADEA] or an analogous notice provision in another statute." Id., at 28.

There is no record of Robert Wagner, Jr., ever having filed either an administrative EEO Complaint or a Notice of Intent to Sue[5]; therefore, the plain language of the statute mandates that "[n]o civil action may be commenced" by this putative intervenor. Rann v. Chao, 346 F.3d 192, 198-99 (D.C. Cir. 2003).

2. **Wagner's ADEA Claims Are Untimely And Barred By the Statute Of Limitations**

That Wagner's claims are barred by the statute of limitations is an appropriate basis on which to deny intervention. See Bridges v. Maryland State Police, 441 F.3d 197, 209, 213 (4th Cir. 2006); Southern Calif. Fed. Savings & Loan Ass'n v. United States, 51 Fed. Cl. 114 (2001): Abrams v. Communications Workers, 1992 WL 88038 (D.D.C.). It is now too late for him to either make an administrative EEO claim or give the Notice of Intent to Sue. Mr Wagner had 180 days after the alleged unlawful act occurred to file an administrative EEO complaint. See 29 U.S.C. § 636(d). Alternatively, Wagner could have filed an Notice of Intent to sue under the ADEA. However, the Notice would also have to be filed 180 days after the alleged unlawful act occurred. See 29 U.S.C. § 633a(d). Mr. Wagner did nothing. Accordingly, his claims are time-barred.

3. **Wagner No Longer Has An Interest In the Transaction That Is The Subject Of Litigation.**

---

[5] Affidavit of Dolores Crawford, ¶ 6.

Failure to satisfy any one of the requirements of Rule 24 is sufficient grounds to deny the application. United States v. State of New York, 820 F.2d 554, 556 (2d Cir. 1987). In order to intervene as of right, a movant must possess "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). This interest must "be direct, substantial, and legally protectable." New York News, Inc., v. Kheel, 972 F.2d 482, 486 (2d Cir. 1992) (citations omitted). Mr. Wagner has no legally protectable interest in this action as he has failed to exhaust his administrative remedies and his claims are barred by the statute of limitations. As such, the Magistrate was proper in denying his motion to intervene.

**4.     Conclusion**

For the foregoing reasons, the defendants request that the Court affirm the Magistrate Judge and deny Mr. Wagner's Motion to Intervene.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER GRAHAM-OLIVER,
Assistant United States Attorney
Civil Division
555 4TH Street, N.W.
Room 4808
Washington, D.C.  20530
(202) 305-1334


Of Counsel:
WESLEY DUNN
Government Accountability Office
Senior Staff Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES D. MOSES, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GENE L. DODARO ) <br> Acting Comptroller General of the ) <br> U.S. Government Accountability Office, ) <br> et al. ) <br> ) <br> Defendants. ) <br> ) | Case No: 06-01712 (JGP) |

**AFFIDAVIT OF DOLORES CRAWFORD**

I, Dolores Crawford, depose and state as follows:

1.      I am presently employed as a Mediation Program Manager & EEO Counselor in the Office of Opportunity and Inclusiveness (O&I), formerly known as the Civil Rights Office, at the Government Accountability Office (GAO). In that capacity, I have the responsibility for the receipt and processing of individual and class complaints of discrimination, as well as Notices of Intent to Sue under the Age Discrimination in Employment Act (ADEA). I have served in that capacity since approximately 1991.

2.      When O&I receives a formal Complaint of Discrimination, O&I creates a file and places it in a filing cabinet located in O&I, then begins processing the complaint.

3.      When O&I receives a Notice of Intent to Sue under the ADEA, O&I either places the Notice in an existing O&I file, or creates a new file and places it in the O&I file cabinet.

4.      O&I has two files: one containing active complaints, and one containing old complaints. O&I's files date back to approximately 1990. The O&I filing system is organized alphabetically by the complainant's name.

5.      On or about April 30, 2008, I performed a search of the O&I files to ascertain whether O&I had received a Complaint of Discrimination or Notice of Intent to Sue from Robert W. Wagner, Jr.

6.      There is no record of Robert W. Wagner Jr. having filed a Complaint of

Discrimination or Notice of Intent to Sue with O&I.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

_____  _____
Dolores Crawford                                    Date  22 May 08