IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses )<br>    For himself and )<br>    All others similarly situated )<br>)<br>    Plaintiffs )<br>            V. )<br>Gene Dodaro, Acting )<br>Comptroller General of the United States, )<br>Government Accountability Office (GAO) )<br>    and )<br>Paul M. Coran, Chair )<br>The Personnel Appeals Board )<br>    of the GAO, (PAB) )<br>    Defendants. )<br>) | Case No.   1:06 CV 01712 (EJS, DAR) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO RENEWAL OF MOTION FOR A DECLARATORY JUDGMENT**

**I.   INTRODUCTION**

The United States Government Accountability Office, (GAO) the "watchdog agency of the federal government", represented by the U. S. Department of Justice continues to withhold material facts.  GAO again fails to disclose its own determinative federal regulations regarding fees and costs to a prevailing complainant.

In its zeal to prevail, GAO cites again the pending motion to dismiss, relying upon affidavits of GAO's Office of Inclusiveness that Mr. Moses failed to give timely notice of intent to sue. (Def's Opp, Pg. 1, L 5-6).  Mr. Moses, has evidence of timely delivery of that "Notice Of Intent to Sue"(Attachment 1, hereto[1] and Docket Entry, # 15, 3/05/2007, Exhibit 3, Postal Receipt, and Exhibit 4–US Postal Tracking Certificate).  Therefore, that material is before the Court and stands as unchallenged evidence of proper and timely notice by Moses.  GAO thus continues to rely upon an unsupported defense that Moses was deficient or untimely in his 30 day Notice of Intent to Sue.

---

[1] Also appearing as evidence filed in the record as Exhibit 2 Docket Entry 55-3 (Filed 04/30/2008)

GAO is bound by its own regulations as to how to treat a substantially prevailing age discrimination plaintiff. Instead of bringing those regulations to the attention of the Court, as is its duty, GAO relies upon inappropriate case law to purportedly refute plaintiff's right to obtain a declaratory judgment. The GAO regulations require that a prevailing age discrimination complainant be "made whole". The case law relied upon by GAO is either not in this Circuit, or not applicable to federal government employees. The case law in this circuit relied upon by plaintiff is ***Krodel v. Young***[2], the leading case in this circuit, which remains the case law in this jurisdiction.

GAO fails to bring the applicable code of federal regulations pertaining to a GAO employee who "substantially prevails in an age discrimination complaint" to the Court's attention. Nor is this the first time GAO has failed the duty to disclose its own applicable regulations in these related cases. The first time this occurred was in the related case of Chennareddy, et al, v. Bowsher, case # 87-3538. In this action, Moses is, and always has been, a putative class member. GAO failed to bring a determinative regulation to the Court's attention which "troubled" the Court of Appeals and resulted in the lower Court's dismissal of the action, the Court of Appeals reversed the dismissal, in part based upon that failure by GAO[3].

Moreover, as argued below, the law on liability of the government for attorney's fees in an ADEA case depends upon the fact of "substantially prevailing" not some other diversionary factor.

---

[2]***Krodel v. Young***, 576 F. Supp. 390: (USDC DC 1983); Affirmed by ***Krodel v. Young,*** 242 U.S. App.D.C., 748 F.2d, 701, (D.C. Cir 1984); ***Cert Den***. 474 U.S. 817, 106 S.Ct. 62, 88 L. Ed2d 51(1985).

[3]***Chennareddy v. Bowsher***, 935 F.2d 315, 320 (D.C. Cir. 1991)
We are troubled by GAO's failure to bring 4 C.F.R. Sec. 28.51(c) to the District Court's attention. An agency of the United States, like an attorney practicing before the court, has an affirmative duty to inform the court of controlling precedents, including the agency's own rules and regulations. We hope GAO's failure to apprise the District Court of its regulations governing ADEA claims in the present case was an oversight and not an attempt to either gain a strategic advantage over Chennareddy on appeal by arguing waiver, or to mislead the District Court. Nonetheless, we find GAO's failure to cite its own regulations before the District Court another reason to reject GAO's waiver argument.

