**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES D. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 06-1712 (EGS) |
| ) | |
| GENE L. DODARO, ) | |
| Acting Comptroller General, ) | |
| ) | |
| Defendant. ) | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff James Moses filed this action on October 4, 2006 against the Comptroller General of the United States Government Accountability Office ("GAO" or the "agency") alleging, among other things, that the agency discriminated on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff seeks to represent a class of approximately 300 GAO auditors.

Defendant's prior motion to dismiss was denied in part and granted in part by this Court in a December 18, 2009 Memorandum Opinion in which the Court concluded plaintiff had sufficiently stated a cause of action under the ADEA with respect to "two specific, discrete allegedly discriminatory actions[.]" Mem. Op. at 48, Dec. 18, 2009. These two allegations form the only remaining viable portion of plaintiff's action. They are (1) an

1

allegation that plaintiff and others were discriminatorily denied increases in cost of living allowances ordinarily provided to GAO employees, and (2) an allegation that the GAO discriminatorily split the "Band II" employee pay classification into two separate categories.

After Moses was granted leave to file an amended complaint, defendant filed a renewed motion to dismiss and/or for summary judgment. Upon consideration of defendant's motion, the opposition and reply thereto, the applicable law, the entire record, and for the reasons stated below, the defendant's motion is hereby **GRANTED** in part and **DENIED** in part. Furthermore, plaintiff's request for discovery is **DENIED**, and plaintiff's motion for a continuance to seek discovery is **DENIED**.

### I.    Background

The relevant factual background is as follows: plaintiff was employed by the GAO from 1967 until his retirement in January 2010. For purposes of determining pay ranges, the GAO classifies its employees according to a "Band" system. At the time of his retirement, and at all times relevant to this litigation, plaintiff was employed as a "Band II" analyst.

In late 2005, the GAO restructured the Band II Analyst and Specialist positions within the agency. Specifically, these Band II employees were split into two separate categories: Band

IIA and Band IIB. Statement of Facts in Support of Defendant's Motion to Dismiss and/or for Summary Judgment ("Def.'s Statement of Facts") ¶¶ 6-7. As the agency explains, "[t]he employees who were placed in Band IIB would have greater leadership roles and responsibilities than the employees placed into Band IIA. Employees placed into Band IIB also had the potential for greater compensation than employees placed into Band IIA." Def.'s Mem. at 2. Plaintiff applied for placement into Band IIB, but his application was denied. Def.'s Statement of Facts ¶ 6. Effective January 2006, plaintiff was placed into Band IIA.

The parties disagree on why the GAO restructured its Band II employees. Plaintiff asserts that "the real criteria for selection [for Band IIB] was based upon age." Pl.'s Resp. to Mot. to Dismiss and Cross-Mot. for Recons. of Denial of Disc. ("Pl.'s Resp.") at 16; see also Am. Compl. ¶ 26 ("[T]he manipulation of the 'band system' has been used by management to purportedly justify announced de-facto demotions of persons over 50."). In addition, plaintiff claims that "[e]valuations were biased against older employees, and the resulting separation was to place virtually all older employees into a lower designation '[B]and IIA.'" Am. Compl. ¶ 71.

Defendant, on the other hand, asserts that the agency

"undertook this restructuring in an effort to modernize its compensation system by making it more market-based and performance oriented." Def.'s Mem. at 1-2. Defendant further asserts that "[t]o be eligible for placement into Band IIB . . . employees had to meet certain minimum requirements regarding their time in the Band and their recent performance appraisals." Def.'s Statement of Facts ¶¶ 8. Defendant identifies three "assessment factors" that the GAO used to determine whether an employee would be placed in Band IIA or Band IIB. Def.'s Statement of Facts ¶¶ 9-12.[1] In support of this assertion, the defendant has submitted the affidavits of the two individuals who were responsible for making the ultimate decision about whether an employee would be placed into Band IIA or Band IIB, namely Gene Dodaro, GOA's Chief Operating Officer at the time, and Sallyanne Harper, GAO's Administrative Officer/Chief Financial Officer. Def.'s Statement of Facts ¶¶ 14-19.

