UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES D. MOSES, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | 06-cv-01712 (RCL) |
| GENE L. DODARO, Acting Comptroller General, | ) ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

This case comes before the Court on the plaintiff's motion [146] for reconsideration of this Court's January 12, 2012 Memorandum Opinion, granting the defendant's motion for summary judgment. Upon consideration of the filings, the entire record herein and the relevant law, the Court will DENY the plaintiff's motion for reconsideration.

**II.   BACKGROUND**[1]

The plaintiff, a retired Government Accountability Office ("GAO") employee, filed the instant action alleging, among other things, discrimination on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The plaintiff alleges that the GAO discriminated against him in 2006 by restructuring its Band II employees into two categories, A and B. The plaintiff, who was placed into the lower paying B category, asserts that

---

[1] As this is the fourth Memorandum Opinion issued in this case, the Court will merely provide a brief overview of the six-year history of the plaintiff's claims. A more detailed description of the factual and procedural background can be found in this Court's January 12, 2012 Memorandum Opinion. *See Moses v. Dodaro*, 2012 WL 89861 (D.D.C. Jan. 12, 2012).

the GAO established this restructuring in an effort to "reshape the staff profile to eliminate a surplus of Senior Band II GAO analysts and specialists." Further, because of the new pay scale ranges associated with the restructuring, some Band IIB employees' salaries exceeded the applicable maximum for that position. The plaintiff fell into this category. Although no employees' salaries were reduced, the GAO denied these employees, again including the plaintiff, the 2006 cost-of-living allowance ("COLA") that most GAO employees received. Thus, the plaintiff alleges that the defendant additionally discriminated against him by failing to award him this COLA.

The plaintiff filed the instant action on October 4, 2006, seeking to represent a class of approximately 300 GAO auditors. In a December 2009 opinion, the Court (per Judge Sullivan) granted-in-part and denied-in-part without prejudice the defendant's motion to dismiss. The Court noted that the parties should present the Court with supplemental briefing on the impact, if any, of the Lilly Ledbetter Fair Pay Act of 2009. [2] The defendant, noting the recent statutory change, subsequently decided not to re-file their motion to dismiss on the grounds that the plaintiff's claim was untimely.

The plaintiff then filed an amended complaint, which the defendant moved to dismiss, or in the alternative, for summary judgment. The Court (per Judge Sullivan) granted the defendant's motion for summary judgment as it related to the plaintiff's disparate treatment claim of discrimination, and additionally denied the plaintiff's motion for discovery. The plaintiff's claim, as it related to a disparate impact theory of recovery, remained intact.

The defendant subsequently filed a renewed motion to dismiss, or in the alternative, motion for summary judgment, to address the remaining disparate impact discrimination claim.

---

[2] This Lilly Ledbetter Fair Pay Act modified the ADEA to clarify that a discriminatory compensation decision or other practice that is unlawful under the ADEA occurs each time compensation is paid pursuant to the discriminatory compensation decision or other practice.

The plaintiff filed a cross-motion for summary judgment, as well as a motion for reconsideration regarding the Court's denial of discovery of his disparate treatment claim. The Court, in its January 12, 2012 opinion, granted the defendant's motion for summary judgment and dismissed with prejudice the plaintiff's remaining claim. In that opinion, the Court also denied the plaintiff's motion for reconsideration of the denial of discovery.

The plaintiff now asks the Court to reconsider this most recent ruling on the grounds that 1) the Court misapprehended the plaintiff's responses to the defendant's reasonable factors other than age defense; 2) the Court used the wrong standard for denying discovery; 3) the law has changed within the six year duration of this case; and 4) the plaintiff discovered at least one new fact relevant to this litigation.

### III. ANALYSIS

#### A. Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure permits a party, within 28 days following entry of a judgment, to file a motion to alter or amend that judgment. Motions filed under Rule 59(e) are generally disfavored, and are granted only when the moving party establishes that extraordinary circumstances justify relief. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). A court need not grant such a motion unless it finds that there is an intervening change of controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998) (citations and quotation marks omitted). Such motions are not an opportunity to reargue facts and theories upon which a court has already ruled. *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

#### B. The Court Denies Plaintiff's Motion for Reconsideration

### 1. Misapprehension of Plaintiff's Responses

The Court dismissed the plaintiff's disparate impact claim of discrimination at the summary judgment stage for failing to address the defendant's affirmative defense. Specifically, the defendant asserted that the restructuring and COLA allotment decisions were attributable to reasonable factors other than age.

In his motion for reconsideration, the plaintiff first argues that the Court "misapprehended" his response to the defendant's argument. In support, the plaintiff asserts that he continually argued the defendant's reasoning was "pretext" and directs the Court to review nine pages of former pleadings in which he allegedly put forth these arguments. *See* Pl.'s Mot., Ex. 1.