**A. GAO Misstates the Nature of this Motion:**

GAO labels this Motion as a "renewed motion for declaratory judgment and request for attorney's fees and costs" (D Opp, pg. 1, line 4). This is incorrect. The original Motion for a Declaratory Judgment, as filed, does not request attorney's fees. At this time, this plaintiff's motion is solely for a declaratory judgment. This declaratory judgment is a necessary predicate, under existing law in this Circuit, for the Court to recognize the fact that Mr. Moses legal status has changed as a result of the instant action[4]. Moses and undersigned counsel vigorously litigated his claims.

In that connection, Moses filed administrative complaints which were never processed by GAO's Office of Inclusiveness (OOI), He subsequently joined the union. Moses and undersigned counsel and other anonymous GAO clients were interviewed by congressional staff members about their ongoing complaints. Undersigned counsel had represented Moses at GAO from approximately1999 to the present. Counsel herein filed this lawsuit after protracted efforts to protect Moses interests (and those of the class he still seeks to represent). Moses has been granted substantial monetary and personal relief. The docket entries of this case is replete with activity pursuing Moses rights as well as the putative class.

Moses was granted about 90% of the monetary relief for back pay and benefits he requested, in cash. He was granted his restoration back to the position of leadership from which he was removed. He was granted his cost of living increases in the form of a bonus of about equal amount. His title was restored to the top of the "band", and reassigned in status from Band IIA to Band IIB[5]. However, he was not awarded damages for emotional upset and damage to his

---

[4] See argument below quoting, ***Krodel v. Young***, 576 F. Supp. 390: (USDC DC 1983); Affirmed by ***Krodel v. Young,*** 242 U.S. App.D.C., 748 F.2d, 701, (D.C. Cir 1984); ***Cert Den***. 474 U.S. 817, 106 S.Ct. 62, 88 L. Ed2d 51(1985).

[5] At GAO, Government G/S grades, have been replaced by a broader "Band" system consisting of Bands I, II and III. The start of this particular version of GAO's discriminatory scheme was a splitting of Band II, into two groups, the lower being Band IIA, and the higher being Band IIB. Moses, already at the top of Band II when this plan started, was demoted to a lower Band IIA status, effectively a dead-end position. Dr. Chennareddy's statistical opinion filed elsewhere in this case, demonstrated that it was a virtual certainty that age played a determinative role in the non-selection (demotion) process. All of that was rescinded (as to Moses) by the relief unilaterally granted to

professional status at GAO.  Nor were the equitable and procedural claims addressed, nor was there any consideration of his claims on behalf of persons similarly situated.

Under GAO's own regulations, which were omitted from the opposition of the GAO to this Motion, Moses is entitled to have his change in status by unilateral action by the defendant employer (GAO) recognized to "make him whole".  That is the intent of Congress expressed in ***Krodel, supra***, and the Federal Code of Regulations applicable at GAO to a "substantially prevailing complainant".  This statement is true *both* in Title IV, Code of Federal Regulations, applicable in the Legislative Branch (to GAO) and in Title V, Code of Federal Regulations, applicable to Executive Branch Agencies.  The GAO regulations in Title IV adopt Title V discrimination definitions and coverage for fees and costs.  Authorization for reimbursement for prevailing complainants is specifically adopted, using the liberal costs and fees provisions of Title VII for age discrimination as well as racial and gender discrimination.  The details of each aspect of the Federal Code of Regulations is outlined following.  (See II below).

**B.  GAO Misstates the Nature of Moses Complaint by Omitting Facts Contained in the Complaint Itself:**

GAO mis-labels (at Opp pg 1, ¶ 1) Moses complaint as filed "under the Age Discrimination in Employment Act of 1964 [sic] ("ADEA"), 29 U.S.C. § 633a (2006).  This mislabeling is incorrect and misleading.  Rather the causes of action in the complaint (Docket Entry #1, filed on October 4, 2006) are much broader, invoking ADEA, Title VII, the Equal Pay Act, and Equal Access to the Law Acts..