The salary maximum for Band IIA was lower than the salary maximum had been for Band II before the restructuring. In other words, for some employees who were placed in the Band IIA category, including plaintiff, their salary was higher than the

---

[1] The agency used a process to evaluate whether each employee belonged in Band IIA or Band IIB, beginning with an application by the employee, followed by a review and recommendation made by team directors, and ultimately a decision made by Gene Dodaro and Sallyanne Harper. Def.'s Statement of Facts ¶¶ 14-19.

applicable maximum.  The GAO did not reduce the salaries of
these employees whose pay exceeded the maximum rate for Band
IIA.  However, the GAO denied these employees, again including
plaintiff, the 2006 cost of living increase ("COLA"), amounting
to a 2.6 percent increase in pay, that was provided to the
majority of GAO employees.  Def.'s Statement of Facts ¶¶ 38-39.[2]

Some of the harms complained of by plaintiff with respect
to his salary and Band placement have been rectified in
subsequent years.  First, in March 2007, plaintiff was promoted
to the Band IIB category instead of Band IIA.  Second, Congress
enacted the Government Accountability Act of 2008 ("GAO Act of
2008" or "the Act") in September 2008.  Pub. L. No. 110-323, 122
Stat. 3539 (Sept. 22, 2008).  In the Act, Congress directed the
GAO to raise the salaries of employees who had been denied their
COLA in 2006 or 2007 to the level of pay that they would have
been receiving had they been granted the COLAs.  *See* Pub. L.
110-323, § 3(c), 122 Stat. 3541.  In addition, the Act directed
the GAO to provide employees who did not receive their 2006 or
2007 COLAs a lump sum payment equal to the sum of money (plus 4
percent) that they would have received had they been granted the
COLAs when they went into effect.  *See id.* § 3(d).  In

---

[2] The 2007 COLA was similarly denied, but plaintiff has not
alleged a claim based upon the 2007 COLA.

5

accordance with the provisions of the GAO Act of 2008, plaintiff's salary was increased by $3,323, and he also received a lump sum payment of $9,751.87.

**II.  Standard of Review**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Though the Court must draw all justifiable inferences in favor of the non-moving party in deciding whether there is a disputed issue of material fact, "[t]he mere existence of a scintilla of evidence in support of the [non-movant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. 242, 252.  "If the evidence is merely colorable, or is not

6

significantly probative, summary judgment may be granted." *Id.*
at 249-50 (internal citations omitted).

### III. Analysis

Plaintiff's remaining claims under the ADEA, based upon the
band restructuring and the denial of the COLAs, are both
challenged in defendant's motion.  First, defendant argues that
the Court does not have jurisdiction over the COLA claim.
Second, defendant argues that the plaintiff's COLA claim is
moot.  In addition to these two threshold arguments, defendant
seeks summary judgment on both of plaintiff's remaining claims.

After careful review of the parties' arguments and their
submissions, and as is explained further below, the Court
concludes that it does have jurisdiction over the COLA claim,
and plaintiff's COLA claim is not moot.  With respect to
defendant's motion for summary judgment, the Court concludes
that defendant is entitled to summary judgment insofar as
plaintiff asserts his claims of discrimination under a theory of
disparate treatment.  However, although plaintiff's disparate
treatment claim is hereby dismissed, his claim of discrimination
based upon a theory of disparate impact survives.

### A. Defendant's Threshold Challenges to the COLA Claim

### 1. Jurisdiction

Because plaintiff filed his action before the GAO Act of

2008 took effect, the Court must determine whether the Act is

retroactive.  In particular, § 3(g) of the Act provides that:

> This section constitutes the exclusive remedy that any
> individuals to whom this section applies . . . have
> for any claim that they are owed any monies denied to
> them in the form of a pay increase for 2006 or 2007
> under section 732(c)(3) of title 31, United States
> Code, or any other law. Notwithstanding any other
> provision of law, *no court or administrative body,*
> *including the Government Accountability Office*
> *Personnel Appeals Board, shall have jurisdiction* to
> entertain any civil action or other civil proceeding
> based on the claim of such individuals that they were
> due money in the form of a pay increase for 2006 or
> 2007 pursuant to such section 732(c)(3) or any other
> law.