Although not stated in his pleadings, the Court will assume the plaintiff is requesting its prior judgment be altered based on what he believes is "clear error." Courts have generally not defined what constitutes "clear error" under Rule 59(e). *See Lightfoot v. Dist. of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005). What can be learned from scarce case law on the subject is that clear error should conform to a "very exacting standard." *Id.* (quoting *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000)). District courts should have "a clear conviction of error" before finding a final judgment was predicated on clear error. *Id.* (internal citation omitted). The Seventh Circuit declared that a final judgment must be "dead wrong" to constitute clear error. *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Under this burdensome standard, plaintiff's argument falls short. The defendant put forth specific factors that it asserted were considered during the Band II restructuring process. Specifically, the defendant asserted that length of time in position and roles and responsibilities of the employee were weighed in the decision-making process. The plaintiff directs the Court to

numerous pleadings, some of which originated prior to the defendant asserting this defense, and merely circles the word "pretext." Additionally, parts of the plaintiff's attached exhibits do not even apply to his disparate impact theory of recovery. Therefore, the plaintiff has failed to evidence that the Court should correct what amounts to a clear error.

### 2. Plaintiff's Discovery Arguments

The Court dismissed the plaintiff's initial request for discovery in its March 31, 2011 Memorandum Opinion and later denied the plaintiff's request to reconsider this interlocutory ruling in its January 12, 2012 Memorandum Opinion. The plaintiff first argues that the Court erred by denying him discovery and refers the Court to the Federal Rules of Civil Procedure. Specifically, he references Rule 26 and 34, "which presuppose[] liberal discovery." He also references the record and depositions previously taken. Because a motion for reconsideration is not an opportunity for the plaintiff to reargue facts and theories, *New York*, 880 F. Supp. at 38, the Court is not persuaded by this argument.

The plaintiff goes on to argue that the Lilly Ledbetter Fair Pay Act of 2009 is new controlling law that should require the disclosure of company records regarding paychecks. Pl.'s Mot. at 7. This argument is even less persuasive, as the Court previously requested briefing on the Lilly Ledbetter Act's impact on this litigation back in 2009. The plaintiff did not raise this argument in any of his pleadings up until this point. As a general proposition, Rule 59(e) motions are not granted when losing parties enlist the motion to make new arguments that could have been raised prior to final judgment. *Taylor v. DOJ*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (internal citation omitted). The Court will not disturb this general rule.

The plaintiff next attempts to persuade the Court that two "recent" cases should affect the denial of discovery in this case. *See Bloomberg L.P. v. Bd. of Governors of Fed. Reserve*, 649 F.

Supp. 2d 262 (S.D.N.Y. 2009); *Artis v. Bernanke*, 630 F. 3d 1031 (D.C. Cir. 2011). The former case, originating out of the Second Circuit, is not controlling authority. Further, the latter case concerns an appeal of a motion to dismiss for failure to exhaust administrative remedies. The fact that it references a liberal discovery preference in Title VII cases is not an intervening change of controlling law. Additionally, both cases were available to the plaintiff prior to this Court's January 12, 2012 ruling. Thus, neither case presents the extraordinary circumstances necessary to justify the relief the plaintiff seeks here.

### 3. New Material Fact

The plaintiff last argues that his September 28, 2011 Freedom of Information Act ("FOIA") request for GAO Senior Executive Service bonuses retrieved relevant data that warrants discovery. Pl.'s Mot. at 3. The plaintiff argues that the bonus amounts in 2006 suggest that decision makers for the Band II restructure benefitted from older employees departure from GAO. *Id.*

Unfortunately for the plaintiff, his last argument also fails. The FOIA request returned information on October 17, 2011. This occurred well before the Court's ruling on January 12, 2012. Courts routinely deny Rule 59(e) motions where all relevant facts were known by the party prior to the entry of judgment and the party failed to present those facts. *See, e.g.*, *Indep. Petroleum Ass'n of Am. V. Babbitt*, 178 F.R.D. 323, 327 (D.D.C. 1998) (denial of Rule 59(e) motion was not an abuse of discretion when plaintiff's counsel knew all relevant facts prior to entry of judgment and failed to assert them), *aff'd,* 235 F.3d 588 (D.C. Cir. 2001). The plaintiff cannot now establish that the Court's decision granting the motion for summary judgment based upon the record before it was manifestly unjust where he took no action to amend his pleadings

or to introduce this new evidence until after the Court dismissed this case. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Payne v. District of Columbia*, 559 F.2d 809, 820 n.59 (D.C. Cir. 1977).

Moreover, even if the plaintiff had amended his pleadings to introduce this evidence, the Court would still have granted the defendant's motion for summary judgment. The FOIA request returned the total dollar amount of Senior Executive Service bonuses for the years 1984 to 2010. The plaintiff's conclusory assertions that the bonuses in 2006 were higher due to incentives for eliminating the positions of "older persons" do not make up for the failure to combat the defendant's affirmative defense. Further, the plaintiff's claim centers on the theory that he was essentially "demoted" into the lower paying Band IIB position; not that he was terminated to fund higher bonuses. The plaintiff was not fired during the restructure and maintained his position at the GAO until his retirement in 2010.

## V. CONCLUSION

For the reasons set forth above, the Court will DENY the plaintiff's motion [146] for reconsideration.

A separate Order and Judgment consistent with these findings shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on April 20, 2012.