The complaint alleges of race and gender discrimination is (pg. 9, ¶ 6g), a faulty administrative process in derogation and in violation of both Title VII and ADEA employment rights (pg 11, ¶ 10), and a hostile work environment (pg 18, ¶ 27) for himself and for all such similarly situated persons.  Injunctive relief and mandamus is requested for GAO's failure to

---

Moses by GAO.

follow the dictates of its own regulations.

On page 2 GAO is accused of non-candid response to the Court in furtherance of their scheme to thwart litigation of their civil rights protected by both Title VII and ADEA. Moses charges:

> ..."a secret statistical data base system for the past 20 years.  He alleges that this system was used to deprive himself and persons similarly situated on an across the board basis of equal treatment under the laws, and to measure and create methodology to achieve the unequal treatment of some employees based upon their race, age and gender.  Most importantly, GAO falsely informed the Court that no such system existed denying access to that information"......

**C.  GAO Omits the Facts Demonstrating  That Moses Has in Fact Been Granted Substantial Relief; His Legal Status in the Case Has Changed By the Withdrawal of his Demotion, Payment of Money, and Restoration to a Leadership Position:**

As noted previously, Moses has been restored to his leadership position, substantially compensated, received his previously denied cost of living increase, granted a raise in pay, effectively received much of the relief requested for him personally.  His earnings in his three high years of service will be increased by this change.  Therefore, in fact, he has received the most of the substance of the monetary damages he complained about.  However, he has not yet received any damages for emotional damage or damage to his professional status for the about two years he was in the demoted position.  Nor has the Court ruled upon his status as a class representative for the about 308 employees subject to the same discriminatory actions.

This change in his status qualifies him as a "substantially prevailing plaintiff" under existing standards in this circuit.  See Argument following quoting ***Krodel v. Young***, 576 F. Supp. 390: (USDC DC 1983); Affirmed by ***Krodel v. Young,*** 242 U.S. App.D.C., 748 F.2d, 701, (D.C. Cir 1984); ***Cert Den***. 474 U.S. 817, 106 S.Ct. 62, 88 L. Ed2d 51(1985).

**II.  GAO's Case Law Relied Upon Is Not the Standard In This Circuit; Nor is it The Standard in Federal Regulations.  The Standard in this Circuit is Set by *Kodel*, as Modified by GAO's Own Regulations Pertaining to Discrimination Complaints:**

**A. GAO Fails to Cite ADEA Case Law in this Circuit; GAO also Fails to Mention the Effect of Federal Regulations Applicable to GAO:**

In the District of Columbia Circuit ***Krodel v. Young***, 576 F. Supp. 390, 33 FEP (D.D.C. , Affirmed by ***Krodel v. Young,*** 242 U.S. App.D.C., 748 F.2d, 701, (D.C. Cir 1984); ***Cert Den***. 474 U.S. 817, 106 S.Ct. 62, 88 L. Ed2d 51(1985), held that to fulfill the purposes of ADEA, § 633(a) federal courts must grant federal employees the relief of the ADEA to make plaintiffs whole.

The cases cited by GAO pertaining to ADEA are either not in this Circuit (Nord v. Rubin, 76 F.3d 25 (1st Cir. 1996) or not pertaining to federal government employees Buckhannon Bd. & Care Home, Inc., 532 U.S. at 602-603.

**B. Case Law In This Jurisdiction Supports an Award of Fees in Both an ADEA case, and in a Title VII Case.  Moses Alleged Both Title VII Violations and ADEA Violations:**

***Wexler v. Thomas***, 30 FEP 1370 (D. D.C. 1983) held that settlement negotions in which the defendant agreed to award a grade increase to the plaintiff, as well as back pay and other relief sought, earned the plaintiff prevailing party status.  These facts are strikingly similar to those noted above for Moses.

Omitted in GAO's factual summary is the factual pleading of Moses that he suffered racial discrimination, in addition to age discrimination, viable under Title VII.  This pleading of discrimination was in addition to the averments of age discrimination.