Pub. L. No. 110-323, § 3(g), 122 Stat. 3452 (emphasis

added).  If the GAO Act of 2008 retroactively applies to

this case, the Court would lack jurisdiction in light of

the express language of § 3(g).

As this Circuit has explained, "in order to determine

whether a statute applies to a case that was filed prior to

passage of the statute, courts must determine whether the

statute is 'procedural' in nature, or whether it affects

'substantive entitlement to relief.'"  *LaFontant* v. INS,

135 F.3d 158, 163 (D.C. Cir. 1998) (citing *Lindh v. Murphy*,

521 U.S. 320, 327 (1997).  A jurisdictional statute that

"takes away no substantive right but simply changes the

tribunal that is to hear the case" is permissibly

retroactive.  *LaFontant*, 135 F.3d at 161 (quoting *Landgraf*

8

*v. USI Film Prods.*, 511 U.S. 244, 274 (1994)). However, a statute that is purportedly jurisdictional in nature but "affects substantive entitlement to relief" will be subject to the presumption against retroactivity. *Id.* at 163; *see also Hughes Aircraft Co. v. U.S.*, 520 U.S. 939, 951 (1997) ("[E]ven though [the statute is] phrased in 'jurisdictional' terms, [it] is as much subject to [the] presumption against retroactivity as any other.").

In *LaFontant*, the Circuit recognized that an agency proceeding was still available to the petitioner, holding that:

> [The statute in question] falls squarely onto the procedure side of the substance/procedure dichotomy established by the Supreme Court . . . for evaluating whether a statute has impermissible retroactive effects. Although [the statute] does give [petitioner's] agency proceedings greater finality than [petitioner] expected at the time they were held, [the statute] is not impermissibly retroactive because it does not attach new substantive legal consequences to those proceedings. It does not create new legal liabilities, deprive a party of a legal defense he would otherwise have had, or otherwise affect the substantive rights of the parties before this court. Rather, it simply speaks to the power of this court to hear an appeal from an agency decision. Thus, even if we accepted petitioner LaFontant's claim that he would have presented different arguments and evidence during his agency proceedings . . . this would not be sufficient to establish that [the statute] has an impermissible retroactive effect.

*LaFontant*, 135 F.3d at 165.

Unlike *LaFontant*, in which the petitioner was still permitted to seek relief in an agency proceeding, the statute in

9

the instant case bars plaintiff from relief in *any* tribunal.
The GAO Act of 2008 expressly states that "no court or
administrative body, including the Government Accountability
Office Personnel Appeals Board, shall have jurisdiction[.]"
Pub. L. No. 110-323, § 3(g), 122 Stat. 3542.  As such, it is not
merely a jurisdictional statute, but rather it also affects
substantive entitlement to relief.  Accordingly, in the absence
of an express provision to the contrary, the Court applies the
general presumption against retroactivity.  *See LaFontant*, 135
F.3d at 162-163.  Defendant's motion to dismiss the COLA claim
for lack of jurisdiction is therefore **DENIED**.

## 2. Mootness

Plaintiff does not dispute that the GAO Act of 2008
provided him with a lump sum payment equal to the COLA in 2006
(*i.e.* a 2.6 percent increase on his 2006 salary).  However,
plaintiff argues that he is still entitled to an appropriate
amount of interest.  Defendant makes two arguments in response
to plaintiff's assertion.  First, defendant argues that
plaintiff was already provided, pursuant to the GAO Act of 2008,
with a 4 percent increase on his COLA amount when he was given
the lump sum payment.  According to defendant, this was interest
on the COLA amount.  Furthermore, defendant argues that the GAO
Act of 2008 clearly provides that the salary increase and lump

sum already provided to plaintiff constituted the full amount to which plaintiff was entitled.