Also omitted is the effect of the Code of Federal Regulations applicable to GAO (**See C following**) and case law in this Circuit for costs and fees available to prevailing age discrimination plaintiffs.  ***Krodel v. Young, supra* [at 394-396]**, is the law pertaining to a substantially prevailing complainant as a prerequisite to an award of attorney's fees under ADEA.  ***Krodel*** was decided by the United States District Court for the District of Columbia,

6

appealed to the D.C. Circuit, affirmed, and Certiorari was denied[6]. That case is well known as the leading case on this subject in this Circuit. ***Krodel*** holds:

> [**10]  *§ 633a* [of ADEA] is an express and unequivocal waiver of sovereign immunity by the United States with regard to age discrimination claims.  Indeed, the intent of that section, as set out in the House report is to:
>> remove discriminatory barriers against employment of older workers in government jobs at the Federal and local government levels as it has and continues to do in private employment....

**[at 395**

> ....
> [**12]  This court holds that plaintiff, as a successful litigant against the federal government under the ADEA is entitled to reasonable attorneys' fees. [6] This holding, however, does not end the court's analysis of this case.  The court must determine what amount of attorneys' fees will "effectuate the purposes" of the ADEA.
>
>> F/N 6   Although this court does not base its holding on the EAJA, it believes that plaintiff would be able to recover attorneys' fees under that act as well.  The relevant provision of the ADEA states:
>
>     Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, . . . to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States . . ..  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
>                              .....
> [**13]  The goal of the court in awarding attorneys' fees pursuant to "statutes like Title VII" is to set a fee sufficient to encourage individuals injured by discrimination to seek judicial relief. *Copeland v. Marshall, 205 U.S. App. D.C. 390, 641 F.2d 880, 890-91 (D.C. Cir. 1980)* (en banc); *see Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 401-02, 88 S. Ct. 964, 966, 19 L. Ed. 2d 1263 (1968)*. As a result, fees are awarded only to prevailing parties under these statutes.  The court is faced with a problem, however, when the plaintiff prevails on some counts in his complaint and not on others. [7] The Supreme  **[*396]**  Court recently has shed light on this problem in *Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)*.
>
>> F/N 7   It is well established that in such a case, a party qualifies as a "prevailing party" if he succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)*.  The court must still determine, however, what a reasonable fee would be.
>                              .......

---

[6] ***Krodel v. Young***, 576 F. Supp. 390: (USDC DC 1983); Affirmed by ***Krodel v. Young,*** 242 U.S. App.D.C., 748 F.2d, 701, (D.C. Cir 1984); ***Cert Den***. 474 U.S. 817, 106 S.Ct. 62, 88 L. Ed2d 51(1985).

Therefore, until this case is overturned by some other precedent, it is the law in this jurisdiction. Moses is entitled to costs and attorney's fees if and when the Court holds that he has substantially prevailed to the extent his legal relationship with the employer/defendant has changed. The relief he has received has substantially altered his relationship with his employer, and his rights in this case. Indeed very little additional monetary relief is remaining available to him at this time.

The remaining matter- how much fees are due- is beyond the scope of this Motion. That issue, under applicable case law, comes later after the plaintiff has been found to have substantially prevailed in his claims, thereby altering his legal relationship with the defendants in this case.

**C. At GAO, The Code of Federal Regulations, Title IV, Requires Payment of Attorney's Fees and Costs to a Prevailing Complainant, in Discrimination Cases, both Age (ADEA) and Title VII, Without Distinction:**

The Defendant has (once again) again failed to carry its burden of informing the Court of GAO's own regulations. The defendant proceeds to argue contrary to the Federal Code which Congress has approved for application to discrimination cases at that agency. Thus, the pattern of dissembling continues.

Title V, United States Code of Federal Regulations applies to the Federal Executive Branch workforce. In 1980, GAO was removed from the control of Title V over its personnel operations and oversight. This occurred in the GAO personnel act of 1980. Since that time, GAO has been subject to the provisions of Title IV, the regulations pertaining to the Legislative Branch. However, interestingly, GAO's regulations substantially adopt the operative section of Title V, pertaining to discrimination matters. GAO's regulations also adopt by direct code provision in Title IV, the provisions of Title V, with respect to Attorney's fees and costs for a prevailing complainant in a discrimination case. Those regulations were not brought to the attention of the Court by GAO, as is its

duty.  The relevant provisions follow:


**D. Applicable and Relevant Provisions of GAO Regulations Preventing Age Discrimination Are On A Par with Title VII:**

>   **Title IV-Code of Federal Regulations-General Accounting Office**
>
>   **§ 28.89 Attorney's fees and costs.**
>
>   .... the petitioner, if he or she is the prevailing party, may submit a request for the award of reasonable attorney's fees and costs.... Motions for attorney's fees shall be filed in accordance with § 28.21 of these regulations [motions practice]. Rulings on attorney's fees and costs shall be consistent with the standards set forth at **5 U.S.C. 7701(g)**.....[emphasis added].
>
>   **Title V-Code of Federal Regulations-Merit Systems Protection Board**
>
>   **§ 7701.  Appellate procedures**.
>
>   **.....     (g)**
>   **(1)** Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.
>
>
>   **(2)** If an employee or applicant for employment is the prevailing party and the decision is based on a finding of discrimination prohibited **under section 2302 (b)(1) of this title, the payment of attorney fees shall be in accordance with the standards prescribed under section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–5 (k)). [emphasis added]**
>
>
>   **§ 2302. Prohibited Personnel Practices**
>
>   **(b)** Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—
>
>   **(1)** discriminate for or against any employee or applicant for employment—
>
>>   **(A)** on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16);
>>   **(B) on the basis of age**, as prohibited under sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a);

>**(C)** on the basis of sex, as prohibited under section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206 (d));
>**(D)** on the basis of handicapping condition, as prohibited under section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791); or
>**(E)** on the basis of marital status or political affiliation, as prohibited under any law, rule, or regulation;
>    [emphasis added]

Therefore, defendant's contention that costs and attorney's fees are not available to a prevailing complainant under the provisions of ADEA are quite simply totally wrong. Fees and costs are available under both case law and the agency's regulations.

**III. Conclusion:**

Plaintiff having demonstrated that he has "substantially prevailed" in accordance with the standards applicable in this Circuit, and that attorney's fees and costs are clearly authorized by the United States Code, Sec 631(a) and the United States Code of Federal Regulations applicable to the defendant, now therefore a declaratory judgment to that effect is clearly warranted.

The Motion should be granted.

A draft Order is attached.

**REQUEST FOR HEARING:**

>A HEARING ON THIS MOTION IS RESPECTFULLY REQUESTED.

>Respectfully submitted,

>Signed, *charltonw2428*

>Walter T. Charlton, Attorney for Plaintiffs
>D.C. Bar # 186940
>Walter T. Charlton & Associates
>230 Kirkley Road, Annapolis, Md 21401
>Phone 410 571 8764, Fax 410 897 0471
>charltonwt@comcast.net

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing Reply to Defendants opposition for a declaratory judgment that plaintiff has substantially prevailed in his claims of discrimination with the ECF system of this Court, with the expectation that an electronic copy of this Reply would be served upon the lead counsel for the Defendants, on the 20th, day of August, 2008.

Heather Graham-Oliver, AUSA
555 4th, Street, N.W. , Room 4808
Washington, D.C. 20530


/s/ charltonw 2428
Walter T. Charlton,
D.C. Bar # 186940

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>      For himself and<br>      All others similarly situated<br><br>      **Plaintiffs**<br>           V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>      **and**<br>**Paul M. Coran, Chair**<br>**The Personnel Appeals Board**<br>      **of the GAO, (PAB)**<br>      **Defendants.** | ) <br>) Case No.   1:06 CV 01712 (EJS, DAR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

The Court, upon consideration of the record of this case, the unchallenged assertions of the plaintiff that he has been restored to his former position, and received a substantial part of his claimed loss of earnings, and the Court having considered the law regarding substantially prevailing plaintiffs in an age discrimination case, and the Court having also considered the effect upon the claims of the Federal Code of Regulations applicable at the United States Government Accountability Office (GAO) with respect to prohibited personnel practices, and it further appearing that the GAO has, or is in the process of correcting an ill-advised personnel action which has been essentially admitted to have been motivated by discriminatory motive having an adverse impact upon personnel based upon the age of the applicants for retention, which conclusion is supported by the only statistics now of record, the opinion of Dr. Venkareddy Chennareddy, now therefore the Motion is Granted.