The purpose of the mootness doctrine is to "ensure[] that federal courts only decide ongoing cases and controversies." *Cody v. Cox*, 509 F.3d 606, 608 (D.C. Cir. 2007) (citing *Clarke v. United States*, 915 F.2d 699, 700-701 (D.C. Cir. 1990). "A case is moot when 'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.'" *United States v. Philip Morris USA*, Inc., 566 F.3d 1095, 1135 (D.C. Cir. 2009) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); see also *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) ("A case becomes moot when 'intervening events make it impossible to grant the prevailing party effective relief.'") (quoting *Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996)). "The burden of demonstrating mootness 'is a heavy one.'" *Daingerfield Island Protective Soc'y v. Lujan*, 920 F.2d 32, 36 (D.C. Cir. 1990) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "[E]ven the availability of a partial remedy is sufficient to prevent a case from being moot." *Byrd v. EPA*, 174 F.3d 239, 244 (D.C. Cir. 1999) (quoting *Calderon v. Moore*, 518

U.S. 149, 150 (1996)); *see also FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1034 (D.C. Cir. 2008).

There are two problems with defendant's argument that plaintiff's COLA claim is moot. First, although plaintiff concedes that he has received a lump sum payment, he does not concede that he has received the appropriate amount of interest on that amount. The GAO Act of 2008 does not state that the 4 percent increase is a payment of interest, nor does it explain how that percentage was selected. If plaintiff prevails on the underlying COLA claim, he should be given an opportunity to assert, and provide evidence, that (a) he is entitled to interest on the COLA, and (b) that the actual interest due on his COLA was greater than the 4 percent already provided to him. Second, defendant's reliance on the provisions of the GAO Act of 2008 are also unavailing because the statute is, as discussed above, not retroactive.

Accordingly, in light of the Court's conclusion that it has jurisdiction over plaintiff's COLA claim and that the claim is not moot, defendant's motion to dismiss this claim is hereby **DENIED.**

## B. Defendant's Motion for Summary Judgment

The Court now turns to defendant's argument that he is entitled to summary judgment on both the COLA claim and the Band

restructuring claim.  Section 633a of the ADEA requires that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).

As this Circuit has recently explained, "[p]laintiffs alleging age discrimination in violation of the ADEA may seek recovery under both disparate treatment and disparate impact theories of recovery."  *Aliotta v. Bair*, 614 F.3d 556, 561 (D.C. Cir. 2010) (citing *Smith v. City of Jackson*, 544 U.S. 228, 236-240 (2005).  With a disparate treatment claim, "plaintiffs seek to prove an employer *intentionally* treated some people less favorably than others because of their age."  *Id.* (emphasis added); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("The plaintiff's age must have actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.") (internal quotation marks omitted).  On the other hand, "in a disparate impact claim, plaintiffs challenge employment practices that are 'facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'"  *Aliotta*, 614 F.3d at 561-562 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604,

13

609 (1993).

Though inartfully pled, the Court concludes that plaintiff in his amended complaint appears to be attempting to bring his claims of discrimination under both a theory of disparate treatment as well as a theory of disparate impact.  Defendant's motion for summary judgment, however, only challenges the portion of plaintiff's claim that relies upon a disparate treatment theory of recovery.

Accordingly, as is discussed below, defendant's motion for summary judgment is **GRANTED** insofar as it relates to plaintiff's disparate treatment claim of discrimination.  However, the Court concludes that plaintiff's claim of discrimination based upon a disparate impact theory of recovery, to the extent he intended to assert one, remains intact.