Mr. Moses and his counsel shall have 45 days to file an application for costs and fees in accordance with the provisions of Title V. U.S.C. Sec. 7701 (g)(2) and the practices

in this Court for detailed support of petitions for fees and costs.

_____
Deborah Robinson, Magistrate
United States District Court

# WALTER T. CHARLTON & ASSOCIATES
*Attorneys At Law, Washington, D.C.*

--------

*202 296 2975, 410 571 8764 (Phone)*
*Mailing Address: 410 897 0471 (Fax)*
*230 Kirkley Road*
*Annapolis, Maryland 21401*

**August 9th, 2006**

United States General Accounting Office (GAO)   **BY CERTIFIED MAIL**
Office of Opportunity and Inclusiveness           **RETURN RECEIPT REQUESTED**
451 G. Street, N.W.
Washington, D.C. 20548

*Re: Class Action(s) , Age Discrimination in Employment Notice and Re-Notice of Intent to Sue 300 COLA Denials (Pursuant to GAO Order # 2713.2, December 2, 1997)*

Ladies and Gentlemen:

This Notice is a New Notice of Intent to Sue by James D. Moses, presently a Band II A analyst for GAO. He give this notice for himself and all others similarly situated pursuant to GAO Order number 2713.2, Chapter 3, 9, page 12 (Age Discrimination in Employment Act)(ADEA), Chapter 3, 10 (Equal Pay Act, Section 16(b) of the Fair Labor Standards Act) and Chapter 4, (Class Complaints). This notice incorporates by this reference two previous notices of intent to sue for the same pattern and practice of across-the-board age discrimination, and, in the interest of caution, adds several recent discrete events which Mr. Moses alleges continue the same pattern and practice. Those new matters result from the "Band II Restructuring" and cost of living adjustment (COLA) denials which became effective in his paycheck on February 16th, 2006. Mr. Moses alleges that all of his complaints are timely, and the latest Notice is Timely under Statute of Limitations contained in the Fair Labor Standards Act, as applicable to Federal Employees, 29 U.S.C. § 631(a); 633(a) et seq, as amended. Mr. Moses alleges that GAO's Order

1

violates the existing statute of limitations of two years from the event, and three years if the violation is intentional (as here).  But in any event this Notice is timely for all matters contained therein.

Mr. Moses notices his intent to sue as a class complaint for himself and about 300 other similarly situated employees affected adversely by the "Band II Restructuring", or "Band II Split" and denials of Cost of Living Increases (COLAs) which became effective with the pay check of February 16, 2006.  Mr. Moses has previously complained of these actions and received counseling by GAO's Office of Inclusiveness, but no resolution has occurred.

Although Mr. Moses for years has been a regular counselor for employees, neither he nor any employee he is aware of has received timely written or other notice of deadlines for notification or filing applicable to age discrimination cases.  Under federal civil rights law principles, notice to employees of their rights in employment disputes is an important duty of the GAO Office of Opportunity and Inclusiveness.  That has simply not happened here.

Mr. Moses and his counsel recently became aware of the existence of GAO Order Number 2713.2, effective December 2, 1997, through their own research.  Chapters 3 and 4, of that Order, if interpreted literally, mean that he must complain within 180 days of the occurrence of the discrete events about which he complains.  It is fortuitous that this fact became known before the unnoticed deadline expired.  However, as foregoing noted, Mr. Moses argues that all of these events are part and parcel of the same discriminatory pattern and practice.

This letter is that notice, purportedly required by GAO Order # 2713.2 in the event the "Band II Split" is found to be a discrete event and not a part, as Mr. Moses claims, of the overall pattern of age discrimination at the GAO.

Mr. Moses alleges that the first payday that this occurrence became effective was on February 16, 2006, and that the harm is repeated effective on each payday thereafter, each one a separate violation of law. He alleges that about 300 persons are similarly situated in that they are over 40 years of age and have been effectively demoted in rank and denied COLAs while performing satisfactorily in their jobs.