### 1. Disparate Treatment

Once plaintiff has made out a prima facie case of age discrimination, the defendant "bears the burden of producing a non-discriminatory explanation for the challenged personnel action." *Ford v. Mabus*, 629 F.3d 198, 201 (D.C. Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973)).  After defendant has produced a legitimate, non-discriminatory reason for the action, plaintiff bears the burden of showing either that "the employer's reason is pretextual or

14

. . . that it was more likely than not that the employer was motivated by discrimination." *Id.* (citing *Forman v. Small*, 271 F.3d 285, 292 (D.C. Cir. 2001)).

At the summary judgment stage, "once [an] employer asserts a legitimate, non-discriminatory reason [for its challenged decision], the question whether the employee actually made out a prima facie case is no longer relevant." *Aliotta*, 614 F.3d at 563 (quoting *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008)). In other words, once an employer asserts a legitimate, nondiscriminatory explanation for the challenged action, "the district court need not - and should not – decide whether the plaintiff actually made out a prima facie case." *Id.* In this circumstance, the Court must assess "whether [the plaintiff] produced evidence sufficient for a reasonable jury to find that the employer's stated reason was not the actual reason and that the employer intentionally discriminated against [the plaintiff]." *Id.* at 564.

In the instant case, with respect to both plaintiff's COLA claim and the Band restructuring claim, defendant asserts that there were legitimate, non-discriminatory reasons for placing plaintiff in Band IIA and for denying his COLAs. Defendant accordingly argues that the Court should grant him summary judgment because no reasonable trier of fact could conclude that

Plaintiff was placed in Band IIA (and not Band IIB) or denied the COLA because of his age. *See* Def.'s Mem. at 18-21.

As evidence of the legitimate, non-discriminatory reason for placing plaintiff into Band IIA, defendant has submitted the declarations of Mr. Dodaro and Ms. Harper, the individuals who ultimately decided whether to place employees into Band IIA or Band IIB. In their declarations, both Mr. Dodaro and Ms. Harper state that "[e]mployees who applied for placement into Band IIB were evaluated against three assessment factors: 'Roles and Responsibilities,' 'Past Performance,' and 'Performance Potential.'" Decl. of Gene L. Dodaro ("Dodaro Decl.") ¶ 4; Decl. of Sallyanne Harper ("Harper Decl.") ¶ 2.

The Past Performance factor is of particular relevance here, because defendant asserts that plaintiff failed to meet its criteria and was therefore denied placement in Band IIB. For employees with more than three years' experience, such as plaintiff, the Past Performance factor consisted of two criteria. Employees were selected for Band IIB if they had either an "[u]pward trend in appraisal percentiles during fiscal years 2003-2005, and percentiles that were at least 50 for both fiscal years 2004 and 2005," or they had a "[d]ownward or uneven trend in appraisal percentiles during fiscal years 2003-2005, and percentiles that are at least 50 in any two years, and a

16

fiscal year 2005 percentile that is at least 45, and a fiscal year 2004-2005 [Standardized Rating Score] average that is at least 4.95 or a fiscal year 2004-2005 percentile average that is at least 50." Dodaro Decl. ¶ 6; Harper Decl. ¶ 4. Both Mr. Dodaro and Ms. Harper further state that they did not select any applicant for Band IIB placement who did not satisfy this Past Performance criteria. Dodaro Decl. ¶ 8; Harper Decl. ¶ 6. Mr. Dodaro and Ms. Harper assert that "[b]ecause Mr. Moses did not meet the Past Performance assessment factor, [they] decided that he would not be placed into Band IIB during the Band II restructuring." Dodaro Decl. ¶ 8; Harper Decl. ¶ 6.[3]

Similarly, defendant argues that it is entitled to summary judgment on the COLA claim because the "GAO made a[n] age-neutral and generally applicable decision not to award a COLA in 2006 to any employee in Band IIA, including Plaintiff, whose salary was higher than the maximum rate for that Band." Def.'s

---

[3] In particular, plaintiff "was at the 42nd percentile in fiscal year 2003, at the 33rd percentile in fiscal year 2004, and at the 53rd percentile in fiscal year 2005. Thus he did not meet the first criterion because he did not demonstrate an upward trend in his appraisal percentiles, nor were his percentiles for both 2004 and 2005 at least 50. While he met some of the factors in the second criterion, his appraisal percentiles were not at least 50 in any two years from 2003-2005, his [Standardized Rating Score] average for 2004 and 2005 was only 4.78, and his 2004-2005 percentile average was only 43. He therefore did not meet the second criterion either." Dodaro Decl. ¶ 7; Harper Decl. ¶ 5.