As per this Notice, Mr. Moses intends to file an amendment to his existing class action lawsuit, or if it becomes necessary to file a new class action in the event the Court determines that the "Band II Split" and resulting actions by GAO are discrete events and not a part of the on-going overall pattern and practice of illegal age discrimination which he, and others have alleged previously in United States District Court Case numbers 87-3538 and 06 1002. Both of those cases allege essentially the same pattern and practice of across-the-board discrimination. Those cases are now "live" before the Honorable Judge John G. Penn, Senior Judge of the United States District Court for the District of Columbia.

Although unnecessary to file a separate notice under existing law, Mr. Moses also alleges that GAO's actions violate the Equal Pay Act. To the extent that act affords relief, no separate notification of the GAO is necessary under the existing GAO Order, 2713.2, chapter 2, # 10.

This Notice also memorializes Mr. Moses's actions in previously complaining to the Civil Rights Office, or as newly named the Office of Opportunity and Inclusiveness, for himself and all others similarly situated, in complaining about the discriminatory effect of the "Band II Split" events, occurrences and related decision to deny COLAs for himself and all others similarly situated.

In no way is this new notice to be construed as an admission of any failure to previously

complain, since in fact Mr. Moses has consistently been timely in accordance with all GAO regulations of which he is and had been made aware. You will please note that Mr. Moses served as a counselor, and therefore purportedly at least, received all instructions appropriate from GAO to perform in that capacity including regulations and GAO Orders which have been brought to his attention by the Office of Opportunity and Inclusiveness or in conversations with the Officials of the GAO with whom he has spoken and been counseled.

This Notice also incorporates by this reference his previous notices which Mr. Moses alleges are part of the on-going pattern and practices of discrimination about which he complains. Those are:

By letter of June 10, 1999 a Notice of Intent to Sue was given by letter, a copy of which was directed to the Comptroller General, Mr. David M. Walker. A copy of that letter is incorporated by this reference. That letter noticed and re-noticed intent to sue for a class action for age discrimination for 15 employees specifically named persons and 151 unnamed persons all of whom were then employees or former employees of the GAO. All of the specifically named persons had previously given the required notice of intent to sue as a part of the on-going case of V. Chennareddy et al v. David Walker, Case No. 87-3538 JGP.

By letter of April 6, 2005 Mr. Moses again gave notice of intent to sue alleging continuing violations of (ADEA) alleging the same pattern and practice. When the intervention by Messrs. Moses, Davis and Gilbert was denied by the United States District Court, they filed a lawsuit to preserve their remedies. That lawsuit, Case No 06 1002 (JGP) resulted.

Both of the foregoing cases, and the claims of all of the present persons who seek to become class representatives in this case are presently pending before the Honorable Senior

United States District Judge, John G. Penn of the United States District Court for the District of Columbia.

No part of this new Notice of Intent to Sue is to be considered an admission that any previous notice of continuing violations is either abandoned or ineffective as to the new violations herein alleged, nor does this new notice constitute any waiver of or admission to any rights contained in the previous notices of intent to sue by Mr. Moses or any other party now before the United States District Court.

The undersigned firm represents all of those individuals named in the previous lawsuits as well as Mr. Moses for purposes of the contemplated lawsuit(s) and/or in any of the on-going cases as prospective intervenors.

Counsel for Mr. Moses hereby requests that any notification of actions required by Mr. Moses pursuant to GAO regulations or orders, including any counseling required for individual or class complaints, interviews or investigations, be Noticed to this office, and in addition to Mr. Moses.

All correspondence should be directed to this office at:

Walter T. Charlton, D.C. Bar # 186940          APPROVED:
230 Kirkley Road,
Annapolis, Maryland 21401                       _____
Phone 410 571 8764                              JAMES D. MOSES
email, charltonwt@comcast.net

Sincerely,

Walter T. Charlton
Counsel for Mr. Moses and the
class or classes he seeks to represent

CC:
Jimmie Gilbert
7251 S. Vernon Ave.
Chicago,
ILL. 60619

James David Moses
1662 Cyrene Drive
Carson, CA 90746

Arthur Davis
194 Carnival Court
Vallejo, CA 94589

The Honorable David M. Walker
Comptroller General of the United States
of America
451 G. Street, N.W.
Washington, DC 20548