Mem. at 18.  In support of their assertion, defendant has submitted the affidavit of Shannon Anderson, employed by the GAO as a Human Capital Specialist in the Performance and Compensation Management Center of the Human Capital Office. Decl. of Shannon M. Anderson ("Anderson Decl.") ¶ 1.[4]  Ms. Anderson states in her declaration that "[plaintiff's] salary was above the maximum rate for a Band IIA employee in January 2006.  Consequently neither [plaintiff] nor any other employee above the maximum rate received the 2.6 percent cost of living adjustment (COLA) to their salaries for 2006."  Anderson Decl. ¶ 3.

The Court finds that defendant has thus produced legitimate, non-discriminatory reasons for placing plaintiff into Band IIA and denying the COLAs.  Accordingly, plaintiff – who ultimately bears the burden of proving that "discriminatory animus was the determining or but-for cause of the personnel action" – may satisfy his burden of proof "either indirectly by showing the employer's reason is pretextual or directly by showing that it was more likely than not that the employer was motivated by discrimination."  *Ford*, 629 F.3d at 201 (internal citations and quotation marks omitted).  Plaintiff has failed to

---

[4]  Ms. Anderson is "responsible for verifying the calculations of pay increases for GAO employees pursuant to GAO's pay orders and policies."  Anderson Decl. ¶ 1.

do so.  In response to defendant's motion for summary judgment
on his discrimination claims, plaintiff has supplied the Court
with nothing more than conclusory allegations of a
discriminatory animus, the majority of which have nothing to do
with plaintiff's surviving claims relating to the Band
restructuring and the COLA denials.

Plaintiff does not dispute that he did not meet the
criteria of the Past Performance factor used by Mr. Dodaro and
Ms. Harper.  Nor does he dispute that his salary was higher than
the maximum for Band IIA at the time he was placed into Band
IIA.  With respect to the non-discriminatory reasons asserted by
defendant for the Band restructuring and the denial of the
COLAs, plaintiff merely makes a few vague, unsupported
assertions that "whether [he] was placed into 'Band IIA' because
of his age or for meritorious reasons is a disputed fact."
Pl.'s Resp. at 15; *see also* Pl.'s Statement of Material Disputed
Facts (listing "[w]hether the purported bonafide [*sic*] selection
criteria at GAO are merely a subterfuge and camouflage for the
overriding policy of age discrimination" as a material disputed
fact without any elaboration).  As this Circuit has repeatedly
held, "a mere unsubstantiated allegation . . . creates no
genuine issue of fact and will not withstand summary judgment."
*Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993); *see also*

*Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Although, as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule.").

Plaintiff, who has not had the opportunity to seek discovery, also argues that summary judgment is inappropriate until discovery has been granted. Although plaintiff is correct that summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate discovery,'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)), a plaintiff who "offer[s] no specific reasons demonstrating the necessity and utility of discovery to enable her to fend off summary judgment" is not entitled to discovery. *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *see also Dunning v. Quander*, 508 F.3d 8, 10 (D.C. Cir. 2007) (upholding a grant of summary judgment for the defendant because plaintiff "failed to provide any persuasive reason for needing discovery"); *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (upholding a grant of summary judgment and holding that "[a] party making a [Rule 56(d)] request must 'state concretely'

20

why additional discovery is needed to oppose a motion for summary judgment.").

Plaintiff has failed to demonstrate the necessity of discovery to oppose defendant's motion for summary judgment. He merely asserts that disclosure of various information "would furnish evidence determinative of the relevant facts at issue in this action," Pl's. Resp. at 3, and that he has been denied access to data that would demonstrate "rampant age discrimination at the GAO." Pl.'s Resp. at 17. These and other similar statements by plaintiff utterly fail to "state concretely" why he is entitled to discovery in order to oppose defendant's motion for summary judgment. Furthermore, plaintiff has not provided the Court with any basis for doubting the veracity of the three declarations provided by the agency. As this Circuit held in *Strang*, "[w]ithout some reason to question the veracity of the affiants, . . . [plaintiff's] plea is too vague to require the district court to defer or deny dispositive action." *Strang*, 864 F.2d at 861; *see also Dunning* 508 F.3d at 10 ("Because [plaintiff] offers no reason to question the veracity of this affiant, no further discovery is required.") (internal quotation marks omitted).

Accordingly, defendant's motion for summary judgment is **GRANTED** insofar as it challenges plaintiff's claims of age

discrimination on a theory of disparate treatment, and plaintiff's motion for discovery is **DENIED.**

### 2. Disparate Impact

Although the Court concludes that defendant is entitled to summary judgment with respect to plaintiff's disparate treatment claims, the Court concludes that the Amended Complaint also appears to allege a claim based upon a disparate impact theory of recovery. "To establish a prima facie disparate impact claim under the ADEA, a plaintiff is not required to offer evidence the employer's action was the result of discriminatory intent, but need only offer statistical evidence of a kind and degree sufficient to show the employment decision disproportionately impacts older employees . . . . [B]y challenging the effect of specific employment practices, plaintiffs alleging disparate impact, like those in a disparate treatment pattern or practice case, are alleging the employer's practices have had a 'systemic adverse effect' on members of the class." *Aliotta*, 614 F.3d at 565.

In the instant case, plaintiff alleges that the evaluations used in the Band II restructuring "were biased against older employees, and the resulting separation was to place virtually all older employees into a lower designation '[B]and IIA.'" Am. Compl. ¶ 71. Regarding the denial of the COLAs, plaintiff

similarly alleges that it "had the effect of unequal protection of the laws as to the predominately older . . . Band II's selected for this special discriminatory treatment[.]" Am. Compl. ¶¶ 72. Plaintiff's argument in his opposition to defendant's motion for summary judgment further persuades the Court that plaintiff intends to allege a disparate impact claim. *See* Pl.'s Resp. at 2 ("[D]efendant would have the Court believe that the fact that all of the rejected employees, 320 of them who were all over 50, and substantially older than the selectees [for Band IIB] is merely a coincidence. This position is false[.]"); Pl.'s Resp. at 9 ("Following the announcement in fall of 2005 of the 'Band II Split' . . . a total of 320 employees, all of whom were performing satisfactorily, were classified in the lower, non-promotable Band IIA. . . . On information and belief, all of these employees were over 50[.]").

Defendant's motion to dismiss, or in the alternative for summary judgment, does not challenge a claim for discrimination on the basis of disparate impact. *See* Def.'s Mem. at 14-15. In particular, it does not challenge plaintiff's allegations that the Band II restructuring and the denial of the COLAs had a disparate impact on people over the age of 50, as the plaintiff repeatedly alleges. Defendant's motion for summary judgment is

based upon the assertion that the GAO had legitimate, non-discriminatory reasons for placing plaintiff in Band IIA and for denying his COLA.  However, "a plaintiff is not required to offer evidence the employer's action was the result of discriminatory intent" to prove a disparate impact claim of discrimination.  *Aliotta*, 614 F.3d at 565.  Defendant's motion for summary judgment therefore only addresses recovery on a theory of disparate treatment.  Accordingly, the Court concludes that plaintiff's claim of discrimination based on a disparate impact theory of recovery remains intact.

### IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss and/or for summary judgment is hereby **GRANTED** in part and **DENIED** in part.  Furthermore, plaintiff's request for discovery is **DENIED**, and plaintiff's motion for a continuance to seek discovery is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED**:      **Emmet G. Sullivan**
             **United States District Court Judge**
             **March 31, 2011**